# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

**KAOTICA IP CORP.**

*Plaintiff-Appellee*,

v.

**ICONIC MARS CORPORATION and
OLUSEYI JAMES OLALEYE,**

*Defendants-Appellants.*

Appeal from the United States District Court for the Southern District of California, No. 2:21-cv-00433-CAB-DEB
The Honorable Cathy Ann Bencivengo

## RESPONSE BRIEF OF APPELLEE KAOTICA IP CORP.

Kristin M. Adams
KILPATRICK TOWNSEND &
  STOCKTON LLP
1100 Peachtree Street, N.E.
Suite 2800
Atlanta, GA 30309
(404) 815-6138
kmadams@ktslaw.com

Kathleen R. Geyer
Dario A. Machleidt
KILPATRICK TOWNSEND &
  STOCKTON LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600
dmachleidt@ktslaw.com
kgeyer@ktslaw.com

*Attorneys for Appellee Kaotica IP Corp.*

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF INTEREST

**Case Number** 2025-1883

**Short Case Caption** Kaotica IP Corp. v. Iconic Mars Corporation

**Filing Party/Entity** Kaotica IP Corp.

---

**Instructions:**

1. Complete each section of the form and select none or N/A if appropriate.

2. Please enter only one item per box; attach additional pages as needed, and check the box to indicate such pages are attached.

3. In answering Sections 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance.

4. Please do not duplicate entries within Section 5.

5. Counsel must file an amended Certificate of Interest within seven days after any information on this form changes. Fed. Cir. R. 47.4(c).

---

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: 07/14/2025

Signature: /s/ Dario Machleidt

Name: Dario Machleidt

i

| 1. Represented Entities. Fed. Cir. R. 47.4(a)(1). | 2. Real Party in Interest. Fed. Cir. R. 47.4(a)(2). | 3. Parent Corporations and Stockholders. Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities.<br><br>☐ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities.<br><br>☑ None/Not Applicable |
| Kaotica IP Corp. | Kaotica Corporation | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

☐     Additional pages attached

**4. Legal Representatives.** List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47.4(a)(4).

☐ None/Not Applicable  ☐ Additional pages attached

| | | |
|---|---|---|
| X. Diego Wu Min (Kilpatrick) | | |
| | | |
| | | |

**5. Related Cases.** Other than the originating case(s) for this case, are there related or prior cases that meet the criteria under Fed. Cir. R. 47.5(a)?

☑ Yes (file separate notice; see below)  ☐ No  ☐ N/A (amicus/movant)

If yes, concurrently file a separate Notice of Related Case Information that complies with Fed. Cir. R. 47.5(b). **Please do not duplicate information.** This separate Notice must only be filed with the first Certificate of Interest or, subsequently, if information changes during the pendency of the appeal. Fed. Cir. R. 47.5(b).

**6. Organizational Victims and Bankruptcy Cases**. Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees). Fed. Cir. R. 47.4(a)(6).

☑ None/Not Applicable  ☐ Additional pages attached

| | | |
|---|---|---|
| | | |
| | | |

iii

# TABLE OF CONTENTS

CERTIFICATE OF INTEREST .................................................................i

TABLE OF CONTENTS ....................................................................iv

TABLE OF AUTHORITIES...............................................................vi

STATEMENT OF RELATED CASES ...................................................ix

INTRODUCTION............................................................................... 1

STATEMENT OF THE ISSUE.............................................................. 4

STATEMENT OF THE CASE .............................................................. 5

I.    Iconic stipulated that Exhibit 2 to the Stipulated
      Judgment was the Version 1 Comet. ....................................... 5

II.   Iconic did not raise any alleged mistakes in Exhibit 2 to
      the Stipulated Judgment throughout contempt
      proceedings. .................................................................... 10

III.  Iconic did not raise any alleged mistake in Exhibit 2 to
      the Stipulated Judgment in filing and litigating the
      Second Litigation against Kaotica. ...................................... 12

IV.   Iconic confirmed throughout trial in the Second Litigation
      that Exhibit 2 to the Stipulated Judgment is the Version
      1 Comet............................................................................ 14

V.    The first time Iconic raised any argument that Exhibit 2
      to the Stipulated Judgment was not the Version 1 Comet
      was almost three-and-a-half years after the District Court
      entered the Stipulated Judgment. ....................................... 17

STANDARD OF REVIEW.................................................................. 18

SUMMARY OF THE ARGUMENT ...................................................... 19

ARGUMENT .................................................................................. 19

I.    The District Court did not err in finding Rule 60(a) cannot be used to alter Exhibit 2 to the Stipulated Judgment. ................19

    A.    The District Court did not err in finding that it made no clerical mistake, oversight, or omission in entering Exhibit 2 to the Stipulated Judgment. ...................20

    B.    The District Court did not err since there can be no "clerical mistake" or "oversight or omission" under Rule 60(a) because the parties dispute whether Exhibit 2 accurately reflects the Version 1 Comet..............27

CONCLUSION .................................................................................31

CERTIFICATE OF COMPLIANCE........................................................33

# TABLE OF AUTHORITIES

**Cases**

*Blanton v. Anzalone,*
813 F.2d 1574 (9th Cir. 1987) ................................................. 18, 28

*Cardpool, Inc. v. Plastic Jungle, Inc.,*
817 F.3d 1316 (Fed. Cir. 2016) ..................................................... 18

*Casey v. Albertson's, Inc.,*
362 F.3d 1254 (9th Cir. 2004) ...................................................... 29

*D.C. v. County of San Diego,*
No. 18-CV-13-SBC, 2023 WL 8439559
(S.D. Cal. Dec. 5, 2023) ............................................................. 21

*Evans v. California Commission on Peace Officers Standards &
Training,*
No. 2:15-CV-01951-DJC-SCR, 2025 WL 1142437 (E.D.
Cal. Apr. 18, 2025), *appeal filed as Evans v. California
Commission on Peace Officers Standards & Training, et
al.,* No. 25-3154, D.E. 2.1 (9th Cir. May 16, 2025) .................. 24, 25

*Garamendi v. Henin,*
683 F.3d 1069 (9th Cir. 2012) ..................................... 2, 18, 20, 31

*Gerstein v. C.I.A.,*
No. C-06-4643 MMC, 2010 WL 669743 (N.D. Cal. Feb. 23,
2010) ............................................................................. 21, 23, 24

*Harman v. Harper,*
7 F.3d 1455 (9th Cir. 1993) ......................................................... 23

*Iconic Mars Corp. v. Kaotica Corp.,*
No. 25-1516 (Fed. Cir. Mar. 10, 2025) ......................................... viii

*Iconic Mars Corp. v. Kaotica Corp.,*
No. 3:22-cv-00092-CAB-DEB (S.D. Cal. Jan. 23, 2022) ............ viii, 2

*In re Fort Defiance Hous. Corp.*,
No. 2:05-BK-04534-PHX, 2011 WL 1578504 (D. Ariz. Apr.
27, 2011), *aff'd*, 489 F. App'x 181 (9th Cir. 2012) .................... 23, 28

*In re Google Assistant Priv. Litig.*,
No. 5:19-CV-04286-BLF, 2024 WL 5318838 (N.D. Cal.
Dec. 2, 2024) ................................................................................ 21

*In re Richards*,
No. 8:22-CV-01858-SB, 2025 WL 3125959 (C.D. Cal. Sept.
22, 2025), *reh'g denied sub nom. Richards v. Marshack*,
No. 8:22-CV-01858-SB, 2025 WL 3125958 (C.D. Cal. Oct.
22, 2025) ........................................................................................ 23

*In re Walter*,
282 F.3d 434 (6th Cir. 2002) ....................................................... 25

*Metso Mins. Inc. v. Terex Corp.*,
594 F. App'x 649 (Fed. Cir. 2014) ......................................... 18, 26

*Nelson v. Matrixx Initiatives, Inc.*,
No. C 09-02904 WHA, 2012 WL 4755025 (N.D. Cal. Oct. 4,
2012) .............................................................................................. 23

*Opticurrent, LLC v. Power Integrations, Inc.*,
No. 2021-1712, 2022 WL 539158 (Fed. Cir. Feb. 23, 2022) ........... 18

*Optional Cap., Inc. v. DAS Corp.*,
66 F.4th 1188 (9th Cir. 2023) ............................................ 1, 4, 20

*Tattersalls, Ltd. v. DeHaven*,
745 F.3d 1294 (9th Cir. 2014) ............................................ 20, 25

*United States v. Kaialau*,
No. CR 07-00108 DAE, 2012 WL 13059734 (D. Haw. June
26, 2012) ........................................................................................ 21

## Rules

Fed. Cir. R. 47.5...............................................................................................viii

Fed. R. Civ. P.
    11 ...................................................................................... 12, 29
    60(a) .................................................................................. *passim*

## Other Authorities

*Federal Practice & Procedure–CIVIL RULES: 2010 Quick
    Reference Guide,*
    Vol. 12B (2010) ...........................................................................23

# STATEMENT OF RELATED CASES

Pursuant to Federal Circuit Rule 47.5, no other appeal in or from this civil action was previously before this or any other appellate court. The Stipulated Judgment at issue in this appeal forms the basis for claims asserted in *Iconic Mars Corporation v. Kaotica Corporation*, No. 3:22-cv-00092-CAB-DEB (C.D. Cal.), from which Appellant Iconic Mars and its attorney, Mr. Stephen M. Lobbin as a sanctioned party, have noticed an appeal to this Court. *See Iconic Mars Corporation v. Kaotica Corp.*, No. 25-1516, D.E. 1-2 (Fed. Cir. Mar. 10, 2025) (the "Second Appeal"). The Federal Circuit deactivated the Second Appeal on March 10, 2025, and has not reactivated it. *Id.*, D.E. 2.

# INTRODUCTION

Rule 60(a) allows for correction of a narrow subset of "clerical mistakes" or "mistake[s] arising from oversight or omission" found in a judgment. Fed. R. Civ. P. 60(a). "[T]he rule is limited to ensuring that the final judgment correctly captures the rulings that the district court *actually* made" and cannot be used to change the district court's mind. *Optional Cap., Inc. v. DAS Corp.*, 66 F.4th 1188, 1191 (9th Cir. 2023) (emphasis in original).

The Honorable Cathy Ann Bencivengo ("Judge Bencivengo") of the United States District Court for the Southern District of California (the "District Court") faithfully entered the Amended Stipulated Judgment and Permanent Injunction ("Stipulated Judgment") submitted by the parties to resolve the lawsuit between them. Appx2–3; Appx219–35. On October 27, 2021, the parties jointly moved the District Court to enter the Stipulated Judgment, and the District Court did so without modification the next day. Appx9. Judge Bencivengo made no clerical mistakes, oversights, or omissions in entering the Stipulated Judgment,

and Iconic[1] does not allege that she did so. Therefore, the Stipulated Judgment "reflect[s] the contemporaneous intent of the district court" without need for modification. *Garamendi v. Henin*, 683 F.3d 1069, 1080 (9th Cir. 2012) (emphasis added).

Central to the Stipulated Judgment was a permanent injunction prohibiting Iconic from manufacturing, using, selling, offering for sale, advertising, promoting, distributing, and importing the Accused Products after January 1, 2022. Appx221 ¶¶ 4, 8; Appx2. The parties twice stipulated that the Accused Product is the "Iconic Mars Comet shown in Exhibit 2" to the Stipulated Judgment, *i.e.*, the Version 1 Comet, and included the same Exhibit 2 in both filings almost two weeks apart. Appx338 ¶ 13; Appx353; Appx368 ¶ 4; Appx382.

Throughout the next three-and-a-half years, the parties litigated disputes related to the Stipulated Judgment without any challenges to the definition of the Accused Products. The parties had multiple disputes about the scope and import of the Stipulated Judgment, culminating in contempt proceedings and a second lawsuit, *Iconic Mars Corp. v. Kaotica*

---

[1] "Iconic" refers collectively to Iconic Mars Corporation and Oluseyi James Olaleye.

*Corp.*, No. 3:22-cv-00092-CAB-DEB (S.D. Cal. Jan. 23, 2022) (the "Second Litigation"). Appx9–10; Appx513–26. Even though trial in the Second Litigation, Iconic maintained that Exhibit 2 to the Stipulated Judgment correctly showed the accused Version 1 Comet. Appx557–58.

Iconic waited almost a full year after trial in the Second Litigation and three-and-a-half years after the District Court entered the Stipulated Judgment to "correct" Exhibit 2 to the Stipulated Judgment. Iconic now contends that Exhibit 2 does not show the Version 1 Comet but, instead, is a picture of the redesigned Version 2 Comet. Even though Exhibit 2 was included in a prior version of the Stipulated Judgment filed almost two weeks before the final version at issue here was filed, Iconic asserts it never saw this mistake prior to filing the Stipulated Judgment. Iconic also does not attempt to explain why it did not recognize the mistake post-filing despite the over three years of litigation related to the Accused Products and the Stipulated Judgment nor why it agreed Exhibit 2 correctly showed the Version 1 Comet during trial in the Second Litigation. The District Court correctly denied Iconic's motion under Rule 60(a), finding that the "requested alteration of the entered Judgment is not the result of a clerical error or oversight or omission by the Court"

because the "Court entered the Judgment as stipulated by the parties." Appx2–3.

Iconic acknowledges the abuse-of-discretion standard of review but does not identify any clear error in the District Court's conclusion that Rule 60(a) cannot be used to correct the alleged "mistake" Iconic identifies. The District Court accurately noted that the relief Iconic seeks is not to correct a clerical error but to change the findings made in the Stipulated Judgment as to the scope of the Accused Products. Appx610–11. Indeed, the parties dispute whether there is any "mistake" at all, requiring the Court to examine evidence and argument not before it when it entered the Stipulated Judgment. Rule 60(a) simply "does not provide an opportunity" for Iconic to ask "the district court to 'change[] its mind.'" *Optional Cap.*, 66 F.4th at 1192 (alteration in original).

This Court should thus affirm the District Court's order denying Iconic's Motion to Correct Mistake in Stipulated Judgment.

**STATEMENT OF THE ISSUE**

The sole issue on appeal is whether the District Court abused its discretion in denying Iconic's Motion to Correct Mistake in Stipulated Judgment under Rule 60(a) where the District Court entered the

Stipulated Judgment in the form to which all parties stipulated, including Defendants-Appellants.

## STATEMENT OF THE CASE

**I.  Iconic stipulated that Exhibit 2 to the Stipulated Judgment was the Version 1 Comet.**

March 11, 2021, Kaotica IP Corp. (collectively with Kaotica Corporation, "Kaotica") sued Iconic Mars Corporation and its principle, Oluseyi James Olaleye, for infringement of numerous Kaotica intellectual property rights, including patents, registered copyright, and the trade dress for the external appearance of the Kaotica Eyeball product. *See generally* Appx13–68. The product accused of infringing Kaotica's patent and trade dress rights is shown below:

**Defendants' Infringing Product**



Appx78.

To resolve that lawsuit, on October 15, 2021, the parties jointly submitted a Stipulated Judgment and Permanent Injunction. Appx337–53. Stephen M. Lobbin signed the Stipulated Judgment and Permanent Injunction on behalf of Defendants Iconic and Mr. Olaleye. Appx341. That Stipulated Judgment and Permanent Injunction defined "Accused Products" as the "Iconic Mars Comet shown in Exhibit 2 hereto." Appx338. The image in Exhibit 2 is shown below:



Appx353.

After a hearing where the District Court ordered the parties "to resubmit stipulation" (Appx9 at Dkt. 39), the parties jointly submitted a revised Stipulated Judgment and Permanent Injunction. Appx354–59. Despite referencing Exhibit 1 and Exhibit 2 in the revised Stipulated Judgment and Permanent Injunction, no exhibits were attached. Appx355–56 ¶¶ 3.i, 4. The District Court entered that stipulation. Appx360–65.

The next day, the parties jointly submitted an Amended Stipulated Judgment and Permanent Injunction, this time including Exhibit 1 and Exhibit 2 referenced therein. Appx366–82. The Amended Stipulated

Judgment and Permanent Injunction was again signed by Mr. Lobbin on behalf of Defendants Iconic and Mr. Olaleye. Appx371. In the Amended Stipulated Judgment and Permanent Injunction, the parties agreed that the "Iconic Mars Comet shown in Exhibit 2" was the Accused Product subject to a permanent injunction after January 1, 2022 (the "Version 1 Comet"). Appx221 ¶¶ 4, 8; Appx2. Exhibit 2 contained the same image of the accused Version 1 Comet as in the original proposed stipulated judgment:



Appx382.

Despite the fact that Exhibit 2 was included in a prior version of the Stipulated Judgment, Mr. Lobbin claims that he did not review or

ask to review Exhibit 2 to any version of the Stipulated Judgment prior to authorizing counsel for Kaotica to file. Appx447 ¶¶ 18–21; Br. at 16 ("Iconic never received from Kaotica the image of Exhibit 2 before Kaotica filed the Stipulated Judgment."); Appx611:3–12 (noting that counsel "signing off and having your client sign off on a stipulated judgment" "had every responsibility . . . to review it and make sure it was correct"); *see also id.* at Appx613:24–Appx614:13. Nevertheless, Iconic, though Mr. Lobbin, "consented to a judgment against them for trade dress infringement and a permanent injunction from further sales after December 31, 2021 of the Accused Products." Appx2–3.

The District Court entered that Amended Stipulated Judgment and Permanent Injunction the same day without modification (the "Stipulated Judgment"). Appx219–35.

Iconic did not raise any concerns about the product shown in Exhibit 2 to the Stipulated Judgment throughout these negotiations, despite the fact that Exhibit 2 was "critical . . . to [the] Stipulated Judgment and Injunction." Appx3. The District Court found that it was "inexplicable . . . how if the depiction in Exhibit 2 of the Accused Product in the Stipulated Judgment is the Defendants' later product it could have

gone unnoticed by the Defendants and their counsel at the time the Judgment was executed and filed." Appx2.

## II. Iconic did not raise any alleged mistakes in Exhibit 2 to the Stipulated Judgment throughout contempt proceedings.

In February 2022, Kaotica alleged that Iconic did not comply with the injunction in the Stipulated Judgment. Appx383–411. Specifically, Kaotica alleged that, *inter alia*, Iconic continued to advertise and offer the Version 1 Comet for sale in violation of Section 8 of the Stipulated Judgment and moved for contempt. Appx387–88; Appx2. "Prominently displayed in Kaotica's motion [for contempt] are references to and pictures of Exhibit 2 from the Stipulated Judgment identifying the Accused Product and comparing it to Defendants' asserted new version of the Comet." Appx2; Appx390, Appx391, Appx398–400, Appx402. For example, Kaotica argued that the New Product (*i.e.*, Version 2 Comet) "is not more than colorably different from the Accused Products [shown in Exhibit 2 to the Stipulated Judgment]—indeed, it is almost identical." Appx398.



| New Product | Accused Products |
|---|---|

Appx391.

Iconic opposed that motion, "strenuously advocat[ing] that Iconic's new product was fundamentally different from the Accused Product subject of the Stipulated Judgment and inunction." Appx2. Whether the Version 1 or Version 2 Comet was being sold or offered for sale in violation of the Stipulated Judgment was discussed extensively in the March 24, 2022 hearing on this issue. *See generally* Appx412–42.

At no point during these proceedings did Iconic raise any issues or concerns regarding Exhibit 2 to the Stipulated Judgment. Iconic never asserted that Exhibit 2 showed anything but the Version 1 Comet. Appx2. The District Court found "inexplicable" how any alleged error to Exhibit 2 of the Stipulated Judgment "went unnoticed and unaddressed during the contempt proceedings despite the intense focus on the appearance of

the Accused Product and Defendants' asserted redesigned product."

Appx2.

## III. Iconic did not raise any alleged mistake in Exhibit 2 to the Stipulated Judgment in filing and litigating the Second Litigation against Kaotica.

On January 23, 2022, Iconic brought the Second Litigation[2] against

Kaotica for, *inter alia*, breach of the Stipulated Judgment. Appx513–524.

Iconic asserted that Iconic and Kaotica "entered into a valid contract via

the Stipulated Judgment." Appx520 ¶ 46. Iconic attached "a true and

correct copy of the Stipulated Judgment" to the complaint. Appx514 ¶ 7.

Notably, Iconic alleged, "In the Stipulated Judgment, the parties

specifically delineated the Accused Products"—that is by defining

Accused Products in Exhibit 2 to the Stipulated Judgment. Appx514 ¶ 8.

Despite Iconic's and Mr. Lobbin's Rule 11 obligations to conduct pre-suit

---

[2] Mr. Lobbin frames his filing of the Second Litigation as brought in "good faith," quoting cases stating that counsel should not be sanctioned "unless there is no colorable defense." Br. at 9 n.5 (citations omitted). That is irrelevant to the issue under Rule 60(a) presented here. This Court need not consider whether Mr. Lobbin engaged in sanctionable behavior in the Second Litigation to resolve the sole issue on appeal here. However, despite not being a party in this appeal, Mr. Lobbin is an appellant as a sanctioned party in the Second Appeal and may be previewing arguments that he may raise in his personal capacity as a sanctioned party in the Second Appeal due to the District Court's grant of sanctions against Mr. Lobbin. *See generally* Appx578–94.

investigations, at no time did Iconic assert there was a mistake with Exhibit 2 to the Stipulated Judgment.

Exhibit 2 to the Stipulated Judgment was at the heart of the disputes in the Second Litigation and was discussed throughout. For example, Iconic moved for summary judgment that Kaotica breached the Stipulated Judgment. Appx529–43. Iconic again acknowledged that, "[i]n the Stipulated Judgment, the parties specifically delineated the single Accused Product (which [Iconic] was permitted to continue selling '[p]rior to January 1, 2022')." Appx531 (third alteration in original). Iconic argued that it continued to sell the "'Old Comet' Accused Product" "[a]s permitted by the Stipulated Judgment." *Id.*

Despite litigating breach of the Stipulated Judgment and repeatedly relying on Exhibit 2 from the inception of the Second Litigation, Iconic again never raised any purported "mistake" with the image contained therein through discovery or summary judgment in that case.

**IV. Iconic confirmed throughout trial in the Second Litigation that Exhibit 2 to the Stipulated Judgment is the Version 1 Comet.**

The Second Litigation proceeded to trial in June 2023, including on breach of the Stipulated Judgment. During direct examination at trial, counsel for Iconic showed Mr. Olaleye Exhibit 2 of the Stipulated Judgment and asked Mr. Olaleye to confirm which version of the Comet was shown in that image. Appx547:18–Appx548:5. Mr. Olaleye answered, "This is Version 2, not Version 1." *Id.* The District Court attempted to help Mr. Olaleye clarify that answer if needed, reminding Mr. Olaleye that "this is the exhibit to the stipulated judgment that was the accused product. I think you might want to consider your response." Appx548:6–10. Counsel for Iconic, however, chose to move on. Appx548:11.

Later, counsel for Iconic attempted to downplay Mr. Olaleye's error[3] and confirmed to the District Court that "the product in the stipulated

---

[3] For context, Mr. Olaleye's confusion in the Second Litigation as to which images were the Version 1 and which were the Version 2 is due to the fact that the external portions of the two Comet products are identical or substantially similar. It is further confounded by the fact that Iconic has given contradicting statements in sworn interrogatory responses and at Iconic's deposition in the Second Litigation concerning the differences in the Version 1 and Version 2. Appx475–76 (identifying the only

judgment, everyone agrees, is the Version 1," referring back to Mr. Olaleye's testimony stating it was Version 2. Appx557:15–19. Counsel for Iconic confirmed "it [Version 2] didn't exist. It wasn't being sold at the time, so it was not Version 2. It was Version 1. Everything was clear about that. That was the product at issue in the lawsuit, so obviously it can't be Version 2." Appx557:23–Appx558:2.

During closing arguments, consistent with what counsel for Iconic told the District Court, counsel for Kaotica told the jury that Exhibit 2 to the Stipulated Judgment was the Version 1 Comet and that Mr. Olaleye confused it for the Version 2 Comet. Appx568:11–Appx569:10. Kaotica pointed out that if Mr. Olaleye, the Chief Executive Officer of Iconic, did not know the difference between pictures of the Version 1 and Version 2 Comet, others would not either. Appx568:11–Appx569:19.

During Iconic's closing, counsel for Iconic reversed course from what he had previously told the District Court and argued to the jury for

"differences in aesthetic design of the Version 1.0 Comet and the Version 2.0 Comet is the inner cavity"), Appx472:6–13 (testifying at deposition that the only differences between the Version 1 and Version 2 Comets are "the higher density and the ridging in the inner cavity"), & Appx481:12–Appx483:7, Br. at 6 n.1 (representing the Version 2 Comet "is more oblong and angular at the base" than the Version 1 Comet).

the first time that Kaotica "wrote the agreement, so if they attached the wrong product to the agreement, who is doing the shenanigans?" Appx572:24–Appx573:3. The District Court noted that was "an improper argument for which there's absolutely no basis." Appx573:4–Appx574:20. At sidebar, counsel for Iconic, Mr. Lobbin, agreed that "the intent of the agreement" was to "attach[] a picture of the Version 1 of the Comet that was available at the time that it was the accused product." *Id.* Counsel did not argue that Exhibit 2 to the Stipulated Judgment was incorrect and showed the Version 2 Comet but asserted (incorrectly) that counsel for Kaotica had made that argument. *Id.* The District Court rejected Iconic's argument and instructed the jury that the Stipulated Judgment "attached, as a picture, an exhibit, a photograph of the Comet Version 1 that was the accused product that the parties agreed infringed the trade dress." Appx574:5–20. When counsel for Iconic continued his closing argument, he agreed with District Court's instruction: "That's my point. Stipulated judgment was about Version 1. 2021, Version 1. . . . Agreement is about Version 1. Everything else is Version 2. I just want to make that clear." Appx574:21–25.

Throughout trial, Iconic maintained that Exhibit 2 to the Stipulated Judgment showed the Version 1 Comet and that Mr. Olaleye's testimony was the mistake—not the Stipulated Judgment. *See, e.g.*, Appx557:15–22.

## V. The first time Iconic raised any argument that Exhibit 2 to the Stipulated Judgment was not the Version 1 Comet was almost three-and-a-half years after the District Court entered the Stipulated Judgment.

Despite years of litigating issues relating to the Stipulated Judgment in both the underlying case and the Second Litigation, Iconic did not once allege that Exhibit 2 to the Stipulated Judgment contained any mistake. Instead, Iconic first argued that "Exhibit 2, the identified Accused Product, is not what Kaotica accused of infringement in 2021, but depicts the redesigned product Defendants launched for sale in 2022" over three years after the District Court entered the Stipulated Judgment. Appx2.

Iconic's Corrected Opening Brief (Br.) contains extensive quotations of its motion and the District Court's order denying Iconic's motion, which Kaotica does not reproduce here. Br. at 10–11. Most relevant to this appeal, the District Court correctly held that Iconic's "requested alteration of the entered Judgment is not the result of a clerical error or

oversight or omission by the Court" and that "[t]he Court entered the Judgment as stipulated by the parties." Appx2–3. Thus, "Rule 60(a) does not apply in these circumstances." Appx3.

## STANDARD OF REVIEW

Because whether there "was a clerical mistake subject to correction under Rule 60(a)" is "not an issue unique to patent law, . . . [this Court] appl[ies] the law of the regional circuit, in this case," the Ninth Circuit. *Metso Mins. Inc. v. Terex Corp.*, 594 F. App'x 649, 651–52 (Fed. Cir. 2014). In the Ninth Circuit, "[t]he standard of review for [a] Rule 60(a) claim is abuse of discretion." *Garamendi v. Henin*, 683 F.3d 1069, 1077 (9th Cir. 2012) (quoting *Blanton v. Anzalone*, 813 F.2d 1574, 1577 (9th Cir. 1987)). A district court abuses its discretion "when its decision rests on an error of law or its 'application of the law to the facts was illogical, implausible, or without support in inferences that may be drawn from the facts in the record.'" *Opticurrent, LLC v. Power Integrations, Inc.*, No. 2021-1712, 2022 WL 539158, at *4 (Fed. Cir. Feb. 23, 2022) (quoting *Cardpool, Inc. v. Plastic Jungle, Inc.*, 817 F.3d 1316, 1321 (Fed. Cir. 2016) (internal quotation marks and citation omitted)).

- 18 -

## SUMMARY OF THE ARGUMENT

The District Court made no error denying Iconic's Motion to Correct Mistake in Stipulated Judgment under Rule 60(a) because the District Court entered the Stipulated Judgment as submitted by the parties. The Stipulated Judgment thus reflects the intent of the District Court without need for modification. Instead, Iconic asked the District Court to amend its factual findings in the Stipulated Judgment based on new evidence and argument. Such requests for the District Court to change its mind cannot be brought under Rule 60(a). Iconic sets forth no other basis for its appeal.

Because the District Court neither erred nor abused its discretion in denying Iconic's motion to correct under Rule 60(a), this Court should affirm the District Court's order in its entirety.

## ARGUMENT

I. **The District Court did not err in finding Rule 60(a) cannot be used to alter Exhibit 2 to the Stipulated Judgment.**

The District Court correctly held that "Rule 60(a) does not apply" to change Exhibit 2 to the Stipulated Judgment. Appx2–3. Rule 60(a) can only be used to correct a judgment made by a "clerical mistake" or "a mistake arising from oversight or omission." Fed. R. Civ. P. 60(a). The

District Court found that no such mistake was made here, and Iconic has not shown any clear error with the District Court's finding.

### A. The District Court did not err in finding that it made no clerical mistake, oversight, or omission in entering Exhibit 2 to the Stipulated Judgment.

Rule 60(a) is "limited to ensuring that the [court's order] correctly captures the rulings that the district court *actually* made." *Optional Cap.*, 66 F.4th at 1191–92 (emphasis in original). In determining whether a mistake may be corrected under Rule 60(a), "'[the Ninth Circuit] focuses on what the court *originally intended* to do." *Id.* (quoting *Tattersalls, Ltd. v. DeHaven*, 745 F.3d 1294, 1297 (9th Cir. 2014)). Changes made pursuant to Rule 60(a) "must reflect the contemporaneous intent *of the district court* as evidenced by the record." *Garamendi*, 683 F.3d at 1080 (emphasis added).

In this case, the District Court intended to enter the parties' Stipulated Judgment as that judgment was submitted to the District Court. Appx2–3. That is what it did: "[t]he Court entered the Judgment as stipulated by the parties." *Id.*; *compare* Appx366–82*, with* Appx219–35. Iconic does not argue otherwise. Therefore, the Stipulated Judgment reflects the contemporaneous intent of the District Court, and there is no

error to be corrected under Rule 60(a). *See, e.g., United States v. Kaialau*, No. CR 07-00108 DAE, 2012 WL 13059734, at *2 (D. Haw. June 26, 2012) ("Here, Defendant does not allege that the court made a clerical mistake, and the Court's Order . . . recorded what the Court intended. Accordingly, Rule 60(a) is inapplicable here.").

Other courts routinely deny relief under Rule 60(a) when the Court accurately entered orders based on joint motions by parties. *See, e.g., D.C. v. County of San Diego*, No. 18-CV-13-SBC, 2023 WL 8439559, at *7 (S.D. Cal. Dec. 5, 2023) (denying joint motion and stipulation to correct under Rule 60(a) because there was no "blunder in execution" in the entry of dismissal "grant[ing] the precise relief the Parties sought"); *Gerstein v. C.I.A.*, No. C-06-4643 MMC, 2010 WL 669743, at *10 (N.D. Cal. Feb. 23, 2010) (denying Rule 60(a) motion to set aside court's dismissal based on a stipulation of the parties because the court's order was consistent with the stipulation); *see also In re Google Assistant Priv. Litig.*, No. 5:19-CV-04286-BLF, 2024 WL 5318838, at *2 (N.D. Cal. Dec. 2, 2024) (finding "Google's request [to clarify class definition] is not an appropriate invocation of Rule 60[(a)]" because "the Court adopted Plaintiffs' proposed class definition without change" and "the Parties have been

operating without issues based on a common understanding of the class definition for nearly two years").

Iconic, however, sought relief under Rule 60(a) not based on fidelity to the *District Court's* original intent but "to reflect the contemporaneous, mutual intent *of the parties*" despite (i) Iconic's failure to cite any record evidence of the parties' alleged "mutual" mistake, (ii) Iconic's disregard for Kaotica's record evidence supporting the accuracy of the Stipulated Judgment as entered, and (iii) Kaotica's consistent position that the Stipulated Judgment reflects the agreement of the parties when entered.[4] Br. at 12 (emphasis added); *see also id.* (arguing that this was "simply a mistake by human beings on both sides of the 'V'"); *infra* Section I.B. (detailing Kaotica's record evidence and argument against mutual mistake). Iconic essentially argues that there is a factual mistake in what is shown in Exhibit 2. Br. at 14. The District Court correctly found that Iconic "want[s] to change the finding in the [Stipulated Judgment]," and that "[t]his was not a clerical mistake" such that Rule 60(a) did not apply. Appx610:19–25.

---

[4] That the parties dispute whether any factual error was made further removes this dispute from the ambit of Rule 60(a). *See infra* Section I.B.

"Factual errors . . . are not the clerical errors or oversights remedied by Rule 60(a)." *Nelson v. Matrixx Initiatives, Inc.*, No. C 09-02904 WHA, 2012 WL 4755025, at *1 (N.D. Cal. Oct. 4, 2012). "[W]here the judgment was entered accurately, but ought to have been done differently, Rule 60(a) does not apply." *In re Fort Defiance Hous. Corp.*, No. 2:05-BK-04534-PHX, 2011 WL 1578504, at *4 (D. Ariz. Apr. 27, 2011) (quoting *Federal Practice & Procedure–CIVIL RULES: 2010 Quick Reference Guide,* Vol. 12B, at 939 (2010)), *aff'd*, 489 F. App'x 181 (9th Cir. 2012). Iconic has thus failed to "demonstrate that there was a 'clerical mistake' and that the correction is necessary 'to conform the judgment to the original intention of the court.'" *In re Richards*, No. 8:22-CV-01858-SB, 2025 WL 3125959, at *2 (C.D. Cal. Sept. 22, 2025) (quoting *Harman v. Harper*, 7 F.3d 1455, 1457 (9th Cir. 1993)), *reh'g denied sub nom. Richards v. Marshack*, No. 8:22-CV-01858-SB, 2025 WL 3125958 (C.D. Cal. Oct. 22, 2025).

Iconic otherwise only takes issue with the District Court's citation to *Gerstein v. C.I.A.* as "inapposite," "unprecedented," and "erroneous" because in *Gerstein* the parties had allegedly not "discussed or intended" their stipulation to dismiss a claim. Br. at 14; *Gerstein*, 2010 WL 669743,

at \*10. Iconic is incorrect. To the contrary, the court denied a Rule 60(a) motion to set aside dismissal of a claim—despite that the dismissal was not anticipated by the parties as a result of their stipulation—because the court's order was consistent with the parties' stipulation. *Gerstein*, 2010 WL 669743, at \*10. Because the court faithfully entered the parties' stipulation, Rule 60(a) did not apply. *Id.* In the instant case, just as in *Gerstein*, Iconic seeks to modify the Stipulated Judgment based on alleged confusion of the parties, but *Gerstein* confirms that such mistakes are not actionable under Rule 60(a). *Gerstein*, 2010 WL 669743, at \*10.

Moreover, Iconic failed to cite any case contradicting the well-accepted principle that Rule 60(a) cannot be used to change a district court's judgment accurately entering the parties' stipulation. Instead, the cases Iconic cites confirm that Iconic cannot use Rule 60(a) to change Exhibit 2 to the Stipulated Judgment.

Iconic relies on *Evans v. California Commission on Peace Officers Standards & Training*, in which that district court, quoting the Ninth Circuit, confirmed, "In determining whether a mistake may be corrected under Rule 60(a), our circuit focuses on what ***the court*** originally intended to do." No. 2:15-CV-01951-DJC-SCR, 2025 WL 1142437, at \*16

(E.D. Cal. Apr. 18, 2025) (emphasis added) (quoting *Tattersalls, Ltd. v. DeHaven*, 745 F.3d 1294, 1297 (9th Cir. 2014) (citation modified)), *appeal filed as Evans v. California Commission on Peace Officers Standards & Training, et al.*, No. 25-3154, D.E. 2.1 (9th Cir. May 16, 2025).[5] In *Evans*, the parties sought to change the jury verdict's total damages award based on alleged inconsistencies in the jury's calculation. *Id.* at *16–17. That district court denied the Rule 60(a) motion because it found the "Jury correctly followed the instructions of the Court" and denied the motion under Rule 60(a). *Id.* at *17. The same logic applies here. The District Court accurately entered the Stipulated Judgment as the parties requested. Appx2–3; *compare* Appx366–82, *with* Appx219–35. "Relief under Rule 60(a) is thus not appropriate." *Evans*, 2025 WL 1142437, at *17.[6]

---

[5] No briefing has yet occurred in that appeal.

[6] *In re Walter* is a Sixth Circuit case that is not controlling here but that also confirms it would be an abuse of discretion for a district court grant relief under Rule 60(a) that alters a judgment to "something other than what was originally pronounced," as Iconic asked the District Court to do here. 282 F.3d 434, 441 (6th Cir. 2002); *id.* ("[T]he bankruptcy court was entitled to modify its order under Rule 60(a) if: (i) the error was mechanical in nature rather than the result of a deliberate choice, and (ii) the modification corrects the April 1998 order such that it reflects what was the intent of the bankruptcy court at the time of the hearing.").

Iconic also incorrectly states the holding of this Court's decision in *Metso Minerals Insurance v. Terex Corp.* Iconic incorrectly represents that the Court upheld an opinion correcting a clerical mistake "to reflect **the parties'** 'contemporaneous intent.'" Br. at 13 (emphasis added). Instead, this Court recognized that the correction was made to reflect the **district court's** intent at the time of the decision. *Metso Mins.*, 594 F. App'x at 652 (finding that the district court "noted that it 'ma[de] this correction to reflect its contemporaneous intent at the time of the initial decision" and holding that a district court's "interpretation of its own orders is within the sound discretion of the district court" (alteration in original)).

The Stipulated Judgment correctly captures the ruling the District Court intended to make by entering the parties' joint stipulation as signed by counsel for both parties. The alleged "mistake" Iconic seeks to fix deviates from the District Court's intended and actual ruling and is thus not actionable under Rule 60(a). The Court should therefore affirm on this basis.

**B.** **The District Court did not err since there can be no "clerical mistake" or "oversight or omission" under Rule 60(a) because the parties dispute whether Exhibit 2 accurately reflects the Version 1 Comet.**

The Court should affirm the District Court's Order for the additional reason that there is no credible evidence of any "mutual mistake by both parties." Br. at 11; *see also id.* at 7 ("[T]he mistake was that in finalizing the proposed Stipulated Judgment, Kaotica attached with its filing an image of the Version 2 redesign, rather than the Version 1 accused product."). The record evidence shows that Iconic and Kaotica jointly proposed the Stipulated Judgment and are bound by it (Appx366–82), that the parties actively litigated in the Second Litigation through jury trial with extensive examination of and focus on the Stipulated Judgment (Appx547:18–Appx548:10, Appx557:15–Appx558:2, Appx568:11–Appx569:19, Appx572:24–Appx574:25), that Iconic and its counsel repeatedly examined and presented the Stipulated Judgement as entirely correct for multiple years (*supra* Statement of the Case), and that Kaotica has never affirmatively agreed with Iconic that there is any mistake in Exhibit 2 of the Stipulated Judgment (Appx450–83). Therefore, either Exhibit 2 is correct, or at the very least, the parties dispute whether Exhibit 2 shows the Version 1 or Version 2 Comet.

However, Rule 60(a) cannot be used as a vehicle to resolve disputed facts and change the factual findings in the Stipulated Judgment. "[M]istakes under Rule 60(a) are not factual or legal." *Fort Defiance Hous.*, 2011 WL 1578504, at *4. Rule 60(a) does not apply where a party asks the court to "*change[] its mind*, [such as] because it made a legal or factual mistake in making its original determination." *Blanton*, 813 F.2d at 1577 n.2. Below are exemplary disputes that confirm that the underlying factual dispute cannot be resolved under Rule 60(a).

First, the parties dispute that the requested change to Exhibit 2 reflects the "contemporaneous" intent of Iconic (Br. at 12) because its current argument contradicts prior assertions it made to the District Court. Iconic previously represented to the District Court that Exhibit 2 shows the Version 1 Comet on numerous occasions. Iconic did so by having its lawyer, Mr. Lobbin, sign every iteration of the Stipulated Judgment. Appx341, Appx365, Appx371; Appx224. By signing the Stipulated Judgment on behalf of Iconic, Mr. Lobbin attested that "to the best of [his] knowledge, information, and belief, ***formed after an inquiry reasonable under the circumstances*** . . . [that] the factual

contentions have evidentiary support." Fed. R. Civ. P. 11 (emphasis added); Appx454.

In addition, during jury trial in the Second Litigation, counsel for Iconic confirmed to the District Court that "the product in the stipulated judgment, everyone agrees, is the Version 1," and that the Version 2 Comet "didn't exist [at the time of the Stipulated Judgment]. It wasn't being sold at the time, so it was not Version 2. It was Version 1. Everything was clear about that. That was the product at issue in the lawsuit, so obviously it can't be Version 2." Appx557:15–Appx558:2. "[P]arties are bound by the actions of their lawyers." *Casey v. Albertson's, Inc.*, 362 F.3d 1254, 1260 (9th Cir. 2004).

Thus, Iconic's request to amend Exhibit 2 to the Stipulated Judgment represents a change in position from when they entered into the Stipulated Judgment and does not, as Iconic alleges, reflect the "contemporaneous" intent of even Iconic. Br. at 12.

Second, the parties dispute whether there was "mutual mistake by both parties" (Br. at 11) because the parties dispute whether there was any mistake made at all in Exhibit 2 to the Stipulated Judgment. Indeed, the parties submitted new evidence and argument not available to the

Court at the time of the Stipulated Judgment regarding that dispute. *See* Appx267–334; Appx450–83. By definition, such disputes cannot be characterized as clerical mistakes or mistakes based on oversights or omissions under Rule 60(a).

The only argument Iconic makes supporting its assertion that Exhibit 2 does not show the Version 1 Comet is that "[o]nly the Version 2 [Comet] displayed the white logo/lettering [on the pop filter]; the Version 1 [Comet] never did." Br. at 15 (citing Appx276); *id.* at 16 ("The coloring difference alone confirms the mistake.").

The District Court acknowledged and credited evidence Kaotica set forth rebutting Iconic's assertion, including "a Facebook page from January 25th of 2021 that shows the Iconic Mars Comet Version 1 with white font on the pop filter." Appx611:16–Appx612:2. In addition to that evidence from Facebook, Kaotica is and has been in possession of a Version 1 Comet that has a pop filter with white font. Appx456–57. Kaotica also pointed out that the color text on the pop filter provides no insight into whether the Version 1 or 2 Comet foam body was used because Mr. Olaleye testified that the pop filters are "interchangeable between the version 1 and version 2 Comet." Appx471:20–23.

The District Court never resolved whether "white logo/lettering" on the pop filter is indicative of whether the Version 1 Comet or Version 2 Comet is shown in Exhibit 2 to the Stipulated Judgment. Nor was the District Court required to do so because adjudicating factual disputes to determine whether the underlying judgment is correct is not permitted under Rule 60(a). *Garamendi*, 683 F.3d at 1080.

At best, a dispute remains whether any factual mistake was made by the parties. Iconic's change in position and the parties' dispute regarding the accuracy of Exhibit 2 are not mistakes that can be corrected under Rule 60(a). Therefore, Iconic's arguments concerning mutual mistake cannot support a finding that the District Court abused its discretion in denying the Motion.

## CONCLUSION

For the foregoing reasons, this Court should affirm the District Court's order denying Iconic's Motion to Correct Mistake in Stipulated Judgment.

Respectfully submitted, this 15th day of December, 2025.

|  | s/ *Kathleen R. Geyer* |
|---|---|
| Kristin M. Adams | Kathleen R. Geyer |
| KILPATRICK TOWNSEND & | Dario Machleidt |
|   STOCKTON LLP | KILPATRICK TOWNSEND & |
| 1100 Peachtree Street, N.E. |   STOCKTON LLP |
| Suite 2800 | 1420 Fifth Avenue, Suite 3700 |
| Atlanta, GA 30309 | Seattle, WA 98101 |
| (404) 815-6138 | (206) 467-9600 |
| kmadams@ktslaw.com | dmachleidt@ktslaw.com |
|  | kgeyer@ktslaw.com |

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATIONS

**Case Number:** 2025-1883

**Short Case Caption:** Kaotica IP Corp. v. Iconic Mars Corporation

> **Instructions:** When computing a word, line, or page count, you may exclude any items listed as exempted under Fed. R. App. P. 5(c), Fed. R. App. P. 21(d), Fed. R. App. P. 27(d)(2), Fed. R. App. P. 32(f), or Fed. Cir. R. 32(b)(2).

The foregoing filing complies with the relevant type-volume limitation of the Federal Rules of Appellate Procedure and Federal Circuit Rules because it meets one of the following:

☑ the filing has been prepared using a proportionally-spaced typeface and includes __5,756__ words.

☐ the filing has been prepared using a monospaced typeface and includes _____ lines of text.

☐ the filing contains _____ pages / _____ words / _____ lines of text, which does not exceed the maximum authorized by this court's order (ECF No. _____).

Date: __12/15/2025__

Signature: __/s/ Kathleen R. Geyer__

Name: __Kathleen R. Geyer__