**Nos. 2025-1883**

# United States Court of Appeals for the Federal Circuit

KAOTICA IP CORP.,

*Plaintiff-Appellee*

*v.*

ICONIC MARS CORPORATION and OLUSEYI JAMES OLALEYE,

*Defendants-Appellants*

*Appeals from the United States District Court for the Southern District of California in No. 2:21-cv-00433-CAB-DEB, United States District Judge Cathy Ann Bencivengo.*

## REPLY BRIEF OF DEFENDANTS-APPELLANTS

STEPHEN M. LOBBIN, ESQ.
SML AVVOCATI P.C.
888 Prospect Street, Suite 200
La Jolla, CA 92037
(949) 636-1391

*Counsel for Defendants-Appellants*

NOVEMBER 3, 2025

## CERTIFICATE OF INTERERST

Pursuant to FCR 28(a)(1) and 47.4, counsel for the Defendants-Appellants Iconic Mars Corporation and Oluseyi James Olaleye (collectively "Iconic") certifies the following:

1. The full name of every party or amicus represented in the case by me is: Iconic Mars Corporation and Oluseyi James Olaleye.

2. The name of the real party in interest (if the party named in the caption is not the real party in interest): N/A

3. Iconic Mars Corporation states that there is no parent corporation or publicly held corporation that owns 10% or more of its stock.

4. The names of all law firms, partners and associates appearing in the lower tribunal or are expected to appear for Iconic in this court, are as follows:

Stephen M. Lobbin
SML Avvocati P.C.
888 Prospect Street, Suite 200
La Jolla, CA 92037

5. The title and number of any case known to counsel to be pending in this or any other court or agency that will directly affect or be directly affected by this court's decision in the pending appeal: *Iconic Mars Corporation et al. v. Kaotica Corp.*, Docket No. 2025-1516.

Dated: January 5, 2026

/s/ Stephen M. Lobbin
*Counsel for Defendants-Appellants*

**TABLE OF CONTENTS**


| | Page |
|---|---|
| CERTIFICATE OF INTEREST | 2 |
| TABLE OF AUTHORITIES | 4 |
| REPLY ARGUMENT | 5 |
| CONCLUSION | 12 |
| PROOF OF SERVICE | 13 |
| CERTIFICATE OF COMPLIANCE | 14 |

## TABLE OF AUTHORITIES


| ***Cases*** | ***Page(s)*** |
|---|---|
| *Agro Dutch Indus. Ltd. v. United States*<br>589 F.3d 1187 (Fed. Cir. 2009) | 11 |
| *Williamsen v. Sec'y of Health & Human Servs.*<br>No. 10-223, 2014 WL 1388894 (Fed. Cl. Mar. 4, 2014) | 11 |
| *Garamendi v. Henin*<br>683 F.3d 1069 (9th Cir. 2012) | 12 |
| ***Rules*** | |
| Fed. R. Civ. P. 60(a) | *passim* |

## REPLY ARGUMENT

This appeal is not just an academic exercise. It is critical (and indeed, existential to Iconic's counsel personally) because the district court's error in not acknowledging and fixing the mistake of Exhibit 2 to the Stipulated Judgment ultimately infected the entire course of the proceedings. Most prejudicial was the district court's inflammatory use of the mistake to crucify Iconic's principal and counsel, both times in front of the jury. In post-trial proceedings, the district court lambasted Iconic's counsel repeatedly with *ad hominem* and invective, harshly assassinated counsel's character, denied an obviously-necessary recusal motion, and ultimately imposed a shocking amount of $652,443.17 in "inherent power" sanctions—against Iconic's counsel personally![1]

Based on the uncontroverted ***evidence*** (not attorney argument), it is crystal clear that the Exhibit 2 image at issue on this appeal was a mistake that should have been, and should be, corrected. Iconic's evidence is ***testimony under oath*** from Mr. James Olaleye, the creator of the product in the image of Exhibit 2. Appx275 ("The Exhibit 2 attached to the Stipulated Judgment, however, shows a new Version 2 image from Iconic's website, rather than the Version 1 accused product from Kaotica's Complaint. This was a mistake."). Kaotica presented no

[1] The related appeal in Case No. 2025-1516 is pending before this court. Iconic is considering a request that the Judicial Council of the Ninth Circuit conduct a judicial misconduct investigation.

sworn testimony from anyone with personal knowledge about where Exhibit 2 came from, or what Exhibit 2 actually shows. All Kaotica has is attorney argument, no personal knowledge, ***no evidence***. The district court used similar illogic in concluding Exhibit 2 shows the Version 1 product simply because that's what the agreement says. But for the mistake, of course!

Once the mistake is acknowledged, the correction is simple. Because Exhibit 2 is entirely superfluous and unnecessary to the parties' settlement agreement, the district court simply should have removed Exhibit 2 and the agreement's reference to it. The district court's refusal to correct this mistake was an abuse of discretion.

It is uncontroverted that the Exhibit 2 image does not appear anywhere in the prior record of the settled case. It was not an "Accused Product" as identified in Kaotica's complaint. It was not an "Accused Product" as identified in Kaotica's preliminary injunction motion. It was not an "Accused Product" identified anywhere else. It was nowhere at all in the record. Accurate images of the actual "Accused Product"—that is, Iconic's Version 1 product—do appear in the pleadings, identified as the "Accused Product." For some unknown reason, however, Kaotica did not use any of those images from the record for its Exhibit 2. Instead, it chose some other, new image from a source Kaotica still has not

identified or confirmed.  Kaotica even hid the new image from Iconic's counsel before filing the Stipulated Judgment.

It is uncontroverted that Exhibit 2 is superfluous and unnecessary to the Stipulated Judgment, because the explicit language of the parties' agreement already limits its scope to the specific Iconic Version 1 product "Kaotica has alleged" in the prior record to infringe.  Based on this evidence alone, the district court should have corrected the record by simply striking the incorrect (and unnecessary) Exhibit 2 from the Stipulated Judgment.

Further, the only sworn testimony (only from Iconic) confirms that Exhibit 2 is not the Iconic Version 1 product it purports to be.  *See supra.*  Glaringly absent from the record below is any sworn testimony by any percipient witness explaining the source of Exhibit 2.  Where did it come from?  Only Kaotica could have provided evidence of the source of Exhibit 2, but it failed to do so.  For example, did Kaotica's counsel obtain Exhibit 2 from a website image of Iconic's newly-redesigned Version 2 product (as is most likely)?  Without any explanation based on personal knowledge, Iconic's evidence demonstrating Kaotica's mistake in filing the Stipulated Judgment stands unrebutted and uncontroverted, despite Kaotica's circumstantial arguments which persuaded the district court into an erroneous decision.

In its response, Kaotica first argues that Iconic and its counsel should have been smarter and more attentive, to recognize the mistake sooner. But despite *mens rea* being irrelevant to fixing an error under Rule 60(a), the circumstances suggest that only Kaotica was the derelict actor. The facts are undisputed that (a) Kaotica's counsel never showed Exhibit 2 to Iconic's counsel before filing it with the Stipulated Judgment (Appx283),[2] (b) Iconic's counsel relied on the text of the parties' agreement limiting its scope to the Version 1 accused product of record, notwithstanding any superfluous Exhibit 2 image (Appx283-284),[3] and (c) Iconic's counsel was not overly-attentive to the Stipulated Judgment filings because of its *pro bono* representation (Appx279).[4] These facts, together with Kaotica's inability

[2] The fact that Kaotica's counsel never showed Iconic's counsel Exhibit 2 demonstrates further the primacy of the agreement ***text*** limiting the scope to the accused product of record, not the extraneous image of Exhibit 2, the origin of which we still know nothing about, except the uncontroverted testimony that it is ***not*** the "Accused Product."

[3] The image is superfluous because images of the only "Accused Product"—*i.e.*, Iconic's Version 1 design—were already of record, as referenced in the text of the agreement. Therefore, Kaotica is incorrect that Exhibit 2 was "critical" to the parties' settlement agreement. In fact, Iconic and its counsel paid no attention to Exhibit 2 in the parties' further proceedings including Kaotica's failed contempt citation and the second action, because of Iconic's firm understanding that the settlement agreement was limited to Version 1 as shown in the record of the first action—*i.e.*, the only accused product and the only product that existed at the time.

[4] The district court's wild ire went "beyond the pale" in characterizing the mistake as only one-sided, and as "inexplicable." Obviously, Rule 60(a) exists because humans (and human lawyers) sometimes make mistakes, even explicable ones, when managing a busy practice, working for a client *pro bono*, and trusting an

and/or unwillingness to provide any sworn testimony as to the actual source of Exhibit 2, demonstrates that the image is an error that should not be part of the Stipulated Judgment.

Next, Kaotica argues boldly that the trial testimony from Iconic's Mr. Olaleye is the "error," not Exhibit 2. Kaotica thus concedes that either Mr. Olaleye's testimony, or Exhibit 2, is erroneous. But Kaotica has no sworn testimony based on any personal knowledge to rebut Mr. Olaleye's testimony that Exhibit 2, not his own personal knowledge, is erroneous. In fact, Kaotica has no direct evidence whatsoever that Exhibit 2 actually shows what it purports to show. Kaotica's only "evidence" is the agreement itself, which is circular "logic" and not based on any personal knowledge. Therefore, as the district court erred by not recognizing, the only relevant personal knowledge is that of Mr. Olaleye, who testified under oath (as the product creator and designer) that Exhibit 2 is a mistake that should be corrected.

---

opposing counsel colleague to faithfully include accurate exhibits to agreements, based on what was actually agreed. Moreover, as this court is very familiar, an accused infringer often creates a "design-around" product which avoids accused patent or trade dress infringement by virtue of changes that are significant vis-à-vis the rights at issue, but not starkly recognizable on a passing glance. That was the case here, with Iconic's Version 1 design and Version 2 redesign being materially different (only upon an intentional comparison), both internally and externally.

Next, Kaotica argues about statements made in the litigation, such as Iconic's statement that Version 1 "was the product at issue in the lawsuit, so obviously [Exhibit 2] can't be Version 2." This is the same argument being made on this appeal, which is that it was a mistake for the wrong image to be attached with the settlement agreement, because the scope of the primary text of the settlement agreement only concerned the single accused product—Version 1.[5]

Next, Kaotica argues that there is no "record evidence" that Exhibit 2 reflects a mistake. To the contrary, however, the only material testimony under oath, based on any personal knowledge, confirms the mistake. Mr. Olaleye testified that Exhibit 2 shows Version 2, not Version 1 as it purports to show. No other witness with personal knowledge provided any testimony to the contrary. The mistake is undisputed.

[5] Kaotica references the district court's harsh admonition of Iconic's counsel during closing argument, which was incorrect and abusive, completely biased the jury, and should have resulted in a mistrial. The district court "doubled down" on the mistake, without any basis but the inconsistent agreement itself, by instructing the jury incorrectly that it "attached, as a picture, an exhibit, a photograph of the Comet Version 1 that was the accused product that the parties agreed infringed the trade dress."

Next, Kaotica argues that it cited "record evidence supporting the accuracy of the Stipulated Judgment as entered," but as noted, Kaotica cited only circumstantial conjecture about what Exhibit 2 purports to show, not including any direct evidence (*i.e.*, testimony under oath from a witness with personal knowledge). Thus, Kaotica has no supporting evidence, only implausible conjecture in the face of unrebutted testimony from Mr. Olaleye—*i.e.*, the creator of the products themselves.

Next, Kaotica argues that it "dispute[s] whether any factual error was made," but Kaotica has no evidence supporting any plausible contention that Exhibit 2 shows the Version 1 product. Again, the only competent evidence based on personal knowledge is Mr. Olaleye's testimony, which is to the contrary, and which is unrebutted.

Finally, Kaotica mischaracterizes the issue as one of "chang[ing] a district court's judgment accurately entering the parties' stipulation." But Iconic cited several cases confirming what this court itself also stated in *Agro Dutch Indus. Ltd. v. United States*, 589 F.3d 1187, 1192 (Fed. Cir. 2009), that Rule 60(a) allows the district court to "correct clerical errors . . . to conform the record to the intentions of the court ***and the parties***." *Id.* at 1192 (emphasis added); *see also Williamsen v. Sec'y of Health & Human Servs.*, No. 10-223, 2014 WL 1388894, at *2-3 (Fed. Cl. Mar. 4, 2014) (correcting judgment under Rule 60(a) for a mistake in parties'

stipulation). Here, the parties' intentions were to settle a case about Iconic's Version 1 "Accused Product," and showing something else in Exhibit 2 was a mistake needing correction to conform the Stipulated Judgment to its intended scope. *See Garamendi v. Henin*, 683 F.3d 1069, 1078 (9th Cir. 2012) (Rule 60(a) correction needed for "fidelity to the intent behind the original judgment").

## CONCLUSION AND STATEMENT OF RELIEF SOUGHT

For the foregoing reasons, the Iconic Defendants-Appellants respectfully request that this court reverse the district court's Rule 60(a) determination and correct the mistake in Exhibit 2 to the Stipulated Judgment.

Respectfully submitted,

January 5, 2026

/s/ Stephen M. Lobbin
*Counsel for Defendants-Appellants*

## **PROOF OF SERVICE**

I hereby certify that on January 5, 2026, I electronically filed the above document(s) with the Clerk of Court using CM/ECF which will send electronic notification of such filing(s) to all registered counsel.

*/s/ Stephen M. Lobbin*

**CERTIFICATE OF COMPLIANCE**

This brief complies with the type-volume limitation of Federal Rule of Appellate Procedure 32(a)(7)(B), as the brief contains 2291 words, excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 32(a)(7)(B)(iii). Additionally, this brief complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6), as it has been prepared in a proportionally spaced typeface using MS Word in a 14 point Times New Roman font.

*/s/ Stephen M. Lobbin*