No. 2025-1883

# IN THE UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

## KAOTICA IP CORP.

*Plaintiff-Appellee*,

v.

## ICONIC MARS CORPORATION and OLUSEYI JAMES OLALEYE,

*Defendants-Appellants.*

Appeal from the United States District Court for the Southern District of California, No. 2:21-cv-00433-CAB-DEB
The Honorable Cathy Ann Bencivengo

## SUPPLEMENTAL APPENDIX

Kristin M. Adams
KILPATRICK TOWNSEND &
 STOCKTON LLP
1100 Peachtree Street, N.E.
Suite 2800
Atlanta, GA 30309
(404) 815-6138
kmadams@ktslaw.com

Kathleen R. Geyer
Dario A. Machleidt
KILPATRICK TOWNSEND &
 STOCKTON LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600
dmachleidt@ktslaw.com
kgeyer@ktslaw.com

*Attorneys for Appellee Kaotica IP Corp.*

# TABLE OF CONTENTS

| Dkt. | Date | Docket Text | SAppx. |
|---|---|---|---|
| | | 3:21-cv-00433-CAB-DEB | |
| 41 | 10/27/21 | Stipulated Judgment and Permanent Injunction | 1-6 |
| 42 | 10/28/21 | Amended Stipulated Judgment and Permanent Injunction | 7-23 |
| 44-1 | 02/09/22 | Plaintiff's Memorandum of Points and Authorities in Support of its Ex Parte Motion for an Order to Show Cause Why Defendants Should not be Held in Contempt | 24-52 |
| 68-1 | 05/14/25 | Declaration of Dario A. Machleidt in Support of Kaotica's Opposition to Motion to Correct Mistake in Stipulated Judgment | 53-54 |
| 68-3 | 05/14/25 | Exhibit 2 to Machleidt Declaration – Excerpts of the 30(b)(6) Video Deposition of Iconic Mars Corporation and Oluseyi Olaleye in his Individual Capacity (07/13/2023) | 55-65 |
| 68-4 | 05/14/25 | Exhibit 3 to Machleidt Declaration – Responses to Defendant Kaotica Corporation's Second Set of Interrogatories | 66-70 |
| 68-5 | 05/14/25 | Exhibit 4 to Machleidt Declaration – Excerpts of the Transcript of Jury Trial – Day 1 (Morning Session) (06/10/2024) | 71-76 |
| | | 3:21-cv-00433-CAB-DEB | |
| | | Docket Report (Related Case – Iconic Mars Corporation v. Kaotica Corporation) | 77-105 |
| 1-1 | 01/23/22 | Civil Cover Sheet | 106-107 |
| 202 | 06/02/25 | Order Setting In-Person Discovery Conference for June 5, 2025 Before Magistrate Butcher | 108-109 |
| 232 | 08/08/25 | Notice of Clarification of Representation Status | 110 |

| Dkt. | Date | Docket Text | SAppx. |
|---|---|---|---|
| 239 | 08/21/25 | Notice of Motion and Motion to Set Aside Judgment Under Rule 60(b) | 111-246 |

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

KAOTICA CORP.,

Plaintiff,

v.

ICONIC MARS CORPORATION and
OLUSEYI JAMES OLALEYE,

Defendants.

Case No: 3:21-cv-00433-CAB-DEB

**STIPULATED JUDGMENT AND PERMANENT INJUNCTION**

Plaintiff Kaotica Corp. ("Kaotica") and Defendants Iconic Mars Corporation and Oluseyi James Olaleye (individually and collectively, "Iconic Mars") have agreed to a compromise and settlement of this action for patent infringement, trade dress infringement and copyright infringement as to the claims, defenses and counterclaims that were asserted in this action.

**WHEREFORE**, with the consent of Kaotica and Iconic Mars, by and through their undersigned attorneys, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that:

1. This Court has jurisdiction over Kaotica and Iconic Mars and over the subject matter of this action, including for entry and enforcement of this Stipulated Judgment and Permanent Injunction.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1331, 1338(a)-(b) and 1391(b)(2).

3. The parties have agreed to the following factual findings:

    a. Kaotica is the owner by assignment of United States Patent No. 8,737,662 (the "'662 Patent") entitled "Noise Mitigating Microphone Attachment." The '662 Patent was duly and legally

issued by the United States Patent and Trademark Office on May 27, 2014.

b. Kaotica owns all right, title and interest in and to the '662 Patent, including all rights to sue and recover for past and future infringement.

c. The '662 Patent is valid and enforceable.

d. Kaotica is the owner by assignment of United States Patent No. D733,690 entitled "Noise Mitigating Microphone Attachment" (the "'690 Patent"). The '690 Patent was duly and legally issued by the United States Patent and Trademark Office on July 7, 2015.

e. Kaotica owns all right, title and interest in and to the '690 Patent, including all rights to sue and recover for past and future infringement.

f. The '690 Patent is valid and enforceable.

g. Kaotica owns all right, title, and interest in and to, including all rights to sue and recover for past and future infringement, the copyright in the original text placed on packaging for the KAOTICA EYEBALL noise mitigating microphone attachment (the "Kaotica Text"), which text is the subject of a United States Copyright Registration No. TX 8-937-518, dated February 24, 2021 (the "Kaotica Copyright").

h. The Kaotica Copyright is valid and subsisting.

i. Kaotica owns all right, title and interest in and to, including all rights to sue and recover for past and future infringement, the trade dress employed on the KAOTICA EYEBALL noise mitigating microphone attachment (the "Kaotica Trade Dress"). Photographs showing the Kaotica Trade Dress are attached hereto as Exhibit 1.

-2-
**STIPULATED JUDGMENT AND PERMANENT INJUNCTION**

**SAppx.2**

j.  The Kaotica Trade Dress is valid and subsisting.

4.  In this action, Kaotica has alleged that Iconic Mars: (a) in violation of 35 U.S.C. § 271, makes, uses, offers for sale, sells, and/or imports into the United States products, specifically its Iconic Mars Comet shown in Exhibit 2 hereto (individually and collectively the "Accused Products") that infringes one or more claims of the '662 Patent and/or the '690 Patent; (b) in violation of 17 U.S.C. § 501, infringes the Kaotica Copyright by placing text on the packaging for the Accused Products (the "Accused Text") that is derived and copied from the Kaotica Text without Kaotica's authorization; and (c) in violation of 15 U.S.C. § 1125(a), infringes the Kaotica Trade Dress by offering for sale and selling in the United States the Accused Products (the "Infringing Trade Dress").

5.  Iconic Mars acknowledges and agrees that (a) the Accused Products are the only noise mitigating microphone attachments it has sold and (b) this representation is a material inducement for Kaotica to resolve this matter on the terms set forth herein.

6.  Kaotica has further alleged that the Accused Products are offered for sale and have been sold in the United States.

7.  Iconic Mars acknowledges and agrees that Kaotica has suffered and will continue to suffer irreparable harm and injury from Iconic Mars' continued importation, offering for sale and sale of the Accused Products in the United States.

8.  Effective on January 1, 2022, pursuant to 15 U.S.C. § 1116(a), 17 U.S.C. § 502, 35 U.S.C. § 283, and Rule 65 of the Federal Rules of Civil Procedure, Iconic Mars, its parents, subsidiaries and their respective officers, shareholders, agents, servants, employees, attorneys, instrumentalities, and those persons in privity, active concert, or participation with them, are permanently enjoined from any and all acts of direct, contributory or induced infringement of the '662 Patent, the '690 Patent, the Kaotica Copyright and the Kaotica Trade Dress, including, without limitation, (a) the

**STIPULATED JUDGMENT AND PERMANENT INJUNCTION**

**SAppx.3**

manufacture, use, sale, offer for sale, advertising, promotion, distribution and importation of the Accused Products in and to the United States; (b) causing or inducing others to manufacture, use, sell, offer for sale, advertise, promote, distribute or import the Accused Products in and to the United States; (c) reproducing, creating derivative works from and publicly displaying the Kaotica Text or any text that is substantially similar to the Kaotica Text; and (d) causing or inducing others to reproduce, create derivative works from or publicly displaying the Kaotica Text or any text that is substantially similar to the Kaotica Text (the "Injunction").

9.      Iconic Mars reserves the right to challenge the validity and/or enforceability of the '662 Patent and/or the '690 Patent vis-à-vis products other than the Accused Products provided that such products are more than colorably different than the Accused Products.

10.     Iconic Mars reserves the right to challenge the validity and/or enforceability of the Kaotica Trade dress vis-à-vis products other than the Accused Products provided that such products are more than colorably different than the Accused Products.

11.     Iconic Mars reserves the right to challenge the validity and/or enforceability of the Kaotica Copyright vis-à-vis text other than the Accused Text.

12.     Prior to January 1, 2022, in the United States Iconic Mars, its parents, subsidiaries and their respective officers, shareholders, agents, servants, employees, attorneys, instrumentalities, and those persons in privity, active concert, or participation with them shall only offer for sale and sell the Accused Products on Iconic Mars' website, which has the web address of www.iconicmars.com.

13.     Within two (2) business days of the date of the entry of this Stipulated Judgment and Permanent Injunction, Iconic Mars shall deliver the sum of $25,000.00 (Twenty-Five Thousand Dollars) to Kaotica's undersigned New York counsel.

-4-
**STIPULATED JUDGMENT AND PERMANENT INJUNCTION**

**SAppx.4**

14. Judgment is hereby entered against defendant Iconic Mars in favor of plaintiff Kaotica.

15. Kaotica and Iconic Mars shall bear their respective attorneys' fees and costs incurred in connection with this action.

16. This Stipulated Judgment and Permanent Injunction shall be binding upon and shall inure to the benefit of the parties and their respective heirs, successors, assigns, and acquiring companies.

17. Jurisdiction is retained by this Court for the purpose of enforcing compliance with the terms of this Stipulated Judgment and Permanent Injunction.

18. The Injunction shall remain in full force and effect unless and until modified by order of this Court.

/////////////////////////

STIPULATED JUDGMENT AND PERMANENT INJUNCTION

SAppx.5

SO STIPULATED:

TARTER KRINSKY & DROGIN LLP

Dated October 27, 2021

By: /s/ Mark J. Rosenberg
    Mark J. Rosenberg (admitted *pro hac vice*)
1350 Broadway
New York, New York 10018
Telephone: (212) 216-8000
Facsimile: (212) 216-8001
mrosenberg@tarterkrinsky.com

Jeffery M. Rosenfeld (SBN 222187)
KRONENBERGER ROSENFELD, LLP
150 Post Street, Suite 520
San Francisco, California  94108
Telephone: (415) 955-1155
Facsimile:  (415) 955-1158
jrosenfeld@krinternetlaw.com

*Attorneys for Plaintiff*

SO STIPULATED:

SML AVVOCATI P.C.

Dated: October 27, 2021

By:/s/ Stephen M. Lobbin
Stephen M. Lobbin (SBN 181195)
Joshua N. Osborn (SBN 317435)
4640 Cass Street #90142
San Diego, California 92019
Telephone: (949) 636-1391
sml@smlavvocati.com
jno@smlavvocati.com

*Attorneys for Defendants*

It is **SO ORDERED.**

Dated:  October 27, 2021

_____
Hon. Cathy Ann Bencivengo
United States District Judge

-6-
**STIPULATED JUDGMENT AND PERMANENT INJUNCTION**

**SAppx.6**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

KAOTICA CORP.,

                 Plaintiff,

        v.

ICONIC MARS CORPORATION and
OLUSEYI JAMES OLALEYE,

                 Defendants.

Case No: 3:21-cv-00433-CAB-DEB

**AMENDED STIPULATED JUDGMENT**
**AND PERMANENT INJUNCTION**

Plaintiff Kaotica Corp. ("Kaotica") and Defendants Iconic Mars Corporation and Oluseyi James Olaleye (individually and collectively, "Iconic Mars") have agreed to a compromise and settlement of this action for patent infringement, trade dress infringement and copyright infringement as to the claims, defenses and counterclaims that were asserted in this action.

**WHEREFORE**, with the consent of Kaotica and Iconic Mars, by and through their undersigned attorneys, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that:

1.     This Court has jurisdiction over Kaotica and Iconic Mars and over the subject matter of this action, including for entry and enforcement of this Stipulated Judgment and Permanent Injunction.

2.     Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1331, 1338(a)-(b) and 1391(b)(2).

3.     The parties have agreed to the following factual findings:

    a.     Kaotica is the owner by assignment of United States Patent No. 8,737,662 (the "'662 Patent") entitled "Noise Mitigating Microphone Attachment." The '662 Patent was duly and legally

issued by the United States Patent and Trademark Office on May 27, 2014.

b.    Kaotica owns all right, title and interest in and to the '662 Patent, including all rights to sue and recover for past and future infringement.

c.    The '662 Patent is valid and enforceable.

d.    Kaotica is the owner by assignment of United States Patent No. D733,690 entitled "Noise Mitigating Microphone Attachment" (the "'690 Patent"). The '690 Patent was duly and legally issued by the United States Patent and Trademark Office on July 7, 2015.

e.    Kaotica owns all right, title and interest in and to the '690 Patent, including all rights to sue and recover for past and future infringement.

f.    The '690 Patent is valid and enforceable.

g.    Kaotica owns all right, title, and interest in and to, including all rights to sue and recover for past and future infringement, the copyright in the original text placed on packaging for the KAOTICA EYEBALL noise mitigating microphone attachment (the "Kaotica Text"), which text is the subject of a United States Copyright Registration No. TX 8-937-518, dated February 24, 2021 (the "Kaotica Copyright").

h.    The Kaotica Copyright is valid and subsisting.

i.    Kaotica owns all right, title and interest in and to, including all rights to sue and recover for past and future infringement, the trade dress employed on the KAOTICA EYEBALL noise mitigating microphone attachment (the "Kaotica Trade Dress"). Photographs showing the Kaotica Trade Dress are attached hereto as Exhibit 1.

-2-

**AMENDED STIPULATED JUDGMENT AND PERMANENT INJUNCTION**

j.      The Kaotica Trade Dress is valid and subsisting.

4.      In this action, Kaotica has alleged that Iconic Mars: (a) in violation of 35 U.S.C. § 271, makes, uses, offers for sale, sells, and/or imports into the United States products, specifically its Iconic Mars Comet shown in Exhibit 2 hereto (individually and collectively the "Accused Products") that infringes one or more claims of the '662 Patent and/or the '690 Patent; (b) in violation of 17 U.S.C. § 501, infringes the Kaotica Copyright by placing text on the packaging for the Accused Products (the "Accused Text") that is derived and copied from the Kaotica Text without Kaotica's authorization; and (c) in violation of 15 U.S.C. § 1125(a), infringes the Kaotica Trade Dress by offering for sale and selling in the United States the Accused Products (the "Infringing Trade Dress").

5.      Iconic Mars acknowledges and agrees that (a) the Accused Products are the only noise mitigating microphone attachments it has sold and (b) this representation is a material inducement for Kaotica to resolve this matter on the terms set forth herein.

6.      Kaotica has further alleged that the Accused Products are offered for sale and have been sold in the United States.

7.      Iconic Mars acknowledges and agrees that Kaotica has suffered and will continue to suffer irreparable harm and injury from Iconic Mars' continued importation, offering for sale and sale of the Accused Products in the United States.

8.      Effective on January 1, 2022, pursuant to 15 U.S.C. § 1116(a), 17 U.S.C. § 502, 35 U.S.C. § 283, and Rule 65 of the Federal Rules of Civil Procedure, Iconic Mars, its parents, subsidiaries and their respective officers, shareholders, agents, servants, employees, attorneys, instrumentalities, and those persons in privity, active concert, or participation with them, are permanently enjoined from any and all acts of direct, contributory or induced infringement of the '662 Patent, the '690 Patent, the Kaotica Copyright and the Kaotica Trade Dress, including, without limitation, (a) the

-3-
**AMENDED STIPULATED JUDGMENT AND PERMANENT INJUNCTION**

**SAppx.9**

manufacture, use, sale, offer for sale, advertising, promotion, distribution and importation of the Accused Products in and to the United States; (b) causing or inducing others to manufacture, use, sell, offer for sale, advertise, promote, distribute or import the Accused Products in and to the United States; (c) reproducing, creating derivative works from and publicly displaying the Kaotica Text or any text that is substantially similar to the Kaotica Text; and (d) causing or inducing others to reproduce, create derivative works from or publicly displaying the Kaotica Text or any text that is substantially similar to the Kaotica Text (the "Injunction").

9.      Iconic Mars reserves the right to challenge the validity and/or enforceability of the '662 Patent and/or the '690 Patent vis-à-vis products other than the Accused Products provided that such products are more than colorably different than the Accused Products.

10.     Iconic Mars reserves the right to challenge the validity and/or enforceability of the Kaotica Trade dress vis-à-vis products other than the Accused Products provided that such products are more than colorably different than the Accused Products.

11.     Iconic Mars reserves the right to challenge the validity and/or enforceability of the Kaotica Copyright vis-à-vis text other than the Accused Text.

12.     Prior to January 1, 2022, in the United States Iconic Mars, its parents, subsidiaries and their respective officers, shareholders, agents, servants, employees, attorneys, instrumentalities, and those persons in privity, active concert, or participation with them shall only offer for sale and sell the Accused Products on Iconic Mars' website, which has the web address of www.iconicmars.com.

13.     Within two (2) business days of the date of the entry of this Stipulated Judgment and Permanent Injunction, Iconic Mars shall deliver the sum of $25,000.00 (Twenty-Five Thousand Dollars) to Kaotica's undersigned New York counsel.

14.    Judgment is hereby entered against defendant Iconic Mars in favor of plaintiff Kaotica.

15.    Kaotica and Iconic Mars shall bear their respective attorneys' fees and costs incurred in connection with this action.

16.    This Stipulated Judgment and Permanent Injunction shall be binding upon and shall inure to the benefit of the parties and their respective heirs, successors, assigns, and acquiring companies.

17.    Jurisdiction is retained by this Court for the purpose of enforcing compliance with the terms of this Stipulated Judgment and Permanent Injunction.

18.    The Injunction shall remain in full force and effect unless and until modified by order of this Court.

//////////////////////////

AMENDED STIPULATED JUDGMENT AND PERMANENT INJUNCTION

SAppx.11

SO STIPULATED:                TARTER KRINSKY & DROGIN LLP

Dated October 27, 2021        By: /s/ Mark J. Rosenberg
                                  Mark J. Rosenberg (admitted *pro hac vice*)
                              1350 Broadway
                              New York, New York 10018
                              Telephone: (212) 216-8000
                              Facsimile: (212) 216-8001
                              mrosenberg@tarterkrinsky.com

                              Jeffery M. Rosenfeld (SBN 222187)
                              KRONENBERGER ROSENFELD, LLP
                              150 Post Street, Suite 520
                              San Francisco, California  94108
                              Telephone: (415) 955-1155
                              Facsimile:  (415) 955-1158
                              jrosenfeld@krinternetlaw.com

                              *Attorneys for Plaintiff*

SO STIPULATED:                SML AVVOCATI P.C.

Dated: October 27, 2021       By:/s/ Stephen M. Lobbin
                              Stephen M. Lobbin (SBN 181195)
                              Joshua N. Osborn (SBN 317435)
                              4640 Cass Street #90142
                              San Diego, California 92019
                              Telephone: (949) 636-1391
                              sml@smlavvocati.com
                              jno@smlavvocati.com

                              *Attorneys for Defendants*

SO ORDERED:


_____
     U.S.D.J.

-6-
**AMENDED STIPULATED JUDGMENT AND PERMANENT INJUNCTION**

**SAppx.12**

# EXHIBIT 1

















EXHIBIT 2

SAppx.23



Jeffrey M. Rosenfeld (State Bar No. 222187)
jeff@krinternetlaw.com
KRONENBERGER ROSENFELD, LLP
150 Post Street, Suite 520
San Francisco, California 94108
Telephone: (415) 955-1155
Facsimile: (415) 955-1158

Mark J. Rosenberg (NY Bar No. 2357036)
(Admitted *pro hac vice*)
mrosenberg@tarterkrinsky.com
TARTER KRINSKY & DROGIN LLP
1350 Broadway
New York, New York 10018
Telephone: (212) 216-8000
Facsimile: (212) 216-8001

Attorneys for Plaintiff Kaotica IP Corp.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAOTICA IP CORP.,<br><br>Plaintiff,<br><br>v.<br><br>ICONIC MARS CORPORATION and OLUSEYI JAMES OLALEYE,<br><br>Defendants. | Case No: 3:21-cv-00433-CAB-DEB<br><br>**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS *EX PARTE* MOTION FOR AN ORDER TO SHOW CAUSE WHY DEFENDANTS SHOULD NOT BE HELD IN CONTEMPT**<br><br>The Honorable Cathy Ann Bencivengo<br><br>Action Filed: March 11, 2021<br>Judgment: October 28, 2021<br><br>PER CHAMBERS RULES, NO ORAL ARGUMENT UNLESS SEPARATELY ORDERED BY THE COURT |

Kronenberger Rosenfeld
150 Post Street, Suite 520 San Francisco, CA 94108

# TABLE OF CONTENTS

I.    INTRODUCTION ...................................................................................... 1

II.   FACTUAL BACKGROUND ..................................................................... 1

III.  LEGAL STANDARD ................................................................................ 6

IV.  ARGUMENT ............................................................................................. 7

    A.    The Injunction Is a "Specific and Definite" Court Order ...................... 7

    B.    There Is Clear and Convincing Evidence of Defendants' Failure to Comply with the Injunction ............................................................... 9

        1.   Defendants' Sales, Offers for Sale, and Advertising of the Accused Products after January 1, 2022 ...................................... 9

        2.   Defendants' Sales of the New Products after January 1, 2022 ............................................................................................. 11

            a.  The New Product Is Not "Colorably Different" from the Accuse Products ............................................................... 11

            b.  The New Product Infringes the '690 Patent ......................... 14

            c.  The New Product Infringes the Kaotica Trade Dress .......... 17

        3.   Defendants' Offers for Sale of the Accused Products Outside of Defendants' Website ................................................ 18

    C.    The Sanctions Requested by Kaotica are Appropriate ........................ 19

        1.   Compensatory Sanctions are an Appropriate Remedy in this Case ................................................................................... 21

        2.   An Award of Attorneys' Fees and Costs is Appropriate ........... 23

V.    CONCLUSION ........................................................................................ 24

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

## TABLE OF AUTHORITIES

**Cases**

*3D Sys., Inc. v. Aarotech Lab'ys, Inc.*,
 160 F.3d 1373 (Fed. Cir. 1998)..................................................................................19
*Advanced Cleanup Techs., Inc. v. BP Am., Inc.*,
 No. 2:14–cv–09033. 2018 WL 941663(C.D. Cal. Feb. 16, 2018)..........................20
*Blackberry Ltd. v. Typo Prod. LLC*,
 No. 14-CV-00023-WHO, 2014 WL 1318689 (N.D. Cal. Mar. 28, 2014).............16
*Cal. Dep't of Soc. Servs. v. Leavitt*,
 523 F.3d 1025 (9th Cir. 2008)....................................................................................6
*Contessa Food Prods., Inc. v. Conagra, Inc.*,
 282 F.3d 1370 (Fed. Cir. 2002)................................................................................15
*Crocs, Inc. v. ITC*,
 598 F.3d 1294 (Fed. Cir. 2010)................................................................................16
*Daimler AG, v. A-Z Wheels LLC*,
 No. 16-CV-875 JLS (MDD), 2022 WL 281580 (S.D. Cal. Jan. 31, 2022) .....22, 23
*Egyptian Goddess, Inc. v. Swisa, Inc.*,
 543 F.3d 665 (Fed. Cir. 2008)............................................................................15, 16
*Eros Entm't, Inc. v. Melody Spot, L.L.C.*,
 No. 99-cv-1157, 2005 WL 4655385 (E.D.N.Y. Oct. 11, 2005) ..........................21
*Fed. Trade Comm'n v. Dayton Fam. Prods*., 2:97-cv-00750-GMN-VCF,
 No. 2:97-cv-00750-GMN-VCF, 2016 WL 1047353 (D. Nev. Mar. 16, 2016) .....21
*Forever 21, Inc. v. Ultimate Offprice, Inc.*,
 No. 2:10-CV-05485-ODW, 2013 WL 4718366 (C.D. Cal. Sept. 3, 2013) .............7
*Gen. Signal Corp. v. Donallco, Inc.*,
 787 F.2d 1376 (9th Cir. 1986)............................................................................19, 20
*Gorham Mfg. Co. v. White*,
 81 U.S. 511 (1871) ..............................................................................................15, 16
*H.I.S.C., Inc. v. Franmar Int'l Importers, Ltd.*,
 No. 3:16-CV-0480-BEN-WVG, 2022 WL 104730 (S.D. Cal. Jan. 11,
 2022)..................................................................................................................*passim*
*In re Dual-Deck Video Cassette Recorder Antitrust Litig.*,
 10 F.3d 693 (9th Cir. 1993).........................................................................................6
*ISCO Int'l, Inc. v. Conductus, Inc.*,
 No. C.A. 01-487-GMS, 2003 WL 280276 (D. Del. Feb. 10, 2003) ......................19
*Jerry's Famous Deli, Inc. v. Papanicolaou*,
 383 F.3d 998 (9th Cir. 2004).....................................................................................21
*Koninklijke Philips Elecs. N.V. v. KXD Tech., Inc.*,
 539 F.3d 1039 (9th Cir. 2008)...................................................................................19

*Line-X LLC v. Tefft*,
 No. 5:20-CV-01707-SB-SHK, 2021 WL 6494881 (C.D. Cal. Dec. 21, 2021) ..... 23
*Natural Fashions, Inc. v. Best of Kashmir*,
 No. 2:15-cv-00033-MCE-CMK, 2021 WL 1264916 (E.D. Cal. Apr. 6, 2021)..... 23
*Rosen Entn't Sys., LP v. Icon Enters, Inc.*,
 359 F. Supp. 2d 902 (C.D. Cal. 2005).................................................................. 14
*SEC v. Hickey*,
 322 F.3d 1123 (9th Cir. 2003)............................................................................... 7
*Shillitani v. United States*,
 384 U.S. 364 (1966) .............................................................................................. 6
*TiVo Inc. v. EchoStar Corp.*,
 646 F.3d 869 (Fed. Cir. 2011).......................................................................11, 14
*Toyo Tire & Rubber Co. v. Hong Kong Tri-Ace Tire Co.*,
 281 F. Supp. 3d 967 (C.D. Cal. 2017).............................................................21, 23
*United States v. United Mine Workers of Am.*,
 330 U.S. 258 (1947) ............................................................................................ 20
*W. E. Bassett Co. v. Revlon, Inc.*,
 435 F.2d 656 (2d Cir. 1970)................................................................................ 22
*Wolfard Glassblowing Co. v. Vanbragt*,
 118 F.3d 1320 (9th Cir. 1997).....................................................................12, 14, 17

## **Statutes**

15 U.S.C. §1125............................................................................................................5
35 U.S.C. §289.......................................................................................................... 21

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

**MPA ISO PLAINTIFF'S EX PARTE MOT.
FOR OSC RE CONTEMPT**

iii

Case No. 3:21-cv-00433-CAB-DEB

## I.  INTRODUCTION

This motion is for an order holding Defendants Iconic Mars Corporation and Oluseyi James Olaleye (individually and collectively, "Defendants") in contempt of the judgment entered in this action.

In this case for utility patent, design patent, trade dress, and copyright infringement, Defendants agreed to the entry of the Stipulated Judgment and Permanent Injunction and the Amended Stipulated Judgment and Permanent Injunction (respectively, the "Judgment," and the "Amended Judgment" and collectively, the "Judgments").[1] (ECF Nos. 41 and 43.) But, Defendants have never complied with the injunction set forth in the Judgments. During the period before January 1, 2022, when the Judgments restricted Defendants to selling the accused microphone isolation booth on their own website, Defendants offered that product for sale on other websites such as Amazon, eBay, and Facebook. Since January 1, 2022, when the Judgments required all sales of the accused products to cease, Defendants have continued to advertise and offer that product for sale. Given the continuity and scope of Defendants' conduct, and their repeated disregard of Kaotica's demands that they comply with the Judgments, it is beyond argument that Defendants intentionally and repeatedly violated the injunction contained in the Judgments. For these violations Defendants should be held in contempt and, at a minimum, be required to disgorge all their profits obtained through their violation of the injunction.

## II.  FACTUAL BACKGROUND

On October 27, 2021, the Court entered the Judgment (ECF No. 41), and on October 28, 2021, the Court entered the Amended Judgment (ECF No. 43). All the terms of the Judgments and the Court's entry thereof were agreed to by the parties.

---

[1] The only substantive difference between the Judgment and the Amended Judgment is that the Amended Judgment includes exhibits that were inadvertently omitted from the Judgment.

**MPA ISO PLAINTIFF'S EX PARTE MOT. FOR OSC RE CONTEMPT**  1  Case No. 3:21-cv-00433-CAB-DEB

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

Pursuant to the Judgments, effective January 1, 2022,

> Iconic Mars, its parents, subsidiaries and their respective officers, shareholders, agents, servants, employees, attorneys, instrumentalities, and those persons in privity, active concert, or participation with them, are permanently enjoined from any and all acts of direct, contributory or induced infringement of the '662 Patent, the '690 Patent, the Kaotica Copyright and the Kaotica Trade Dress, including, without limitation, (a) the manufacture, use, sale, offer for sale, advertising, promotion, distribution and importation of the Accused Products in and to the United States; (b) causing or inducing others to manufacture, use, sell, offer for sale, advertise, promote, distribute or import the Accused Products in and to the United States; (c) reproducing, creating derivative works from and publicly displaying the Kaotica Text or any text that is substantially similar to the Kaotica Text; and (d) causing or inducing others to reproduce, create derivative works from or publicly displaying the Kaotica Text or any text that is substantially similar to the Kaotica Text.

(ECF Nos. 41 and 43 at ¶8) (the "Injunction").

As set forth in ¶4 of the Judgments, "Accused Products" were defined as the Iconic Mars Comet shown in Exhibit 2 to the Amended Judgment. Exhibit 2 is reproduced below.



The Injunction had an exception that permitted, prior to January 1, 2022, Defendants to continue selling the Accused Products only on their own website: "Iconic Mars, its parents, subsidiaries and their respective officers, shareholders, agents, servants, employees, attorneys, instrumentalities, and those persons in privity,

**KRONENBERGER ROSENFELD**
150 Post Street, Suite 520 San Francisco, CA 94108

active concert, or participation with them shall only offer for sale and sell the Accused Products on Iconic Mars' website, which has the web address of www.iconicmars.com." (ECF No. 43 at ¶12) (respectively, the "Exemption" and "Defendants' Website".)

Defendants have never abided by the terms of the Injunction or the Exemption. Just four days after the Court entered the Amended Judgment, Defendants were offering the Accused Products for sale on Amazon.com and eBay. (Rosenberg Decl., Ex. 2.) In addition, between the entry of the Amended Judgment and December 31, 2021, the day the Exemption expired, Defendants repeatedly offered the Accused Products for sale on Facebook using that platform's "Shop" function and a "checkout" button. (Rosenberg Decl., Exs. 3–4; Billick Decl. ¶2.) A screenshot of Defendants offering the Accused Products for sale on Facebook from December 7, 2021, is shown below. (Rosenberg Decl., Ex. 3.)



When put on notice of their violations of the Injunction, Defendants claimed that such offers were not, in fact, offers for sale of the Accused Products, but rather advertising, which was not prohibited during the Exemption period. According to Defendants, the offers on Facebook's "Shop" section—which included a photo and description of the Accused Products, its price, and a checkout button—were not offers for sale because, after clicking on the Checkout on Website button, "the potential customer is taken to the Iconic Mars website with an empty cart [and the

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

consumer] need[s] to construct an order by placing items into the cart." (Rosenberg Dec., Ex. 7.) Put another way, Defendants contend that because they created a needlessly complicated shopping experience, there were no offers for sale on Facebook during the Exemption period.

Since January 1, 2022, when the Exemption expired, Defendants' violation of the Judgments has grown exponentially worse. Instead of ceasing all "sale, offer for sale, advertising, promotion, distribution and importation of the Accused Products," (ECF No. 43 at ¶8), Defendants continue to sell, offer for sale, advertise, promote, and distribute the original Accused Products on Defendants' Website as well as on Amazon and through the Shop function of Facebook. A copy of the relevant portion of a screenshot of Defendants' Amazon listing for the Accused Products on Amazon, taken on February 8, 2022 (Rosenberg Decl. Ex. 4), is shown below.



Thus, more than three months after the Court entered the Judgments and more than five weeks after the Exemption expired, Defendants are still, among other prohibited acts, offering for sale, promoting, and selling the very products that were the subject of this action and the Judgments. When confronted with these prohibited sales, Defendants have evaded the issue and claimed that they are selling a different

**MPA ISO PLAINTIFF'S EX PARTE MOT. FOR OSC RE CONTEMPT**      4      Case No. 3:21-cv-00433-CAB-DEB

product; in effect, claiming that, instead of violating the Injunction, they are engaging in false advertising under 15 U.S.C. §1125(a)(2) by using photos of the Accused Products to sell another product. Defendants have also asserted that Kaotica is interfering with their business through its efforts to have Facebook and other platforms take down listings displaying the original Accused Products, i.e., by insisting that Defendants comply with the Injunction and the Exemption.

Even though Defendants continue to promote and offer the Accused Products for sale, it does appear that Defendants are, at least occasionally, fulfilling orders for the original Accused Products with slightly modified versions thereof. In other words, a bait and switch. As shown in the comparison chart attached as Exhibit 5 to the Rosenberg Declaration, the modified product (the "New Product") and the original Accused Products are nearly identical. The only noticeable design difference between the two products are the interior grooves of the New Product, which are difficult to discern in normal lighting conditions and are not seen at all when the New Product's "pop" filter is put in place. Moreover, the grooves have no bearing on trade dress issues as Kaotica's Trade Dress only includes the exterior of the product with the pop filter covering the product's interior. (ECF No. 43 at Ex. 1; Rosenberg Decl. at Ex. 1.) It is noted that the pop filter for the Kaotica Eyeball comes in a number of different colors, including red, as do the filters for the Defendants' products offered for sale on Amazon. (ECF 43 at Ex. 1; Rosenberg Decl., Ex. 8; Zukowski Declaration at ¶2.)

| New Product | Accused Products |
|---|---|



A comparison of the front view of Kaotica's Trade Dress and the New Product

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

is shown below.[2]

| Kaotica Trade Dress | New Product |
|---|---|
|  | |

On multiple occasions in November and December 2021 and in January 2022, Kaotica put Defendants on notice of their violations of the injunction, but to no avail. As these facts show, despite Defendants' agreement to the terms of the Judgments, and the Injunction contained therein, Defendants never intended to abide by the Injunction or the limitations of the Exemption. Instead, Defendants used the Judgments as a tool to halt the underlying litigation so they could continue their infringing conduct, leaving it up to Kaotica to force their compliance. This is a classic instance of contempt of a court's order for which Defendants should be held liable.

## III.  LEGAL STANDARD

"There is no question that courts have inherent power to enforce compliance with their lawful orders through civil contempt." *Cal. Dep't of Soc. Servs. v. Leavitt*, 523 F.3d 1025, 1033 (9th Cir. 2008) (quoting *Shillitani v. United States*, 384 U.S. 364, 370 (1966)). To establish contempt, the moving party "must demonstrate by clear and convincing evidence that the alleged contemnor violated a specific and definite court order by failing to 'take all reasonable steps within the party's power to comply.'" *H.I.S.C., Inc. v. Franmar Int'l Importers, Ltd.*, No. 3:16-CV-0480-BEN-WVG, 2022 WL 104730, at *2 (S.D. Cal. Jan. 11, 2022) (quoting *In re Dual-Deck*

---

[2] For the purposes of this motion, Kaotica focuses on the New Product's infringement of the '690 Patent and Kaotica's Trade Dress. Kaotica reserves all right with respect to the New Product's infringement of U.S. Patent No. 8,737,662.

**MPA ISO PLAINTIFF'S EX PARTE MOT.**
**FOR OSC RE CONTEMPT**

6

Case No. 3:21-cv-00433-CAB-DEB

*Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993)). If the moving party successfully makes such a showing, "the burden shifts to the contemnor to demonstrate why they were unable to comply." *H.I.S.C.*, 2022 WL 104730, at *2 (internal quotation omitted).

"The contempt need not be willful, and there is no good faith exception to the requirement of obedience to a court order." *H.I.S.C.*, 2022 WL 104730, at *2 (internal quotations omitted).

When a court finds a party in contempt, it has "broad equitable power to order appropriate relief in civil contempt proceedings." *SEC v. Hickey*, 322 F.3d 1123, 1128 (9th Cir. 2003). "Appropriate sanctions may be imposed to coerce the contemnor into compliance with the court's order, to compensate the complainant for losses sustained as a result of the contemptuous behavior, or both." *Forever 21, Inc. v. Ultimate Offprice, Inc.*, No. 2:10-CV-05485-ODW, 2013 WL 4718366, at *3 (C.D. Cal. Sept. 3, 2013).

## IV. ARGUMENT

As established by the above facts, and in the accompanying declarations of Mark J. Rosenberg, Tim J. Billick, and Konrad Zukowski, Defendants have blatantly, willfully, and continuously defied the Injunction from nearly the day that it was entered. Kaotica respectfully submits that such conduct calls for action by this Court to ensure Defendants' future compliance with the Injunction and to compensate Kaotica for its damages and the expenses it has incurred and will incur due to Defendants' violation of the Injunction.

### A. The Injunction Is a "Specific and Definite" Court Order.

The language of the Injunction is clear and unambiguous. It states:

> 8. Effective on January 1, 2022, . . . Iconic Mars, its parents, subsidiaries and their respective officers, shareholders, agents, servants, employees, attorneys, instrumentalities, and those persons in privity, active concert, or participation with them, are permanently enjoined from any and all acts of direct, contributory

MPA ISO PLAINTIFF'S EX PARTE MOT.
FOR OSC RE CONTEMPT

7

Case No. 3:21-cv-00433-CAB-DEB

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

or induced infringement of the '662 Patent, the '690 Patent, the Kaotica Copyright and the Kaotica Trade Dress, including, without limitation, (a) the manufacture, use, sale, offer for sale, advertising, promotion, distribution and importation of the Accused Products in and to the United States; (b) causing or inducing others to manufacture, use, sell, offer for sale, advertise, promote, distribute or import the Accused Products in and to the United States; (c) reproducing, creating derivative works from and publicly displaying the Kaotica Text or any text that is substantially similar to the Kaotica Text; and (d) causing or inducing others to reproduce, create derivative works from or publicly displaying the Kaotica Text or any text that is substantially similar to the Kaotica Text (the "Injunction").

. . .

12. Prior to January 1, 2022, in the United States Iconic Mars, its parents, subsidiaries and their respective officers, shareholders, agents, servants, employees, attorneys, instrumentalities, and those persons in privity, active concert, or participation with them shall only offer for sale and sell the Accused Products on Iconic Mars' website, which has the web address of www.iconicmars.com.

(ECF Nos. 41 & 43 at ¶¶8, 12.) More succinctly, and with particular relevance to Defendants' contempt, the Injunction "permanently enjoined" Defendants from: (i) "the . . . sale, offer for sale, [and] advertising . . . of the Accused Products in and to the United States" "[e]ffective on January 1, 2022" (*Id.* at ¶8); (ii) otherwise "infring[ing] . . . the '690 Patent . . . and the Kaotica Trade Dress" "[e]ffective on January 1, 2022" (*Id.*); and (iii) "[p]rior to January 1, 2022," "offer[ing] for sale and sell[ing] the Accused Products" in channels other than "on Iconic Mars' website" (*Id.* at ¶12).

Each of Kaotica's relevant intellectual property rights—including "the '690 Patent," and "the Kaotica Trade Dress"—were clearly defined in the Judgments that were acknowledged and agreed to by Defendants. (*Id.* at ¶3.) And, with respect to the Accused Products and any colorable imitations thereof, Defendants conceded the validity of Kaotica's intellectual property rights. (*Id.* at ¶¶3, 9–11.) Consequently, the language and the prohibition are objectively "specific and definite."

**B.** **There Is Clear and Convincing Evidence of Defendants' Failure to Comply with the Injunction.**

**1.** **Defendants' Sales, Offers for Sale, and Advertising of the Accused Products after January 1, 2022**

There is clear and convincing evidence that Defendants have violated and are continuing to violate the portion of the Injunction enjoining Defendants from selling, offering for sale, and advertising the Accused Products in the United States after January 1, 2022.

For example, Defendants are currently advertising and offering the Accused Products for sale on Amazon.com, as shown by the screenshot below, taken on February 8, 2022. (Rosenberg Decl., Ex. 4.)



KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

SAppx.36



Likewise, Defendants are advertising and offering the Accused Products for sale on Facebook, as shown by the screenshot to the left, taken on February 5, 2022. (Rosenberg Decl., Ex. 11.)

Defendants are also advertising and offering the Accused Products for sale on the Iconic Mars website, as shown by the screenshot below, taken on February 4, 2022. (Rosenberg Decl., Ex. 9.)

Defendants should be found in contempt of the Injunction and the Judgments,

as these advertisements and offers for sale of the Accused Products are a clear violation of the specific and definite restrictions of the Injunction.

## 2. Defendants' Sales of the New Products after January 1, 2022

### a. The New Product Is Not "Colorably Different" from the Accused Products.

As discussed above, after the Injunction was entered, Defendants came out with their New Product, which is almost identical to the original Accused Products. The only substantive difference between the two products is that the New Product includes grooves in the interior channel which are difficult to discern in normal lighting conditions and not seen at all when the pop filter is in place. The New Product also includes minor changes to the outside shape which do not change the overall appearance of the product.

In the context of an injunction based on patent infringement, "the party seeking to enforce the injunction must prove both that the newly accused product is not more than *colorably different* from the product found to infringe and that the newly accused product actually infringes." *TiVo Inc. v. EchoStar Corp.*, 646 F.3d 869, 882 (Fed. Cir. 2011) (emphasis added). "The primary question on contempt should be whether the newly accused product is so different from the product previously found to infringe that it raises a fair ground of doubt as to the wrongfulness of the defendant's conduct." *Id.* (internal quotation omitted). "The analysis must focus *not on differences between randomly chosen features* of the product found to infringe in the earlier infringement trial and the newly accused product, but on those aspects of the accused product that were previously alleged to be, and were a basis for, the prior finding of infringement, and the modified features of the newly accused product." *Id.* (emphasis added and internal citation omitted). To be more than colorable, the modification must be "significant." *Id.*

Similarly, "[i]n the context of trademark-infringement actions, a party who has once infringed is allowed less leniency for purposes of injunction enforcement than

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

an innocent party." *H.I.S.C.*, 2022 WL 104730, at *2 (internal quotation omitted). After a finding of infringement has been made, a prior infringer "must keep a fair distance from the 'margin line.'" *Wolfard Glassblowing Co. v. Vanbragt*, 118 F.3d 1320, 1322 (9th Cir. 1997). "This requirement exists to protect the plaintiff from the scenario where the enjoined infringer makes an insignificant change and begins a new trademark contest in the context of a contempt hearing." *H.I.S.C.*, 2022 WL 104730, at *2 (internal quotation omitted).

Here, as shown in the chart attached to the Rosenberg Declaration as Exhibit 5, the New Product is not more than colorably different from the Accused Products—indeed, it is almost identical. As shown below, any minor differences are insignificant with respect to the overall appearance of the product, which is relevant to both design patent and trade dress infringement:



| Kaotica Trade Dress | Accused Products | New Product |
| --- | --- | --- |
| '690 Patent | Accused Products | New Product |

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108



FIG. 2

FIG. 3

FIG. 4

FIG. 5

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

**MPA ISO PLAINTIFF'S EX PARTE MOT. FOR OSC RE CONTEMPT**

13

Case No. 3:21-cv-00433-CAB-DEB



FIG. 6

FIG. 7

As shown above, the minor changes between the Accused Products and the New Product are barely noticeable. The overall appearance and impression of the New Product is still extremely close to the design claimed by the '690 Patent and the Kaotica Trade Dress. Thus, the changes are nowhere near the "significant" changes that would be needed to make the New Product more than "colorably different" and "keep a fair distance" from the line of infringement. *TiVo*, 646 F.3d at 882; *Wolfard*, 118 F.3d at 1322.

### b.     The New Product Infringes the '690 Patent.

Because the New Product is almost identical to the Accused Products, it infringes the '690 Patent for the same reasons discussed in Kaotica's Motion for Preliminary Injunction, (*See* ECF No. 23-1 at 13–15), which are addressed below.

The infringement analysis for design patents is a two-step process in which the claim at issue is construed as a matter of law, and then applied to the accused device to determine as a matter of fact whether the claim is infringed. *Rosen Entn't Sys., LP*



**KRONENBERGER ROSENFELD**
150 Post Street, Suite 520 San Francisco, CA 94108

**MPA ISO PLAINTIFF'S EX PARTE MOT. FOR OSC RE CONTEMPT**

14

Case No. 3:21-cv-00433-CAB-DEB

**SAppx.41**

*v. Icon Enters, Inc.*, 359 F. Supp. 2d 902, 908 (C.D. Cal. 2005). However, claim construction is typically simpler in the design patent context because it should avoid "a detailed verbal description of the claimed design" as is typically done in utility patent cases. *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 679 (Fed. Cir. 2008). The reason for this caution is that if a design is verbally described in detail, the finder of fact may "focus on each individual described feature in the verbal description rather than on the design as a whole." *Id.* at 679–80.

Instead, to ensure that the finder of fact focuses on the design as a whole, it is preferable to let the design patent drawings speak for themselves. *See id.* Therefore, in this case, a proper construction of the claim of the '690 Patent is "[t]he ornamental design for a noise mitigating microphone attachment, as shown and described" in Figures 1 through 7. *See, e.g., id.* at 679 (citing *Contessa Food Prods., Inc. v. Conagra, Inc.*, 282 F.3d 1370, 1377 (Fed. Cir. 2002), in which the Federal Circuit approved of the district court's claim construction of "a tray of a certain design as shown in Figures 1–3").

The next step is to determine whether Defendants' New Product infringes the claim so construed. Infringement of a design patent is analyzed using the "ordinary observer" test. *Egyptian Goddess*, 543 F.3d at 678. An accused design infringes a design patent if "an ordinary observer, taking into account the prior art, would believe the accused design to be the same as the patented design." *Id.* at 670, 682; *see also Gorham Mfg. Co. v. White*, 81 U.S. 511, 528 (1871) ("If, in the eye of an ordinary observer, giving such attention as a purchaser usually gives, two designs are substantially the same, if the resemblance is such as to deceive such an observer, inducing him to purchase one supposing it to be the other, the first one patented is infringed by the other.").

The two designs "need not be the same 'to the eye of an expert,' because if that were the test, 'there never could be piracy of a patented design, for human ingenuity has never yet produced a design, in all its details, exactly like another, so like, that an

MPA ISO PLAINTIFF'S EX PARTE MOT.
FOR OSC RE CONTEMPT
15
Case No. 3:21-cv-00433-CAB-DEB

SAppx.42

expert could not distinguish them." *Egyptian Goddess*, 543 F.3d at 670 (quoting *Gorham*, 81 U.S. at 527). "[M]inor differences between a patented design and an accused article's design cannot, and shall not, prevent a finding of infringement." *Crocs, Inc. v. ITC*, 598 F.3d 1294, 1303 (Fed. Cir. 2010); *see also, e.g.*, *Blackberry Ltd. v. Typo Prod. LLC*, No. 14-CV-00023-WHO, 2014 WL 1318689, at *5 (N.D. Cal. Mar. 28, 2014) (granting preliminary injunction where differences between the claimed design and accused product were "insignificant and [did] not alter the overall impression that the two designs are the same").

Here, the design of Defendants' New Product (just like the Accused Products) is essentially identical to Kaotica's patented design and Trade Dress. Indeed, because a judgment was entered against Defendants and in favor of Kaotica on all of its claims, including its claims for design patent infringement and trade dress infringement, (ECF Nos. 41 at 43 at ¶23), the Accused Products have been deemed to infringe the '690 Patent and the Kaotica Trade Dress.

Even if res judicata does not apply, an ordinary observer of the New Product and the design claimed by the '690 Patent, giving the attention which one would ordinarily give, would immediately notice the overall similarities between the two:

| '690 Patent | Accused Product | New Product |
|---|---|---|



FIG. 1

A side-by-side comparison of each of the figures of the '690 Patent with corresponding views of the New Product is attached to the Rosenberg Declaration as Exhibit 6. (*See also supra* §III.B.2.a.) While minor differences exist, those differences

**MPA ISO PLAINTIFF'S EX PARTE MOT. FOR OSC RE CONTEMPT**      16      Case No. 3:21-cv-00433-CAB-DEB

do not diminish the deceptively similar overall appearance of the New Product and the design claimed in the '690 Patent. As such, the New Product infringes the '690 Patent and for this reason alone, Defendants are in contempt of the Injunction.

**c.**      **The New Product Infringes the Kaotica Trade Dress**

Likewise, because the New Product is almost identical to the Accused Products, it infringes the Kaotica Trade Dress for the same reasons as the Accused Products. Unlike for patent infringement claims, with respect to contempt of injunctions relating to a trade dress infringement claim, the Court need not engage in a full infringement analysis, such as an analysis of the *Sleekcraft* factors. Rather, the Court need only determine that that the design of the New Product is confusingly similar to the Kaotica Trade Dress. *Wolfard*, 118 F.3d at 1322 ("When enforcing injunctions that enjoin use of any mark confusingly similar to the protected mark, courts should not adjudicate issues such as product proximity but should simply evaluate whether or not the new mark is confusingly similar to the protected mark.").

Kaotica "is not required to muster all of the evidence it would need to make out an original infringement case in order to prove contempt." *Id.* "[Kaotica] would have had no incentive to settle its infringement case if the resulting injunction could not be enforced without renewed litigation of all of the elements of its original infringement claim." *Id.* "The question is no longer trademark infringement; it is whether [Defendants'] [N]ew [Product] is a 'colorable imitation' of [Kaotica]'s [Product]." *Id.* As discussed above (*see supra* §III.B.2.a.) and as shown in Exhibit 5 to the Rosenberg Declaration, Defendants' New Product is almost identical to their original Accused Products, which is the subject of the Injunction.

Defendants' almost identical New Product clearly does not "keep a fair distance from the 'margin line.'" *Wolfard*, 118 F.3d at 1323. Defendants did not comply with their "duty to stay well away from" Kaotica's Kaotica Trade Dress, and thus should be found in contempt. *See, e.g.*, *H.I.S.C.*, 2022 WL 104730, at \*3 (finding contempt where enjoined party made only "an insignificant modification").

KRONENBERGER ROSENFELD

150 Post Street, Suite 520 San Francisco, CA 94108

### 3. Defendants' Offers for Sale of the Accused Products Outside of Defendants' Website

In addition to the above ongoing violations of the Injunction, there is clear and convincing evidence that Defendants violated the Injunction immediately after it was entered by offering the Accused Products for sale in channels other than "on Iconic Mars' website," as required by the Exemption. (ECF No. 43 at ¶12.)



For example, in early November 2021, Defendants offered the Accused Products for sale on Amazon and eBay. (Rosenberg Decl. at Ex. 2.) During December 2021, Defendants offered the Accused Products for sale on Facebook, as shown by the screenshot to the left, taken on December 7, 2021. (*Id.* at Ex. 3.) When put on notice of this violation, Defendants argued that this (and other similar offers for sale on other platforms other than Defendants' websites) were somehow not violating the Injunction because they were not true "offers for sale." (Rosenberg Decl. at Ex. 7.) As noted above, Defendants claimed that this was so because clicking on the "Checkout on Website" does not "complete the sale," but rather brings the consumer to Defendants' website and where the consumer needs to "select how many products they want to order, the types of products they want to

order, where the products are to be delivered, etc." prior to completing the sale. *Id.*

Defendants' argument is nonsense. The screenshot above displays the product, states what the price is, and gives the customer specific instructions regarding how to place an order, i.e., by clicking on the *"Checkout"* button. The fact that the customer must provide additional details on subsequent pages regarding their sale is simply the nature of modern ecommerce and does not transform a "Checkout" button into a mere advertisement. *See, e.g.*, *3D Sys., Inc. v. Aarotech Lab'ys, Inc.*, 160 F.3d 1373, 1379 (Fed. Cir. 1998) (finding "price quotation letters" which "state on their face that they are purportedly not offers," to be "offers to sell" because they included "a description of the allegedly infringing merchandise and the price at which it can be purchased"); *ISCO Int'l, Inc. v. Conductus, Inc.*, No. C.A. 01-487-GMS, 2003 WL 280276, at *2 (D. Del. Feb. 10, 2003) ("Web site pages or 'advertisements' are considered offers for sale if they include pricing and/or other ordering information[.]").

Pursuant to the stipulated Injunction, the Exemption was a compromise that permitted Defendants to sell off their stock of the Accused Products for a limited time, but *only by offers for sale and sales through Defendants' Website*, and the Court so ordered that Exemption. Defendants were not permitted to unilaterally back out of their agreement and disregard the Court's order by simply creating a clumsy checkout process.

These offers for sale of the Accused Products on platforms other than Defendants' Website were clear and repeated violations of the specific and definite restrictions of the Injunction, and Defendants should therefore be found in contempt.

### C. The Sanctions Requested by Kaotica are Appropriate.

After finding a party in civil contempt, the court may impose sanctions. *Koninklijke Philips Elecs. N.V. v. KXD Tech., Inc.*, 539 F.3d 1039, 1042–43 (9th Cir. 2008). The sanctions may be awarded for either or both of two purposes: (i) to compensate the complainant for losses sustained from violations of the court's order; and (ii) to coerce the defendant into compliance. *See Gen. Signal Corp. v. Donallco,*

**MPA ISO PLAINTIFF'S EX PARTE MOT.**
**FOR OSC RE CONTEMPT**                                  19                         Case No. 3:21-cv-00433-CAB-DEB

*Inc.*, 787 F.2d 1376, 1380 (9th Cir. 1986). Both purposes apply here. Sanctions should be levied against Defendants to both compensate Kaotica for the extended damage to its rights, the additional expenses it has had to incur as a result of the Defendants' violations, and to coerce Defendants into complying with the Injunction entered by the Court.

Civil sanctions may include attorneys' fees, costs, and a per diem fine until compliance has been established. *See id.* (dismissing appeal relating to assessment of attorneys' fees, lost royalties, storage costs, and per diem fine for further violations as sanction for violation of preliminary injunction in trademark case). In deciding whether to award sanctions, courts consider: (1) the harm arising from non-compliance; (2) the probable effectiveness of the sanction; (3) the contemnor's financial resources and the burden sanctions may impose; and (4) the contemnor's willfulness in disregarding the court's order. *See United States v. United Mine Workers of Am.*, 330 U.S. 258, 303–04 (1947); *Advanced Cleanup Techs., Inc. v. BP Am., Inc.*, No. 2:14–cv–09033. 2018 WL 941663. *2 (C.D. Cal. Feb. 16, 2018) (same).

Kaotica respectfully requests that the Court impose sanctions (i) paying coercive sanctions to the Court; (ii) requiring Defendants to pay to Kaotica an amount equal to all of Defendants' profits from all sales of the Accused Products and New Product since inception, or in the alternative, all of Defendants' profits from all sales of the Accused Products (a) made on or through Facebook, eBay, and Amazon.com between October 28, 2021 through and including December 31, 2021, and (b) from sales of the Accused Products and the New Product since January 1, 2022; (iii) requiring Defendants to pay to Kaotica an amount sufficient to reimburse Kaotica for its costs, expenses, and reasonable attorney's fees in investigating and remedying the violation, including prosecuting this Motion; (iv) requiring Defendants to destroy any and all Accused Products, the New Product, or colorable imitations thereof in Defendants' possession or control; (v) referring this case to a magistrate judge for

**MPA ISO PLAINTIFF'S EX PARTE MOT. FOR OSC RE CONTEMPT**　　20　　Case No. 3:21-cv-00433-CAB-DEB

**SAppx.47**

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

damages discovery to determine Defendants' sales and provable deductions, and Kaotica's costs, expenses and attorneys' fees and Defendants' profits.

### 1. Compensatory Sanctions are an Appropriate Remedy in this Case.

After holding a party in civil contempt, a court may award compensatory damages to be paid directly to the party that brought the action. "Sanctions for civil contempt may be imposed to coerce obedience to a court order, or to compensate the party pursuing the contempt action for injuries resulting from the contemptuous behavior, or both." *Toyo Tire & Rubber Co. v. Hong Kong Tri-Ace Tire Co.*, 281 F. Supp. 3d 967, 987–88 (C.D. Cal. 2017). "The measure of compensatory sanctions must be proven by a preponderance of the evidence, not by clear and convincing evidence." *Fed. Trade Comm'n v. Dayton Fam. Prods.*, 2:97-cv-00750-GMN-VCF, 2016 WL 1047353, at *9 (D. Nev. Mar. 16, 2016), *aff'd sub nom. Fed. Trade Comm'n v. Burke*, 699 F. App'x 669 (9th Cir. 2017).

Although the purpose of a compensatory monetary award is meant to correspond with the amount of damage to the requesting party, the requesting party need not prove actual damages, and disgorgement of Defendants' profits can be used as an appropriate measure of damages.

 "[D]isgorgement of profits is a traditional trademark remedy and the district court's use of profits as a measure for the contempt sanction is hardly a novel proposition." *Jerry's Famous Deli, Inc. v. Papanicolaou*, 383 F.3d 998, 1004 (9th Cir. 2004); *Toyo Tire*, 281 F. Supp. 3d at 993. Disgorgement of profits is also a remedy for infringement of a design patent. *See* 35 U.S.C. §289.

To deter Defendants from future violations, a full accounting of its profits from its sale and distribution of the Accused Products and the New Product, both before and after the entry of the Injunction, is proper. *See, e.g.*, *Eros Entm't, Inc. v. Melody Spot, L.L.C.*, No. 99-cv-1157, 2005 WL 4655385, at *7 (E.D.N.Y. Oct. 11, 2005) (concluding that the "appropriate remedy" for contempt was the "compensatory and

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

punitive damages to which they would have been entitled had they not entered into the Consent Judgment"); *W. E. Bassett Co. v. Revlon, Inc.*, 435 F.2d 656, 664 (2d Cir. 1970) (awarding an accounting of trademark infringer's profits from the sale of the infringing article both before and after entry of preliminary injunction). The Amended Judgment was entered into by Kaotica in exchange for Defendants submitting to the Injunction; had Kaotica known that Defendants intended to simply carry on with their infringing activities, it would have pursued the litigation for the full amount of damages to which Kaotica would have been entitled but for the parties' agreement to resolve this action. Thus, in light of Defendants' subsequent violations, Kaotica should now be compensated for its full amount of damages. Such accounting is necessary where, as here, future deliberate violations would not be adequately deterred by lesser remedies. *See, e.g.*, *W. E. Bassett Co.*, 435 F.2d at 664 ("An accounting should be granted if the defendant is unjustly enriched, if the plaintiff sustained damages from the infringement, or if an accounting is necessary to deter a willful infringer from doing so again.").

Through their violation of the Injunction, Defendants have demonstrated their intent to continue to violate Kaotica's intellectual property rights and disregard the authority of this Court. In light of Defendants' continued and repeated violations of the Injunction, only a full accounting will help to ensure that the Defendants cease their violations and compensate Kaotica for Defendants' unjust enrichment.

Here, Kaotica is unaware of the actual number of products sold by Defendants in violation of the Amended Judgment, and thus respectfully requests that the Court defer the determination of the amount of damages to be awarded in favor of limited discovery on the issue of Defendants' sales. *See, e.g.*, *Daimler AG, v. A-Z Wheels LLC*, No. 16-CV-875 JLS (MDD), 2022 WL 281580, at *6 (S.D. Cal. Jan. 31, 2022) ("Defendants shall within sixty (60) days from the date of this Order . . . [p]roduce to Plaintiff an accounting of all profits received from the marketing and sale of products in violation of the permanent injunction."); *H.I.S.C.*, 2022 WL 104730, at *6 (finding

**MPA ISO PLAINTIFF'S EX PARTE MOT. FOR OSC RE CONTEMPT**

22

Case No. 3:21-cv-00433-CAB-DEB

contempt of injunction but "reserv[ing] the issue of damages" and "order[ing] discovery of Plaintiffs' and Defendants' corporate records"); *Seal Shield, LLC v. Otter Products, LLC*, No. 13-cv-2736-CAB (NLS), Order at 6 (C.D. Cal. Dec. 30, 2014), ECF No. 163 (Rosenberg Decl., Ex. 12) (ordering contumacious party to provide "an accounting, including the gross and net profits" for all enjoined products within 30 days of the order finding contempt).

### 2.   An Award of Attorney's Fees and Costs is Appropriate

Due to Defendants' willful contempt of the Injunction, Kaotica has incurred substantial expenses, including attorney's fees and other expenses. Kaotica is entitled to recover such attorney's fees and costs, including the costs of investigation. *See, e.g.*, *Daimler*, 2022 WL 281580, at *5 ("Compensatory sanctions may also take the form of Plaintiff's attorneys' fees in obtaining the contempt finding."); *Natural Fashions, Inc. v. Best of Kashmir*, No. 2:15-cv-00033-MCE-CMK, 2021 WL 1264916, at *4 (E.D. Cal. Apr. 6, 2021) (awarding compensatory payment and reasonable attorney's fees for selling products that infringed plaintiff's copyright, in violation of injunction); *Toyo Tire*, 281 F. Supp. 3d at 993 (awarding "reasonable attorneys' fees and costs reasonably and necessarily incurred in an attempt to enforce compliance with the Final Judgment" as part of compensatory award).

Kaotica respectfully requests that the Court defer a determination of Kaotica's reasonable attorney's fees and costs incurred in an attempt to enforce compliance with the Amended Judgment until after the parties complete their discovery regarding Defendants' profits, in the interests of judicial economy and conserving the parties' resources. *See, e.g.*, *Line-X LLC v. Tefft*, No. 5:20-CV-01707-SB-SHK, 2021 WL 6494881, at *2 (C.D. Cal. Dec. 21, 2021) (granting attorney's fees based on evidence submitted at hearing on order to show cause for contempt of injunction); *Seal Shield*, No. 13-cv-2736-CAB (NLS), ECF No. 163 at 6 (awarding attorneys' fees as part of order finding contempt of injunction and permitting movant about two weeks to file application for fees). Kaotica is prepared to provide supplemental briefing and

**MPA ISO PLAINTIFF'S EX PARTE MOT. FOR OSC RE CONTEMPT**   23   Case No. 3:21-cv-00433-CAB-DEB

evidence regarding the amount of fees sought upon request by the Court.

## V.   CONCLUSION

For the foregoing reasons, Kaotica requests that the Court enter an Order:

(1)   declaring that Defendants are in civil contempt of this Court for violating the Injunction, and that Defendants be further restrained from violating the Injunction;

(2)   requiring Defendants to pay coercive sanctions to the Court in an amount the Court determines to be just and proper for each day from November 1, 2021 through at least the date that this motion was submitted;

(3)   requiring Defendants to pay to Kaotica an amount equal to all of Defendants' profits, both before and after the entry of the Injunction, generated from the Accused Products or colorable imitations thereof;

(4)   requiring Defendants to pay to Kaotica an amount sufficient to reimburse Kaotica for its costs, expenses, and reasonable attorney's fees in investigating and remedying the violation, including prosecuting this Motion;

(5)   requiring Defendants to destroy any and all Accused Products and New Products, or colorable imitations thereof in Defendants' possession or control;

(6)   referring this case to a magistrate judge for damages discovery to determine Defendants' sales and provable deductions, and Kaotica's costs, expenses and attorney's fees and Defendants' profits; and

(7)   ordering such other relief as may be just and proper.

//
//
//
//

MPA ISO PLAINTIFF'S EX PARTE MOT. FOR OSC RE CONTEMPT

24

Case No. 3:21-cv-00433-CAB-DEB

Respectfully submitted,

Dated: February 9, 2022

TARTER KRINSKY & DROGIN LLP

By:   */s/ Mark J. Rosenberg*

Mark J. Rosenberg (admitted *pro hac vice*)
mrosenberg@tarterkrinsky.com
TARTER KRINSKY & DROGIN LLP
1350 Broadway
New York, NY 10018
Tel: (212) 216-8000
Fax: (212) 216-8001

Jeffrey M. Rosenfeld (SBN 222187)
jeff@krinternetlaw.com
KRONENBERGER ROSENFELD, LLP
150 Post Street, Suite 520
San Francisco, CA  94108
Tel: (415) 955-1155
Fax: (415) 955-1158

*Attorneys for Plaintiff Kaotica IP Corp.*

**MPA ISO PLAINTIFF'S EX PARTE MOT. FOR OSC RE CONTEMPT**

25

Case No. 3:21-cv-00433-CAB-DEB

**SAppx.52**

KILPATRICK TOWNSEND & STOCKTON LLP

Dario A. Machleidt (Admitted *Pro Hac Vice*)
dmachleidt@ktslaw.com
1420 Fifth Avenue
Seattle, WA 98101
Telephone: (206) 224-2857
Facsimile: (206) 374-2199

Attorney for Plaintiff
KAOTICA IP CORP.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAOTICA IP CORP., a Canadian corporation,<br><br>Plaintiff,<br><br>v.<br><br>ICONIC MARS CORPORATION, a California corporation, et al.<br><br>Defendant. | Case No. 3:21-cv-00433-CAB-DEB<br><br>**DECLARATION OF DARIO A. MACHLEIDT IN SUPPORT OF KAOTICA'S OPPOSITION TO MOTION TO CORRECT MISTAKE IN STIPULATED JUDGMENT**<br><br>Hearing Date: May 16, 2025<br><br>Honorable Cathy Ann Bencivengo |

MACHLEIDT DECLARATION ISO KAOTICA'S OPPOSITION TO MOTION TO CORRECT
MISTAKE IN STIPULATED JUDGMENT
CASE NO. 3:21-cv-00433-CAB-DEB

- 1 -

**SAppx.53**

I, Dario A. Machleidt, declare:

1.      I am an attorney duly licensed to practice law in the State of Washington and admitted to this Court. I am an attorney at the law firm of Kilpatrick Townsend & Stockton LLP, counsel for Defendant Kaotica IP Corp. ("Kaotica") in the above-referenced action.

2.      I have personal knowledge of the facts stated in this declaration and, if called upon to do so, I could and would competently testify hereto.

3.      Attached hereto as Exhibit 1 is a true and correct copy of a Page Vault capture of the website https://www.facebook.com/iconicmarsinc/photos/2846504922231203 taken on October 6, 2022.

4.      Attached hereto as Exhibit 2 is a true and correct copy of excerpts of the Rule 30(b)(6) deposition of Iconic Mars Corporation and the Rule 30(b)(1) deposition of Mr. James Olaleye taken on July 13, 2023 annotated to highlight portions cited in Kaotica's opposition.

5.      Attached hereto as Exhibit 3 is a true and correct copy of excerpts of Iconic Mars Corporation's verified Responses to Kaotica's Second Set of Interrogatories annotated to highlight portions cited in Kaotica's opposition.

6.      Attached hereto as Exhibit 4 is a true and correct copy of excerpts of the trial transcript from *Iconic Mars Corporation v. Kaotica Corporation*, No. 22-cv-0092-CAB-DEB annotated to highlight portions cited in Kaotica's opposition.

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED: May 14, 2025               */s/ Dario A. Machleidt*
                                  Dario A. Machleidt

MACHLEIDT DECLARATION ISO KAOTICA'S OPPOSITION TO MOTION TO CORRECT
MISTAKE IN STIPULATED JUDGMENT                                          - 1 -
CASE NO. 3:21-cv-00433-CAB-DEB

**SAppx.54**

# EXHIBIT 2

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

ICONIC MARS CORPORATION,              )

a California corporation,             )
                                      )
            Plaintiff,                )
                                      )
      vs.                             ) Case No.
                                      ) 3:22-cv-00092
KAOTICA CORPORATION, a                ) CAB-DEB
Canadian corporation,                 )
                                      )

            Defendant.                )

_____)
                                      )
And Related Counterclaims.            )

_____)

                  ***CONFIDENTIAL***

  30(B)(6) VIDEO DEPOSITION OF ICONIC MARS CORPORATION AND
        OLUSEYI OLALEYE IN HIS INDIVIDUAL CAPACITY
                   JULY 13, 2023
                 SAN DIEGO, CALIFORNIA

Job No. 10123539

Pages 1 - 274

Reported by

Cynthia J. Vega, RMR, RDR, CSR 6640, CCRR 95

Oluseyi  Olaleye

APPEARANCES


For the Plaintiff:

SML AVVOCATI PC

By:  Shawn Lyons, Esq.

     Joshua N. Osborn, Esq.

888 Prospect Street, Suite 200

La Jolla, California  92037

(949) 636-1391

arl@smlavvocati.com

jno@smlavvocati.com


For the Defendant:

KILPATRICK TOWNSEND & STOCKTON LLP

By:  Kathleen R. Geyer, Esq.

     Dario A. Machleidt, Esq.

1420 Fifth Avenue

Seattle, Washington  98101

(206) 224-2857

kgeyer@kilpatricktownsend.com

dmachleidt@kilpatricktownsend.com


The Videographer:

Matt Miller

                    * * * * *

**SAppx.57**

The video deposition of Oluseyi Olaleye, a Witness herein, taken on behalf of Defendant, on Thursday, July 13, 2023, before Cynthia J. Vega, CSR 6640, beginning at the hour of 9:37 a.m., at 12255 El Camino Real, Suite 250, in the City of San Diego, County of San Diego, State of California.

**SAppx.58**

**Oluseyi  Olaleye**

INDEX

WITNESS

Oluseyi Olaleye

EXAMINATION                                      PAGE

By Ms. Geyer                                        8

By Mr. Osborn                                     259

By Ms. Geyer                                      268

                         EXHIBITS

EXHIBIT       DESCRIPTION                         PAGE

Exhibit 1    Defendant Kaotica Corporation's       9

             Amended Notice of Deposition of

             Iconic Mars Corporation Pursuant

             to Rule 30(b)(6)

Exhibit 2    Responses to Defendant Kaotica       12

             Corporation's First Requests for

             Admission

Exhibit 3    Responses to Kaotica's               20

             Interrogatories

Exhibit 4    Video, Kaotica0000438                25

Exhibit 5    Video, Kaotica0000437                26

Exhibit 6    Responses to Defendant Kaotica       31

             Corporation's Third Set of

             Interrogatories

**SAppx.59**

**Confidential**                **Iconic Mars Corp. vs. Kaotica Corp.**

EXHIBITS

| EXHIBIT | DESCRIPTION | PAGE |
|---|---|---|
| Exhibit 7 | Financial records spreadsheet | 39 |
| Exhibit 8 | Spreadsheet, Bates IMC000512 | 53 |
| Exhibit 9 | Sales Magnitude invoice, January 21, 2022 | 57 |
| Exhibit 10 | Order details Shenzhen Packgift Technology Co., Ltd. | 76 |
| Exhibit 11 | Chase for Business transaction, July 11, 2022 | 85 |
| Exhibit 12 | Chase for Business transaction, May 11, 2022 | 85 |
| Exhibit 13 | Chase for Business transaction, February 27, 2022 | 85 |
| Exhibit 14 | Responses to Defendant Kaotica Corporation's Second Set of Interrogatories | 96 |
| Exhibit 15 | Facebook page printout | 104 |
| Exhibit 16 | Email string, November 1, 2021 | 112 |
| Exhibit 17 | Web page search screen shot for Kaotica eyeball reviews | 163 |
| Exhibit 18 | Web page search screen shot for eyeball microphone | 165 |
| Exhibit 19 | Web page search screen shot for Kaotica eyeball microphone | 168 |

**Confidential**

**Oluseyi  Olaleye**

**Iconic Mars Corp. vs. Kaotica Corp.**

EXHIBITS

| EXHIBIT | DESCRIPTION | PAGE |
|---------|-------------|------|
| Exhibit 20 | DCMT Proforma Invoice, June 17, 2021 | 171 |
| Exhibit 21 | Proforma Invoice, September 29, 2021 | 175 |
| Exhibit 22 | Spreadsheet | 187 |
| Exhibit 23 | Amended Stipulated Judgment and Permanent Injunction | 199 |
| Exhibit 24 | Complaint | 214 |
| Exhibit 25 | Letter to Shopify from Tim Billick, November 15, 2021 | 218 |
| Exhibit 26 | Printout from Iconic Mars' eBay page | 239 |

(Exhibits 4, 5, and 8 retained by counsel.)


QUESTION INSTRUCTED NOT TO ANSWER          PAGE LINE

Looking at Exhibit 16, at the bottom of     120   10
the page Mr. Lobbin's email says, quote,
"We have assurances from the client that
these issues are in the process of being
fixed and will be by tomorrow."  What
assurances did you give Mr. Lobbin about
fixing these issues?

SAN DIEGO, CALIFORNIA

THURSDAY, JULY 13, 2023, 9:37 A.M.

THE VIDEOGRAPHER: Good morning, everyone. We are now on the record. Today's date is July 13, 2023, and the time on record is 9:37 a.m.

This is the deposition of Oluseyi Olaleye being taken in the matter of Iconic Mars Corporation versus Kaotica Corporation, on behalf of the defendant.

The witness is appearing at 12255 El Camino Real, Suite 250, San Diego, California 92130.

My name is Matt Miller appearing for Aptus Court Reporting located at 401 West A Street, Suite 1680, San Diego, California 92101.

I am the official videographer. This recording is the only authorized video recording of this deposition. The audio and video recording will take place at all times unless all counsel agree to go off the record.

Will counsel please identify yourselves and state whom you represent beginning with the noticing attorney.

MS. GEYER: Kathleen Geyer on behalf of defendant Kaotica Corporation. And with me is Dario

Oluseyi  Olaleye

Machleidt.

MR. LYONS:  Shawn Lyons on behalf of SML Avvocati on behalf of Iconic Mars.  With me is Josh Osborn.

THE VIDEOGRAPHER:  Thank you.

The court reporter today is Cindy Vega and she may now swear in or affirm the deponent.

OLUSEYI OLALEYE,

Witness herein, being first duly sworn, testifies as follows:

EXAMINATION

BY MS. GEYER:

Q.   **Good morning.**

A.   Good morning.

Q.   **Can you please state your full name for the record.**

A.   Oluseyi Olaleye.

Q.   **Have you ever had your deposition taken before?**

A.   Have I ever did a deposition before?  This is my first time.

Q.   **So you understand that you're under oath today and you must answer my questions truthfully?**

Q.    So foam on this invoice --

A.    Yeah.  This would be version 2 probably.

Q.    Foam on this invoice is referring to the molded foam in the shape of the Comet product; correct?

A.    Yes.  Yes.

Q.    You said this invoice is for the version 2.0 Comet; correct?

A.    I think so.

Q.    Besides the date, is there anything that can tell you whether this is the version 1 or version 2 Comet?

A.    I would never order version 1 when we are going through all these problems which I know for sure I was already sticking with version 2.  So that's version 2.

Q.    So as of June 2021, Iconic Mars was no longer ordering version 1 Comet?

A.    Yes.

Q.    Are the pop filters manufactured by Shenzhen Dingchuang interchangeable between the version 1 and version 2 Comet?

A.    Yeah.

MS. GEYER:  I'm going to mark as Exhibit 21 a document with Bates numbers IMC000305.

A.   They're very similar, but it's -- the version 2 has -- maybe if you put it on a scale you might notice a little higher density.  That's about it.  But the inner cavity definitely has ridges in there.

Q.   So the differences between the version 1 Comet and the version 2 Comet is the higher density and the ridging in the inner cavity; is that correct?

A.   Yes.

Q.   Are there any other differences between the version 1 and version 2 Comet?

A.   No.

Q.   When did Iconic Mars receive the first shipment of the version 2 Comet?

A.   It is very hard because I don't know exact time because I started getting the shipment early 2021 because, you know, they could ship some in small quantity to me and then -- you know, before we place larger quantities.  So we started getting it way ahead, early 2021.  I think either in the beginning of second quarter or first quarter.  I can't remember the specific date, but I've been having the version for quite a while because I knew what was coming, so I was preparing ahead.

# EXHIBIT 3

Stephen M. Lobbin (SBN 181195)
sml@smlavvocati.com
**SML AVVOCATI P.C.**
888 Prospect Street, Suite 200
San Diego, CA 92037
Tel:   949.636.1391

Attorney for Plaintiff and Counterdefendant
**Iconic Mars, Inc.**

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### EASTERN DIVISION

| | |
|---|---|
| ICONIC MARS CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>KAOTICA CORPORATION.,<br>Defendant.<br><br>―――――――――――――<br><br>AND RELATED COUNTERCLAIMS | Case No. 5:20-cv-00728-GW-GJS<br><br>**RESPONSES TO DEFENDANT KAOTICA CORPORATION'S SECOND SET OF INTERROGATORIES** |

Pursuant to Fed. R. Civ. P. 33, Plaintiff responds as follows to Defendant's First set of Interrogatories.

### GENERAL OBJECTIONS

Plaintiff objects to each Interrogatory and Request for Production to the extent that it fails to comply with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of California.

Plaintiff objects to each Interrogatory and Request for Production to the

extent that they purport to impose on Plaintiff an obligation to provide information for or on behalf of any person or entity other than the Plaintiff and/or purports to seek information that is within the possession, custody, or control of Plaintiff and Plaintiff expressly declines to do so.

Plaintiff objects to each Interrogatory and Request for Production on the grounds that it is compound, overbroad, duplicative, burdensome, and/or harassing.

Plaintiff objects to each Interrogatory and Request for Production to the extent that it seeks confidential, non-public information.

Plaintiff objects to the definition of "YOU" and "YOUR" as overbroad, unduly burdensome, and reasonably calculated to lead to admissible evidence. Plaintiff is unable to make representation on behalf of "employees, agents, officers, directors, servants, representatives, companies…." in their individual capacities.  Moreover, Plaintiff is unable to search exhaustively for all information possessed by these third parties whom Plaintiff does not have control or authority over.  All responses herein are based on a reasonably diligent inquiry within the four corners of Plaintiff's facilities.

## Responses

**INTERROGATORY NO. 8.**

Exclusive of the Inner Cavity, describe in detail all differences between the aesthetic design of the Version 1.0 Comet and the Version 2.0 Comet, including differences in the designs or product configurations thereof, as shown in product advertisements, product packaging, and in use.

**Response:** Plaintiff objects to the request as vague, overly broad, and unduly burdensome.  Plaintiff also objects to the extent responsive information is protected by the attorney-client or work-product privileges, is irrelevant or not proportional to the needs of the case, or is a legal conclusion or expert opinion. Subject to and without waiving the foregoing objections, Plaintiff responds that

the primary differences between the aesthetic design of the Version 1.0 Comet and the Version 2.0 Comet is the inner cavity, which is commonly viewed by the consumer during ordinary use, as the user must install a microphone without the pop filter installed.

**INTERROGATORY NO. 9.**

Exclusive of the Inner Cavity, describe in detail all differences between the aesthetic design of the Version 2.0 Comet and the Kaotica Eyeball Product, including differences in the designs or product configurations thereof, as shown in product advertisements, product packaging, and in use.

**Response:** Plaintiff objects to the request as vague, overly broad, and unduly burdensome.  Plaintiff also objects to the extent responsive information is protected by the attorney-client or work-product privileges, is irrelevant or not proportional to the needs of the case, or is a legal conclusion or expert opinion. Subject to and without waiving the foregoing objections, Plaintiff responds that an ordinary consumer would not confuse the Comet 2.0 for the Kaotica Eyeball trademark or trade dress, as the flat thick edges of the larger opening of the Comet 2.0 differ from the thin spherical lip of the opening of the Kaotica Eyeball and its registered design. The sharp edge on the bottom of the Comet also differs from the protected spherical design. And the smooth inner cavity claimed by the registered mark is missing from the Comet 2.0.  Furthermore, the Comet 2.0 is not completely spherical, and has distinctive flat surfaces and angles on its surface.

**INTERROGATORY NO. 10.**

Describe in detail the basis for your contention that the Kaotica Trade Dress is functional, including identifying every reason that you contend the Kaotica Trade Dress is functional.

**Response:** Plaintiff objects to the request as vague, overly broad, and unduly burdensome.  Plaintiff also objects to the extent responsive information is

3

SAppx.69

## VERIFICATION

Pursuant to Fed. R. Civ. P. 33(b)(5), on behalf of Plaintiff, I hereby verify that, based on a reasonable inquiry, the foregoing answers are true and correct to the best of my knowledge, information and belief.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and if called to testify, I could and would competently do so.

_____

# EXHIBIT 4

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA


ICONIC MARS CORPORATION,          .
                                  .
        Plaintiff,                . No.22-cv-0092-CAB-DEB
                                  .
              v.                  . June 10, 2024
                                  .
KAOTICA CORPORATION,              . San Diego, California
                                  .
        Defendant.                .
. . . . . . . . . . . . . . . . . ..


                    TRANSCRIPT OF JURY TRIAL - DAY 1
                         (MORNING SESSION)
           BEFORE THE HONORABLE CATHY ANN BENCIVENGO
                 UNITED STATES DISTRICT JUDGE

APPEARANCES:

For the Plaintiff:        SML Avvocati, P.C.
                          By: STEPHEN LOBBIN, ESQ.
                              JOSHUA OSBORN, ESQ.
                              ADRIAN LYONS, ESQ.
                          888 Prospect Street, Suite 200
                          La Jolla, California  92037

For the Defendant:        Kilpatrick
                          By: DARIO MACHLEIDT, ESQ.
                              KATHLEEN GEYER, ESQ.
                              KRISTIN ADAMS, ESQ.
                          1420 Fifth Avenue, Suite 3700
                          Seattle, Washington  98101


Court Reporter:           Juliet Y. Eichenlaub, RPR, CSR
                          USDC Clerk's Office
                          333 West Broadway, Room 420
                          San Diego, California  92101
                          juliet_eichenlaub@casd.uscourts.gov


Reported by Stenotype, Transcribed by Computer

A.   Yes, I'm right there.

Q.   Do you see on page 183 -- I'm going to read from lines four through nine.  Follow along with me, please.

"Question:  I think we got double negatives there so I'm going to try that again.  Do you agree with me that the increased density for the Version 2 Comet does not affect the aesthetic design?

"Answer:  It doesn't."

Did I read that correctly?

A.   Yes, you read that correctly.  But if I explain --

ATTORNEY MACHLEIDT:  Objection.  Move to strike.

ATTORNEY LOBBIN:  Objection.

THE WITNESS:  -- what density means --

THE COURT:  Stop.  What is your objection?

ATTORNEY LOBBIN:  Objection is it's not impeachment.  He didn't give an answer before that's inconsistent to this.

THE COURT:  It's a party witness.  He can use his deposition for any purpose.  It's fine.

And, sir, your answer just at the time was "it doesn't."

Move on, Counsel.

BY ATTORNEY MACHLEIDT:

Q.   Ms. Gray, is the system online?  Thank you very much.

Let's go back to Exhibit 372.  It's the one where you flipped through the pages, and I think we can do this one

quick.

Ms. Gray, if you can put up that exhibit and go to page 17. It's been published.

What we're looking at here, this is an image of the new Comet, correct?

A. Yes.

Q. Ms. Gray, you can take that down.

The only difference -- I apologize. Are you ready? Sometimes we flip through tabs. I want to make sure you weren't reading anything.

A. I'm not reading anything right now.

Q. The only difference between the old Comet and the new Comet is that the new Comet has a higher-density foam and ridges on the inner cavity?

A. There's a lot of difference. I might not go into detail of it, but looking right there, you can see the line in the bottom. The new Comet and the old Comet you can see the larger bottom circle right there, and you can see the clear line. You can see the Version 2 is much more larger, and that's why I increase density because it helps sound isolation. And when you making a new product, you have to improve.

If you don't improve, you're going to lose your value, you're going to lose your customers. And I took that as an opportunity to improve my product and make that product much better. The thicker the density, the better the quality. I

22-cv-0092-CAB-DEB                                    258

increase the density.  I increase the size.  I change the color.  I improve on the pop filter.  I took it as an opportunity.

That's why you create new mold.  If you working with a Version 1, you use the same old mold.  I did not do that.  I created new mold.  A new mold means new product.  Old mold means old product.  So you have to understand the difference.

Q.  Do me a favor, go back to that last tab in your binder, please.

Are you looking at your deposition transcript again?

A.  Yes.

Q.  Please turn to page 185.  Let me know when you're there.

A.  Yes, I'm right here.

Q.  I'm going to read from lines 6 through 13.  Please follow along with me.  Question --

A.  Hold on.

Q.  Of course.  Are you on page 185?

A.  184.  Okay, 185, yes, go ahead.  Line six.

Q.  Line six.

"Question:  So the differences between the Version 1 Comet and the Version 2 Comet is the higher density and the ridging in the inner cavity; is that correct?

"Answer:  Yes.

"Question:  Are there any other differences between

22-cv-0092-CAB-DEB                                        259

the Version 1 and Version 2 Comet?

"Answer:  No."

Did I read that correctly?

A.  Yes, you read that correctly, both visibly when you look and --

ATTORNEY MACHLEIDT:  Objection.  Move to strike.

THE COURT:  That's fine.  The answer stands at "yes."

BY ATTORNEY MACHLEIDT:

Q.  Yesterday, you talked about Google ads; do you remember that?

A.  Yes, I did talk about that.

Q.  Are you fairly familiar with what a Google ad is?

A.  I use it every day.

Q.  Iconic writes the text that is contained in its Google ads, correct?

A.  Yes, we do.

Q.  Is it fair to say that you don't know if any of Iconic's end users are professionals?

A.  I have different people operating Google ads.  I cannot do it all by myself.

Q.  I apologize.  This is my fault.  End users, the people who buy the Comet.  So moving away from the Google ads.  That's the context of my question.  Is that helpful?

A.  The end users -- what's wrong with the end users?

Q.  My question was:  You don't know if any of the Iconic end

**SAppx.76**

AppealFC,CLOSED,ENE,LNO,PROTO,Rule60b,SEALDC,TRIAL

# U.S. District Court
## Southern District of California (San Diego)
## CIVIL DOCKET FOR CASE #: 3:22-cv-00092-CAB-DEB

Iconic Mars Corporation v. Kaotica Corporation
Assigned to: Judge Cathy Ann Bencivengo
Referred to: Magistrate Judge Daniel E. Butcher
Related Case:  3:21-cv-00433-CAB-DEB
Cause: 35:0271 Patent Infringement

Date Filed: 01/23/2022
Date Terminated: 07/17/2024
Jury Demand: Plaintiff
Nature of Suit: 830 Patent
Jurisdiction: Federal Question

**Plaintiff**

**Iconic Mars Corporation**
*California corporation*

represented by **Adrian R. Lyons**
SML Avvocati PC
888 Prospect Street
Suite 200
La Jolla, CA 92037
760-917-2789
Email: slyons@astuno.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joshua Neal Osborn**
SML Avvocati P.C.
PO Box 890533
Temecula, CA 92589
951-315-2300
Email: jno@smlavvocati.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Stephen M. Lobbin**
SML Avvocati P.C.
888 Prospect Street
Suite 200
La Jolla, CA 92037
949-636-1391
Email: sml@smlavvocati.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Appellant**

**Stephen M. Lobbin**

represented by **Stephen M. Lobbin**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**SAppx.77**

V.

**Defendant**

| | | |
|---|---|---|
| **Kaotica Corporation**<br>*a Canadian corporation* | represented by | **Dario A. Machleidt**<br>Kilpatrick Townsend & Stockton LLP<br>1420 Fifth Avenue<br>Suite 3700<br>Seattle, WA 98101<br>206-497-9600<br>Email:<br>dmachleidt@kilpatricktownsend.com<br>*LEAD ATTORNEY*<br>*PRO HAC VICE*<br>*ATTORNEY TO BE NOTICED* |

**James Joseph Maune**
Kilpatrick Townsend & Stockton LLP
12255 El Camino Real
Suite 250
San Diego, CA 92130
858-350-6100
Fax: 858-350-6111
Email: jmaune@kilpatricktownsend.com
*(Inactive)*
*TERMINATED: 09/29/2023*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jeffrey Michael Rosenfeld**
Kronenberger Rosenfeld, LLP
548 Market Street
Suite 85399
San Francisco, CA 94104
415-955-1155
Email: jeff@kr.law
*TERMINATED: 05/05/2022*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kathleen Rose Geyer**
Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue
Suite 3700
Seattle, WA 98101
206-516-3094
Email: kgeyer@ktslaw.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Kristin Adams**
Kilpatrick Townsend & Stockton LLP
1100 Peachtree Street NE

Suite 2800
Atlanta, GA 30309-4528
404-815-6138
Email: kmadams@kilpatricktownsend.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Matthew J. Meyer**
Kilpatrick Townsend & Stockton LLP
1302 El Camino Real
Suite 175
Menlo Park, CA 94025
650-326-2400
Fax: 650-326-2422
Email: mmeyer@ktslaw.com
*ATTORNEY TO BE NOTICED*

**Xiao Jing Diego Wu Min**
Kilpatrick Townsend & Stockton LLP
12255 El Camino Real
Suite 250
San Diego, CA 92130
858-350-6154
Email: dwu@kilpatricktownsend.com
*ATTORNEY TO BE NOTICED*

**Counter Defendant**

**Iconic Mars Corporation**
*California Corporation*

represented by **Joshua Neal Osborn**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Stephen M. Lobbin**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Adrian R. Lyons**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Miscellaneous Party**

**Oluseyi James Olaleye**
*Judgment Debtor - PRO SE ALLOWED TO
E-FILE*

represented by **Oluseyi James Olaleye**
15709 Arrow Hwy
Suite 5
Irwindale, CA 91706
619-519-3670
Email: jazzeyjames@gmail.com
PRO SE

**Lenden Franklin Webb**
Webb Law Group, APC
10509 Vista Sorrento Parkway

Suite 450
San Diego, CA 92121
619-399-7700
Email: LWebb@WebbLawGroup.com
*TERMINATED: 06/12/2025*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Stephen M. Lobbin**
(See above for address)
*TERMINATED: 06/12/2025*
*ATTORNEY TO BE NOTICED*

**Miscellaneous Party**

| | | |
|---|---|---|
| **Stephen M. Lobbin** | represented by | **Matthew Miguel Mahoney** |

Witham Mahoney & Abbott, LLP
401 B Street
Suite 1900
San Diego, CA 92037
619-407-0505
Email: mahoney@wmalawfirm.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Mary Kathleen Wyman**
Witham Mahoney & Abbott, LLP
401 B Street
Suite 1900
San Diego, CA 92101
619-407-0505
Email: wyman@wmalawfirm.com
*ATTORNEY TO BE NOTICED*

**Counter Claimant**

| | | |
|---|---|---|
| **Kaotica Corporation**<br>*a Canadian corporation* | represented by | **Dario A. Machleidt** |

(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**James Joseph Maune**
(See above for address)
*TERMINATED: 09/29/2023*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jeffrey Michael Rosenfeld**
(See above for address)
*TERMINATED: 05/05/2022*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kathleen Rose Geyer**
(See above for address)

*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Kristin Adams**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Matthew J. Meyer**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Xiao Jing Diego Wu Min**
(See above for address)
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 01/23/2022 | 1 | COMPLAINT with Jury Demand against Kaotica Corporation ( Filing fee $ 402 receipt number ACASDC-16500835.), filed by Iconic Mars Corporation. (Attachments: # 1 Civil Cover Sheet, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G, # 9 Exhibit H, # 10 Exhibit I, # 11 Exhibit J, # 12 Exhibit K, # 13 Exhibit L, # 14 Exhibit M, # 15 Exhibit N)<br><br>The new case number is 3:22-cv-92-JO-BLM. Judge Ohta, Jinsook and Magistrate Judge Barbara Lynn Major are assigned to the case. (Lobbin, Stephen)(ggv) (dsn) (Entered: 01/24/2022) |
| 01/23/2022 | 2 | REPORT on the filing or determination of an action regarding patent and/or trademark number(s) *8,737,662*, *D733,690* cc:USPTO (ggv). (dsn) (Entered: 01/24/2022) |
| 01/24/2022 | 3 | Summons Issued.<br>**Counsel receiving this notice electronically should print this summons and serve it in accordance with Rule 4, Fed.R.Civ.P and LR 4.1.** (ggv) (dsn) (Entered: 01/24/2022) |
| 01/24/2022 | 4 | ORDER OF TRANSFER PURSUANT TO LOW NUMBER RULE. Case reassigned to Judge Cathy Ann Bencivengo and Magistrate Judge Daniel E. Butcher for all further proceedings. Judge Jinsook Ohta, Magistrate Judge Barbara Lynn Major no longer assigned to case. Create association to 3:21-cv-00433-CAB-DEB. The new case number is 22cv92-CAB-DEB. Signed by Judge Jinsook Ohta on 1/24/2022. Signed by Judge Cathy Ann Bencivengo on 1/24/2022. (fth) (dsn) (Entered: 01/25/2022) |
| 01/27/2022 | 5 | NOTICE of Appearance by Jeffrey Michael Rosenfeld on behalf of Kaotica Corporation (Rosenfeld, Jeffrey)Attorney Jeffrey Michael Rosenfeld added to party Kaotica Corporation(pty:dft)(jrm). (Entered: 01/27/2022) |
| 01/31/2022 | 6 | NOTICE OF RELATED CASE(S) by Kaotica Corporation of case(s) 3:21-cv-00433-CAB-DEB . (Rosenfeld, Jeffrey) (anh). (Entered: 01/31/2022) |
| 05/05/2022 | 7 | NOTICE *OF SUBSTITUTION OF COUNSEL* by Kaotica Corporation (Maune, James)Attorney James Joseph Maune added to party Kaotica Corporation(pty:dft) QC Email: Duplicate filing (anh). (Entered: 05/05/2022) |

| | | |
|---|---|---|
| 05/05/2022 | 8 | **Withdrawn per doc. no. 11 ** NOTICE of Appearance by James Joseph Maune on behalf of Kaotica Corporation (Maune, James) QC Email: Duplicate filing (anh). Modified on 5/8/2022 (anh). (Entered: 05/05/2022) |
| 05/05/2022 | 9 | NOTICE of Appearance *of James J. Maune (Corrected)* by James Joseph Maune on behalf of Kaotica Corporation (Maune, James) (anh). (Entered: 05/05/2022) |
| 05/06/2022 | 10 | MOTION Ex Parte Motion for Order Extending Time to Respond to Complaint re 1 Complaint,, by Kaotica Corporation. (Attachments: # 1 Memo of Points and Authorities, # 2 Declaration of Dario Machleidt, # 3 Exhibit A)(Maune, James) (anh). (Entered: 05/06/2022) |
| 05/06/2022 | 11 | NOTICE OF WITHDRAWAL OF DOCUMENT by Kaotica Corporation re 8 Notice of Appearance filed by Kaotica Corporation . (Maune, James) (anh). (Entered: 05/06/2022) |
| 05/06/2022 | 12 | ANSWER to 1 Complaint,, with Jury Demand , COUNTERCLAIM against Kaotica Corporation by Kaotica Corporation. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K)(Maune, James) (anh). (Entered: 05/06/2022) |
| 05/09/2022 | 13 | MINUTE ORDER: On May 6, 2022, at 1:56 p.m. PDT, Defendant Kaotica Corporation (Defendant) filed an ex parte motion for order extending the time to respond to the complaint. [Doc. No. 10 .] On May 6, 2022, at 10:27 p.m. PDT, Defendant filed an answer to the complaint. [Doc. No. 12 .] Given that Defendant has now responded to the complaint, the ex parte motion for an order extending time is DENIED AS MOOT. (anh) (Entered: 05/09/2022) |
| 05/10/2022 | 14 | Request to Appear Pro Hac Vice ( Filing fee received: $ 213 receipt number ACASDC-16809550.) (Application to be reviewed by Clerk.) (Machleidt, Dario) QC mail sent re missing signature (rmc). (Entered: 05/10/2022) |
| 05/10/2022 | 15 | Request to Appear Pro Hac Vice, No payment Submitted. (Application to be reviewed by Clerk.) (Machleidt, Dario) (rmc). (Entered: 05/10/2022) |
| 05/10/2022 | 16 | Corporate Disclosure Statement by Kaotica Corporation. No Corporate Parents/Interested Parties. (Maune, James) (anh). (Entered: 05/10/2022) |
| 05/10/2022 | 17 | PRO HAC APPROVED: Dario A. Machleidt appearing for Defendant Kaotica Corporation, Counter Claimant Kaotica Corporation (no document attached) (rmc) (Entered: 05/10/2022) |
| 05/11/2022 | 18 | NOTICE AND ORDER for Early Neutral Evaluation Conference; Rule 26 Compliance; and Case Management Conference. Signed by Magistrate Judge Daniel E. Butcher on 5/11/2022.(anh) (Entered: 05/11/2022) |
| 05/21/2022 | 19 | ANSWER to 12 Answer to Complaint,, Counterclaim, by Iconic Mars Corporation. (Lobbin, Stephen) (ave). (Entered: 05/21/2022) |
| 06/13/2022 | 20 | MOTION to Strike 19 Answer to Counterclaim *Motion to Strike Affirmative Defenses* by Kaotica Corporation. (Attachments: # 1 Memo of Points and Authorities, # 2 Declaration of Kathleen R. Geyer, # 3 Exhibit A)(Machleidt, Dario) (anh). (Entered: 06/13/2022) |
| 06/30/2022 | 21 | Request to Appear Pro Hac Vice ( Filing fee received: $ 213 receipt number ACASDC-16959066.) (Application to be reviewed by Clerk.) (Geyer, Kathleen) (rmc). (Entered: 06/30/2022) |
| 06/30/2022 | 22 | PRO HAC APPROVED: Kathleen Rose Geyer appearing for Defendant Kaotica Corporation, Counter Claimant Kaotica Corporation (no document attached) (rmc) (Entered: 06/30/2022) |

| | | |
|---|---|---|
| 06/30/2022 | 23 | REPORT of Rule 26(f) Planning Meeting. (Attachments: # 1 Exhibit A, # 2 Exhibit B) (Lobbin, Stephen) (anh). (Entered: 06/30/2022) |
| 07/01/2022 | 24 | RESPONSE in Opposition re 20 MOTION to Strike 19 Answer to Counterclaim *Motion to Strike Affirmative Defenses* filed by Iconic Mars Corporation, Iconic Mars Corporation. (Attachments: # 1 Exhibit A)(Lobbin, Stephen) (anh). (Entered: 07/01/2022) |
| 07/07/2022 | 25 | Minute Entry for proceedings held before Magistrate Judge Daniel E. Butcher: An Early Neutral Evaluation Conference was held on 7/7/2022. Because settlement discussions are ongoing, the Case Management Conference ("CMC") was not held. A Settlement Status Conference is set for 8/10/2022 at 2:00 PM. To join the Conference, counsel must call the Court's teleconference line at 1-888-398-2342, enter access code 8389272, and press * if prompted for a security code. If the case does not settle, the CMC will be held immediately following the Settlement Status Conference. (Plaintiff Attorneys Joshua N. Osborn and Stephen Lobbin). (Defendant Attorney Dario Machleidt). (no document attached) (Dech, E.) (Entered: 07/07/2022) |
| 07/11/2022 | 26 | REPLY to Response to Motion re 20 MOTION to Strike 19 Answer to Counterclaim *Motion to Strike Affirmative Defenses* filed by Kaotica Corporation. (Machleidt, Dario) (anh). (Entered: 07/11/2022) |
| 07/11/2022 | 27 | ORDER Granting Plaintiff Leave to Amend Answer to Counterclaims and Denying Defendant's Motion to Strike Affirmative Defenses. Signed by Judge Cathy Ann Bencivengo on 7/11/2022. (anh) (Entered: 07/12/2022) |
| 07/24/2022 | 28 | AMENDED ANSWER to 12 Answer to Complaint,, Counterclaim, by Iconic Mars Corporation. (Lobbin, Stephen) (anh). (Entered: 07/24/2022) |
| 08/10/2022 | 29 | Minute Entry for proceedings held before Magistrate Judge Daniel E. Butcher: The Court held a Settlement Status Conference on 8/10/2022. The Court sets another telephonic Settlement Status Conference on 8/19/2022 at 10:00 AM. To join the Conference, counsel must call the Court's teleconference line at 1-888-398-2342, enter access code 8389272, and press * if prompted for a security code. (Plaintiff Attorneys Joshua N. Osborn and Stephen Lobbin). (Defendant Attorneys Dario Machleidt and Kathleen Geyer). (no document attached) (Dech, E.) (Entered: 08/10/2022) |
| 08/19/2022 | 30 | Minute Entry for proceedings held before Magistrate Judge Daniel E. Butcher: Settlement Status Conference held on 8/19/2022. (Plaintiff Attorneys Joshua N. Osborn and Stephen Lobbin). (Defendant Attorneys Dario Machleidt and Kathleen Geyer). (no document attached) (Dech, E.) (Entered: 08/19/2022) |
| 08/23/2022 | 31 | Case Management ORDER Regulating Discovery and Other Pretrial Proceedings in a Patent Case. Signed by Magistrate Judge Daniel E. Butcher on 8/23/2022.(anh) (Entered: 08/23/2022) |
| 09/02/2022 | 32 | Joint MOTION for Protective Order by Iconic Mars Corporation. (Attachments: # 1 Exhibit A)(Lobbin, Stephen) (anh). (Entered: 09/02/2022) |
| 09/06/2022 | 33 | ORDER denying Motion for Protective Order: The parties' Joint Motion for Protective Order is DENIED WITHOUT PREJUDICE for failure to comply with Section IX of Judge Butcher's Civil Chambers Rules. Dkt. No. 32. Signed by Magistrate Judge Daniel E. Butcher on 9/6/2022. (no document attached) (yxk) (Entered: 09/06/2022) |
| 09/07/2022 | 34 | Joint MOTION for Protective Order by Kaotica Corporation. (Attachments: # 1 Exhibit A - Proposed Protective Order)(Geyer, Kathleen) (anh). (Entered: 09/07/2022) |
| 09/14/2022 | 35 | PROTECTIVE ORDER. Signed by Magistrate Judge Daniel E. Butcher on 9/13/2022. (anh) (Entered: 09/14/2022) |

| 09/23/2022 | 36 | Joint MOTION for Entry of Order *Governing Discovery of Electronically Stored Information in Patent Cases* (Attachments: # 1 Exhibit A - Proposed Order Governing ESI)(Machleidt, Dario) (exs). (Entered: 09/23/2022) |
|---|---|---|
| 10/06/2022 | 37 | ORDER denying 36 Motion for Order: The Court DENIES without prejudice the parties' Joint Motion for Order Governing Discovery of Electronically Stored Information (Dkt. No. 36). The parties' Joint Motion is inconsistent with CivLR 7.2(a) and Mag. J. Daniel E. Butcher Civ. Chambers R. VI.F. (S.D. Cal., Aug. 19, 2022). Signed by Magistrate Judge Daniel E. Butcher on 10/6/2022. (no document attached) (yyk) (Entered: 10/06/2022) |
| 11/11/2022 | 38 | Joint MOTION to Amend/Correct 31 Scheduling Order by Kaotica Corporation. (Machleidt, Dario) (anh). (Entered: 11/11/2022) |
| 11/16/2022 | 39 | Minute Entry for proceedings held before Magistrate Judge Daniel E. Butcher: The Court will hold a telephonic Status Conference regarding the parties' Joint Motion to Amend Scheduling Order (Dkt. No. 38) on 11/17/2022 at 3:00 P.M. Plaintiff's counsel must initiate the conference call by calling Judge Butcher's Chambers with all counsel on the line.(no document attached) (yyk) (Entered: 11/16/2022) |
| 11/18/2022 | 40 | Minute Order. for proceedings held before Magistrate Judge Daniel E. Butcher: Status Conference held on 11/17/2022. The Court DENIES the parties' Joint Motion to Amend Scheduling Order (Dkt. No. 38). (no document attached) (yyk) (Entered: 11/18/2022) |
| 12/13/2022 | 41 | Joint MOTION for Order *Governing Discovery of Electronically Stored Information in Patent Cases* by Kaotica Corporation. (Attachments: # 1 Exhibit A)(Machleidt, Dario) (anh). (Entered: 12/13/2022) |
| 12/16/2022 | 42 | Minute Entry for proceedings held before Magistrate Judge Daniel E. Butcher: The Court held a Status Conference on 12/16/2022. (Plaintiff Attorneys Joshua Osborn, Stephen Lobbin). (Defendant Attorney Dario Machleidt).(no document attached) (yyk) (Entered: 12/16/2022) |
| 12/16/2022 | 43 | ORDER Governing Discovery of Electronically Stored Information in Patent Cases. Signed by Magistrate Judge Daniel E. Butcher on 12/16/2022. (anh) (Entered: 12/19/2022) |
| 01/03/2023 | 44 | Joint MOTION to Amend/Correct 31 Scheduling Order by Kaotica Corporation. (Machleidt, Dario) (anh). (Entered: 01/03/2023) |
| 01/06/2023 | 45 | ORDER Setting Telephonic Status Hearing. Signed by Judge Cathy Ann Bencivengo on 1/6/2023.(anh) (Entered: 01/06/2023) |
| 01/18/2023 | 46 | Minute Order for proceedings held before Judge Cathy Ann Bencivengo:Telephonic Status Hearing held on 1/18/2023. 44 Joint MOTION to Amend/Correct 31 Scheduling Order filed by Kaotica Corporation is granted. New scheduling order to be issued by the Court. (Court Reporter/ECR Mauralee Ramirez). (Plaintiff Attorney Stephen Lobbin). (Defendant Attorney Dario Machleidt and Kathleen Geyer). (no document attached) (lmh) (Entered: 01/18/2023) |
| 01/27/2023 | 47 | STATUS REPORT *JOINT REPORT REGARDING THE STATUS OF PENDING CLAIMS AND COUNTERCLAIMS* by Kaotica Corporation. (Machleidt, Dario) (anh). (Entered: 01/27/2023) |
| 01/27/2023 | 48 | Amended SCHEDULING ORDER:. Signed by Magistrate Judge Daniel E. Butcher on 1/27/2023.(anh) (Entered: 01/30/2023) |
| 08/24/2023 | 49 | Joint MOTION to Dismiss *Joint Stipulation of Partial Dismissal with Prejudice* by Kaotica Corporation. (Geyer, Kathleen) (anh). (Entered: 08/24/2023) |

| | | |
|---|---|---|
| 08/24/2023 | 50 | ORDER Dismissing Claims With Prejudice [Doc. No. 49 ]. Signed by Judge Cathy Ann Bencivengo on 8/24/2023. (anh) (Entered: 08/24/2023) |
| 09/25/2023 | 51 | NOTICE of Appearance by Xiao Jing Diego Wu Min on behalf of Kaotica Corporation (Wu Min, Xiao Jing)Attorney Xiao Jing Diego Wu Min added to party Kaotica Corporation(pty:dft), Attorney Xiao Jing Diego Wu Min added to party Kaotica Corporation(pty:cc) (anh). (Entered: 09/25/2023) |
| 09/29/2023 | 52 | NOTICE *of Withdrawal of Attorney James J. Maune* by Kaotica Corporation (Maune, James) (anh). (Entered: 09/29/2023) |
| 11/03/2023 | 53 | In Limine MOTION to Exclude *Evidence and Argument re Undisclosed Damages Computations (MIL No. 1) and Prevent Disparagement of Kaotica and Its Witnesses or Using Pejorative Terms When Discussing Kaotica's Motives or Actions (MIL No. 2)* by Kaotica Corporation. (Attachments: # 1 Declaration of Geyer ISO Motions in Limine, # 2 Table of Exhibits, # 3 Exhibit 1 to Decl of Geyers, # 4 Exhibit 2 to Decl of Geyer, # 5 Exhibit 3 to Decl of Geyer, # 6 Exhibit 4 to Decl of Geyer)(Machleidt, Dario) (anh). (Entered: 11/03/2023) |
| 11/03/2023 | 54 | MOTION for Summary Judgment by Kaotica Corporation. (Attachments: # 1 Memo of Points and Authorities, # 2 Declaration of Gray, # 3 Declaration of Geyer, # 4 Table of Exhibits, # 5 Exhibit 1, # 6 Exhibit 2, # 7 Exhibit 3, # 8 Exhibit 4, # 9 Exhibit 5, # 10 Exhibit 6, # 11 Exhibit 7, # 12 Exhibit 8, # 13 Exhibit 9, # 14 Exhibit 10, # 15 Exhibit 11, # 16 Exhibit 12, # 17 Exhibit 13, # 18 Exhibit 14, # 19 Exhibit 15, # 20 Exhibit 16, # 21 Exhibit 17, # 22 Exhibit 18, # 23 Exhibit 19, # 24 Exhibit 20, # 25 Exhibit 21 - Placeholder, # 26 Exhibit 22 - Placeholder, # 27 Exhibit 23, # 28 Exhibit 24, # 29 Exhibit 25, # 30 Exhibit 26, # 31 Exhibit 27, # 32 Exhibit 28)(Machleidt, Dario) (anh). (Entered: 11/03/2023) |
| 11/03/2023 | 55 | MOTION for Leave to Allow the Non-Electronic Filing of Exhibits by Kaotica Corporation. (Machleidt, Dario) (anh). (Entered: 11/03/2023) |
| 11/03/2023 | 56 | MOTION Request for Oral Argumen re 53 In Limine MOTION to Exclude *Evidence and Argument re Undisclosed Damages Computations (MIL No. 1) and Prevent Disparagement of Kaotica and Its Witnesses or Using Pejorative Terms When Discussing Kaotica's Motives or Actions (MIL No. 2)*, 54 MOTION for Summary Judgment by Kaotica Corporation. (Machleidt, Dario) (anh). (Entered: 11/03/2023) |
| 11/03/2023 | 57 | MOTION for Summary Judgment by Iconic Mars Corporation, Iconic Mars Corporation. (Attachments: # 1 Declaration Oluseyi James Olaleye, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5)(Lobbin, Stephen) (anh). (Entered: 11/03/2023) |
| 11/06/2023 | 58 | ORDER Granting Leave to Manually File Exhibits [Doc. No. 55 ]. Signed by Judge Cathy Ann Bencivengo on 11/6/2023. (anh) (Entered: 11/06/2023) |
| 11/09/2023 | 59 | NOTICE *of Manually Filing Exhibits 21 and 22 in Support of Defendant's Motion for Summary Judgment* by Kaotica Corporation re 54 MOTION for Summary Judgment (Geyer, Kathleen) (anh). (Entered: 11/09/2023) |
| 11/13/2023 | 60 | ORDER. The Mandatory Settlement Conference ("MSC") set for 11/20/2023 is VACATED. If any claims remain, counsel must contact the Court within five days of the ruling on the Motion for Summary Judgment (Dkt. No. 57 ) to reschedule the MSC. Signed by Magistrate Judge Daniel E. Butcher on 11/13/2023. (no document attached) (rxa) (Entered: 11/13/2023) |
| 11/24/2023 | 61 | RESPONSE in Opposition re 57 MOTION for Summary Judgment filed by Kaotica Corporation. (Attachments: # 1 Declaration Geyer, # 2 Table of Exhibits, # 3 Exhibit A, # |

| | | |
|---|---|---|
| | | 4 Exhibit B, # 5 Exhibit C, # 6 Exhibit D, # 7 Exhibit E, # 8 Exhibit F, # 9 Exhibit G, # 10 Exhibit H, # 11 Exhibit I)(Geyer, Kathleen) (anh). (Entered: 11/24/2023) |
| 11/24/2023 | 62 | MOTION Request for Oral Argument re 61 Response in Opposition to Motion, 57 MOTION for Summary Judgment by Kaotica Corporation. (Geyer, Kathleen) (anh). (Entered: 11/24/2023) |
| 11/24/2023 | 63 | RESPONSE in Opposition re 54 MOTION for Summary Judgment filed by Iconic Mars Corporation, Iconic Mars Corporation. (Lobbin, Stephen) (anh). (Entered: 11/24/2023) |
| 11/24/2023 | 64 | RESPONSE in Opposition re 53 In Limine MOTION to Exclude *Evidence and Argument re Undisclosed Damages Computations (MIL No. 1) and Prevent Disparagement of Kaotica and Its Witnesses or Using Pejorative Terms When Discussing Kaotica's Motives or Actions (MIL No. 2)* filed by Iconic Mars Corporation, Iconic Mars Corporation. (Attachments: # 1 Declaration Oluseyi James Olaleye, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C)(Lobbin, Stephen) (anh). (Entered: 11/24/2023) |
| 11/27/2023 | 65 | MINUTE ORDER: In light of the pending motions for summary judgment, the Court hereby VACATES the remaining dates in the scheduling order. Once the motions are fully briefed, the Court will take the motions under submission and determine whether oral argument is needed. (anh) (Entered: 11/27/2023) |
| 11/28/2023 | 66 | Request to Appear Pro Hac Vice (Filing fee received: $213.00 receipt number ACASDC-18380415.)(Application to be reviewed by Clerk.) (Adams, Kristin)(jrd) (Entered: 11/28/2023) |
| 11/28/2023 | 67 | PRO HAC APPROVED: Kristin Adams appearing for Defendant Kaotica Corporation, Counter Claimant Kaotica Corporation (no document attached) (jrd) (Entered: 11/28/2023) |
| 12/01/2023 | 68 | REPLY to Response to Motion re 53 In Limine MOTION to Exclude *Evidence and Argument re Undisclosed Damages Computations (MIL No. 1) and Prevent Disparagement of Kaotica and Its Witnesses or Using Pejorative Terms When Discussing Kaotica's Motives or Actions (MIL No. 2)* filed by Kaotica Corporation. (Geyer, Kathleen) (anh). (Entered: 12/01/2023) |
| 12/01/2023 | 69 | REPLY to Response to Motion re 54 MOTION for Summary Judgment filed by Kaotica Corporation. (Geyer, Kathleen) (anh). (Entered: 12/01/2023) |
| 12/01/2023 | 70 | REPLY to Response to Motion re 57 MOTION for Summary Judgment filed by Iconic Mars Corporation, Iconic Mars Corporation. (Lobbin, Stephen) (anh). (Entered: 12/01/2023) |
| 12/13/2023 | 71 | MOTION for Leave to File *Sur-Reply* by Kaotica Corporation. (Attachments: # 1 Memo of Points and Authorities, # 2 Declaration of Kathleen R. Geyer, # 3 Exhibit 1)(Geyer, Kathleen) (anh). (Entered: 12/13/2023) |
| 12/20/2023 | 72 | ORDER Granting Motions for Oral Argument and Setting Hearing Date [Doc. Nos. 56 , 62 ]. Signed by Judge Cathy Ann Bencivengo on 12/19/2023. (anh) (Entered: 12/20/2023) |
| 01/03/2024 | 73 | RESPONSE in Opposition re 71 MOTION for Leave to File *Sur-Reply* filed by Iconic Mars Corporation. (Osborn, Joshua) (anh). (Entered: 01/03/2024) |
| 01/10/2024 | 74 | REPLY to Response to Motion re 71 MOTION for Leave to File *Sur-Reply* filed by Kaotica Corporation. (Geyer, Kathleen) (anh). (Entered: 01/10/2024) |
| 01/11/2024 | 75 | MINUTE ORDER: To assist the Court, the Parties are hereby ORDERED to bring the Comet 1.0, the Comet 2.0, and the Eyeball products identified in their moving papers to the motion hearing set for January 17, 2024.(anh) (Main Document 75 replaced on |

| | | |
|---|---|---|
| | | 1/12/2024) (maq). Modified on 1/12/2024 to replace with correct order & regenerate NEF (maq). (Entered: 01/11/2024) |
| 01/17/2024 | 76 | Minute Entry for proceedings held before Judge Cathy Ann Bencivengo: Motion Hearing held on 1/17/2024 re 53 In Limine MOTION to Exclude *Evidence and Argument re Undisclosed Damages Computations (MIL No. 1) and Prevent Disparagement of Kaotica and Its Witnesses or Using Pejorative Terms When Discussing Kaotica's Motives or Actions (MIL No. 2)* filed by Kaotica Corporation, 54 MOTION for Summary Judgment filed by Kaotica Corporation, and 57 MOTION for Summary Judgment filed by Iconic Mars Corporation. Order from the Court to follow. (Court Reporter/ECR Chari Bowery). (Plaintiff Attorney Stephen Lobbin, Joshua Osborn and Shawn Lyons). (Defendant Attorney Dario Machleidt, Kathleen Geyer and Kristin Adams). (no document attached) (lmh) (Entered: 01/17/2024) |
| 01/23/2024 | 77 | ORDER Granting In Part and Denying In Part Motion for Summary Judgment [Doc. Nos. 54 , 57 , 71 ]. Signed by Judge Cathy Ann Bencivengo on 1/23/2024. (anh) (Entered: 01/23/2024) |
| 01/24/2024 | 78 | ORDER. The Court sets a telephonic Status Conference for **1/26/2024 at 11:00 AM** before Magistrate Judge Daniel E. Butcher. Counsel must call the Court's teleconference line at 1-888-398-2342, enter access code 83-89-272, and press * if prompted for a security code. Signed by Magistrate Judge Daniel E. Butcher on 1/24/2024. (no document attached) (rxa) (Entered: 01/24/2024) |
| 01/26/2024 | 79 | Minute Entry for proceedings held before Magistrate Judge Daniel E. Butcher and Order. The Court held a telephonic Status Conference on 1/26/2024. The Court sets a Mandatory Settlement Conference ("MSC") for **3/13/2024 at 9:30 AM** before Magistrate Judge Daniel E. Butcher. Parties must submit their MSC briefs to efile_butcher@casd.uscourts.gov by close of business on 3/6/2024. The Court will circulate the Zoom invitation for the MSC closer to the proceeding. (Plaintiff's Attorney Stephen M. Lobbin, Shawn Lyons, Joshua Neal Osborn). (Defendant's Attorney Kathleen Rose Geyer, Dario A. Machleidt). (no document attached) (rxa) (Entered: 01/29/2024) |
| 02/05/2024 | 80 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Motion Hearing held on 1/17/2024, before Judge Cathy Ann Bencivengo. Court Reporter/Transcriber: Chari Bowery. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER or the Court Reporter/Transcriber. If redaction is necessary, parties have seven calendar days from the file date of the Transcript to E-File the Notice of Intent to Request Redaction. The following deadlines would also apply if requesting redaction: Redaction Request Statement due to Court Reporter/Transcriber 2/26/2024. Redacted Transcript Deadline set for 3/7/2024. Release of Transcript Restriction set for 5/6/2024. (anh)(jrd) (Entered: 02/05/2024) |
| 02/06/2024 | 81 | STATUS REPORT *Joint Status Report* by Kaotica Corporation. (Geyer, Kathleen) (anh). (Entered: 02/06/2024) |
| 02/12/2024 | 82 | SCHEDULING ORDER. Signed by Judge Cathy Ann Bencivengo on 2/12/2024.(anh) (Entered: 02/12/2024) |
| 02/16/2024 | 83 | MOTION to File Documents Under Seal (Machleidt, Dario) (anh). (Entered: 02/16/2024) |
| 02/28/2024 | 84 | Minute Order for proceedings held before Judge Cathy Ann Bencivengo:Daubert Hearing held on 2/28/2024. Finding as moot 83 Motion to File Documents Under Seal for reasons stated on the record. (Court Reporter/ECR Chari Bowery). (Plaintiff Attorney Joshua Osborn).(Defendant Attorney Dario Machleidt).(Jack Roberts (witness)). (no document attached) (lmh) (Entered: 02/28/2024) |

| | | |
|---|---|---|
| 02/28/2024 | 85 | Minute Order by Judge Cathy Ann Bencivengo: On February 28, 2024, the Court held a Daubert hearing. For the reasons stated at the hearing, Plaintiffs motion to exclude Mr. Roberts expert testimony (Doc. No. 57 ) is DENIED, and Defendants motion to seal (Doc. No. 83 ) is DENIED AS MOOT. (maq). (Entered: 02/28/2024) |
| 03/13/2024 | 86 | Minute Entry for proceedings held before Magistrate Judge Daniel E. Butcher. The Court held a Mandatory Settlement Conference on 3/13/2024. The case did not settle. (Plaintiff's Attorney Stephen M. Lobbin, Shawn Lyons, Joshua Neal Osborn). (Defendant's Attorney Kathleen Rose Geyer, Dario A. Machleidt). (no document attached) (rxa) (Entered: 03/13/2024) |
| 05/09/2024 | 87 | In Limine MOTION to Exclude by Kaotica Corporation. (Attachments: # 1 Declaration of Machleidt, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Exhibit 8, # 10 Exhibit 9, # 11 Exhibit 10)(Machleidt, Dario) (anh). (Entered: 05/09/2024) |
| 05/16/2024 | 88 | RESPONSE in Opposition re 87 In Limine MOTION to Exclude filed by Iconic Mars Corporation, Iconic Mars Corporation. (Lobbin, Stephen) (anh). (Entered: 05/16/2024) |
| 05/16/2024 | 89 | NOTICE of Lodgment by Iconic Mars Corporation, Iconic Mars Corporation re 82 Scheduling Order *Joint Proposed Pretrial Order* (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F)(Lobbin, Stephen)QC Email: Proposed Pretrial order to be lodged with chambers, not filed on cm/ecf. (anh). (Entered: 05/16/2024) |
| 05/23/2024 | 90 | Minute Order for proceedings held before Judge Cathy Ann Bencivengo:Motion In Limine Hearing held on 5/23/2024 re 53 In Limine MOTION to Exclude *Evidence and Argument re Undisclosed Damages Computations (MIL No. 1) and Prevent Disparagement of Kaotica and Its Witnesses or Using Pejorative Terms When Discussing Kaotica's Motives or Actions (MIL No. 2)* filed by Kaotica Corporation, 87 In Limine MOTION to Exclude filed by Kaotica Corporation. Motion In Limines are granted in part/denied in part for reasons stated on the record. Final Pretrial Conference held on 5/23/2024. Order to follow. Jury Trial confirmed for 6/10/2024 at 8:30 AM in Courtroom 15A before Judge Cathy Ann Bencivengo. (Court Reporter/ECR Chari Bowery). (Plaintiff Attorney Stephen Lobbin, Joshua Osborn and Adrian Lyons).(Defendant Attorney Dario Machleidt and Kathleen Geyer). (no document attached) (lmh) (Entered: 05/23/2024) |
| 05/29/2024 | 91 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Motion Hearing held on 5/23/2024, before Judge Cathy Ann Bencivengo. Court Reporter/Transcriber Chari Bowery. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER or the Court Reporter/Transcriber. If redaction is necessary, parties have seven calendar days from the file date of the Transcript to E-File the Notice of Intent to Request Redaction. The following deadlines would also apply if requesting redaction: Redaction Request Statement due to Court Reporter/Transcriber 6/20/2024. Redacted Transcript Deadline set for 7/1/2024. Release of Transcript Restriction set for 8/27/2024. (anh) (Entered: 05/29/2024) |
| 06/03/2024 | 92 | TRIAL BRIEF *on Issues of Law* by Kaotica Corporation. (Attachments: # 1 Declaration of Kathleen R. Geyer ISO Defendant's Brief on Issues of Law, # 2 Table of Exhibits, # 3 Geyer Ex. 1, # 4 Geyer Ex. 2, # 5 Geyer Ex. 3, # 6 Geyer Ex. 4, # 7 Geyer Ex. 5, # 8 Geyer Ex. 6, # 9 Geyer Ex. 7, # 10 Geyer Ex. 8, # 11 Geyer Ex. 9)(Machleidt, Dario) (anh). (Entered: 06/03/2024) |
| 06/06/2024 | 93 | Proposed Voir Dire by Kaotica Corporation. (Machleidt, Dario) (dim). (Entered: 06/06/2024) |

| | | |
|---|---|---|
| 06/06/2024 | 94 | Proposed Voir Dire by Iconic Mars Corporation, Iconic Mars Corporation. (Lobbin, Stephen) (dim). (Entered: 06/06/2024) |
| 06/06/2024 | 95 | PROPOSED JURY INSTRUCTIONS by Kaotica Corporation. (Attachments: # 1 Table of Exhibits, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3)(Machleidt, Dario) (dim). (Entered: 06/06/2024) |
| 06/07/2024 | 96 | PRETRIAL ORDER. Signed by Judge Cathy Ann Bencivengo on 6/7/2024.(dim) (Entered: 06/07/2024) |
| 06/07/2024 | 97 | NOTICE of Appearance by Adrian Roshawn Lyons on behalf of Iconic Mars Corporation, Iconic Mars Corporation (Lyons, Adrian)Attorney Adrian Roshawn Lyons added to party Iconic Mars Corporation(pty:pla), Attorney Adrian Roshawn Lyons added to party Iconic Mars Corporation(pty:cd) (maq). (Entered: 06/07/2024) |
| 06/10/2024 | 98 | Minute Entry for proceedings held before Judge Cathy Ann Bencivengo: Jury Trial begins on 6/10/2024. Day of Trial - 1st day. Jury impaneled. 7 jurist sworn. Swore witnesses. Exhibits marked/received. Jury Trial continued to 6/11/2024 08:45 AM in Courtroom 15A before Judge Cathy Ann Bencivengo. (Court Reporter/ECR Chari Bowery, Juliet Eichenlaub). (Plaintiff Attorney Stephen Lobbin, Joshua Osborn, Adrian Lyons). (Defendant Attorney Dario Machleidt, Kathleen Geyer and Kristin Adams). (no document attached) (lmh) (Entered: 06/10/2024) |
| 06/11/2024 | 99 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Jury Trial Day 1 Morning Session held on 6/10/2024, before Judge Cathy Ann Bencivengo. Court Reporter/Transcriber: Juliet Y. Eichenlaub. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER or the Court Reporter/Transcriber. If redaction is necessary, parties have seven calendar days from the file date of the Transcript to E-File the Notice of Intent to Request Redaction. The following deadlines would also apply if requesting redaction: Redaction Request Statement due to Court Reporter/Transcriber 7/2/2024. Redacted Transcript Deadline set for 7/12/2024. Release of Transcript Restriction set for 9/9/2024. (anh)(jrd) (Entered: 06/11/2024) |
| 06/11/2024 | 100 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Jury Trial, Volume 1 Afternoon Session held on 6/10/2024, before Judge Cathy Ann Bencivengo. Court Reporter/Transcriber: Chari Bowery. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER or the Court Reporter/Transcriber. If redaction is necessary, parties have seven calendar days from the file date of the Transcript to E-File the Notice of Intent to Request Redaction. The following deadlines would also apply if requesting redaction: Redaction Request Statement due to Court Reporter/Transcriber 7/2/2024. Redacted Transcript Deadline set for 7/12/2024. Release of Transcript Restriction set for 9/9/2024. (anh) (Main Document 100 replaced on 6/11/2024) (dim)(jrd) (Entered: 06/11/2024) |
| 06/11/2024 | 101 | Minute Entry for proceedings held before Judge Cathy Ann Bencivengo: Jury Trial held on 6/11/2024. Day of Trial - 2nd day. 7 Trial Jurors Present. Evidence admitted. Witnesses called and sworn. Jury Trial continued to 6/12/2024 08:45 AM in Courtroom 15A before Judge Cathy Ann Bencivengo. (Court Reporter/ECR Chari Bowery, Juliet Eichenlaub). (Plaintiff Attorney Stephen Lobbin, Joshua Osborn, Adrian Lyons). (Defendant Attorney Dario Machleidt, Kathleen Geyer and Kristin Adams). (no document attached) (lmh) (Entered: 06/11/2024) |
| 06/12/2024 | 102 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Jury Trial Day 2 Morning Session held on 6/11/2024, before Judge Cathy Ann Bencivengo. Court |

| | | |
|---|---|---|
| | | Reporter/Transcriber: Juliet Y. Eichenlaub. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER or the Court Reporter/Transcriber. If redaction is necessary, parties have seven calendar days from the file date of the Transcript to E-File the Notice of Intent to Request Redaction. The following deadlines would also apply if requesting redaction: Redaction Request Statement due to Court Reporter/Transcriber 7/3/2024. Redacted Transcript Deadline set for 7/15/2024. Release of Transcript Restriction set for 9/10/2024. (anh)(jrd) (Entered: 06/12/2024) |
| 06/12/2024 | 103 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Jury Trial Volume 2 Afternoon Session held on 6/11/2024, before Judge Cathy Ann Bencivengo. Court Reporter/Transcriber: Chari Bowery. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER or the Court Reporter/Transcriber. If redaction is necessary, parties have seven calendar days from the file date of the Transcript to E-File the Notice of Intent to Request Redaction. The following deadlines would also apply if requesting redaction: Redaction Request Statement due to Court Reporter/Transcriber 7/3/2024. Redacted Transcript Deadline set for 7/15/2024. Release of Transcript Restriction set for 9/10/2024. (anh)(jrd) (Entered: 06/12/2024) |
| 06/12/2024 | 104 | Minute Entry for proceedings held before Judge Cathy Ann Bencivengo: Jury Trial held on 6/12/2024. Day of Trial - 3rd day. 7 Trial Jurors Present. Swore witnesses. Exhibits marked/received. Parties rest. Court dismisses breach of contract claim on JMOL. Jury Trial continued to 6/13/2024 08:30 AM in Courtroom 15A before Judge Cathy Ann Bencivengo. (Court Reporter/ECR Chari Bowery, Juliet Eichenlaub). (Plaintiff Attorney Stephen Lobbin, Joshua Osborn, Adrian Lyons). (Defendant Attorney Dario Machleidt, Kathleen Geyer and Kristin Adams). (no document attached) (lmh) (Entered: 06/12/2024) |
| 06/13/2024 | 105 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Jury Trial Volume 3 Morning Session held on 6/12/2024, before Judge Cathy Ann Bencivengo. Court Reporter/Transcriber: Chari Bowery. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER or the Court Reporter/Transcriber. If redaction is necessary, parties have seven calendar days from the file date of the Transcript to E-File the Notice of Intent to Request Redaction. The following deadlines would also apply if requesting redaction: Redaction Request Statement due to Court Reporter/Transcriber 7/5/2024. Redacted Transcript Deadline set for 7/15/2024. Release of Transcript Restriction set for 9/11/2024. (anh)(jrd) (Entered: 06/13/2024) |
| 06/13/2024 | 106 | Minute Entry for proceedings held before Judge Cathy Ann Bencivengo: Jury Trial completed on 6/13/2024. Day of Trial - 4th day. 7 Trial Jurors Present. Exhibits marked/received. Jury retired to deliberate at 12:16 PM. Jury returned at 3:16 PM. Verdict: In Favor of Defendant/Counter-Claimant Kaotica Corporation. Jury polled. Judge ordered lunch to be provided at court expense.(Court Reporter/ECR Chari Bowery). (Plaintiff Attorney Stephen Lobbin, Joshua Osborn, Adrian Lyons). (Defendant Attorney Dario Machleidt, Kathleen Geyer and Kristin Adams). (no document attached) (lmh) (Entered: 06/13/2024) |
| 06/13/2024 | 108 | Jury Trial Witness List. (lmh) (Entered: 06/14/2024) |
| 06/13/2024 | 109 | Plaintiff Exhibit List as to plaintiff/counter-defendant Iconic Mars Corporation.(lmh) (Entered: 06/14/2024) |

| | | |
|---|---|---|
| 06/13/2024 | 110 | Defendant Exhibit List as to defendant/counter-claimant Kaotica Corporation. (lmh) (Entered: 06/14/2024) |
| 06/13/2024 | 111 | Jury Instructions. (lmh) (Entered: 06/14/2024) |
| 06/13/2024 | 112 | COURT Jury Trial EXHIBIT LIST, with exhibit attached. (lmh) (Entered: 06/14/2024) |
| 06/13/2024 | 113 | JURY VERDICT in favor of Defendant/Counter-Claimant Kaotica Corporation and against Plaintiff/Counter-Defendant Iconic Mars Corporation. (Attachments: # 1 Supplement Unredacted Verdict)(lmh) (Entered: 06/14/2024) |
| 06/14/2024 | 107 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Jury Trial, Volume 4 held on 6/13/2024, before Judge Cathy Ann Bencivengo. Court Reporter/Transcriber: Chari Bowery. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER or the Court Reporter/Transcriber. If redaction is necessary, parties have seven calendar days from the file date of the Transcript to E-File the Notice of Intent to Request Redaction. The following deadlines would also apply if requesting redaction: Redaction Request Statement due to Court Reporter/Transcriber 7/5/2024. Redacted Transcript Deadline set for 7/15/2024. Release of Transcript Restriction set for 9/12/2024. (dim)(jrd) (Entered: 06/14/2024) |
| 06/14/2024 | 114 | TRIAL BRIEF *ON ICONIC'S VIOLATION OF FED. R. EVID. 407* by Kaotica Corporation. (Machleidt, Dario) (anh). (Entered: 06/14/2024) |
| 06/26/2024 | 115 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Jury Trial - Day 3 (Afternoon Session) held on 6/12/2024, before Judge Cathy Ann Bencivengo. Court Reporter/Transcriber: Juliet Y. Eichenlaub. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER or the Court Reporter/Transcriber. If redaction is necessary, parties have seven calendar days from the file date of the Transcript to E-File the Notice of Intent to Request Redaction. The following deadlines would also apply if requesting redaction: Redaction Request Statement due to Court Reporter/Transcriber 7/17/2024. Redacted Transcript Deadline set for 7/29/2024. Release of Transcript Restriction set for 9/24/2024. (dim)(jrd) (Entered: 06/26/2024) |
| 07/17/2024 | 116 | CLERK'S JUDGMENT. IT IS SO ORDERED AND ADJUDGED that the verdict is entered in favor of Kaotica Corporation.(anh) (Entered: 07/17/2024) |
| 07/31/2024 | 117 | MOTION for Leave to File Excess Pages by Kaotica Corporation. (Attachments: # 1 Memo of Points and Authorities, # 2 Declaration of K. Geyer, # 3 Exhibit A, # 4 Proposed Order)(Machleidt, Dario)QC Email: Proposed Order (anh). (Entered: 07/31/2024) |
| 07/31/2024 | 118 | BILL OF COSTS submitted by Defendant Kaotica Corporation in the amount of $ 36639.10. Hearing set for 8/15/2024 at 10:30AM. (Attachments: # 1 Bill of Costs, # 2 Memo ISO Bill of Costs, # 3 Declaration of K. Geyer, # 4 Table of Exhibits, # 5 Exhibit 1, # 6 Exhibit 2, # 7 Exhibit 3, # 8 Exhibit 4, # 9 Exhibit 5)(Machleidt, Dario) (anh). (Entered: 07/31/2024) |
| 07/31/2024 | 119 | MOTION for Attorney Fees by Kaotica Corporation. (Attachments: # 1 Memo of Points and Authorities, # 2 Declaration of Machleidt, # 3 Exhibit 1 (Part 1 of 3), # 4 Exhibit 1 (Part 1 of 3), # 5 Exhibit 1 (Part 2 of 3), # 6 Exhibit, # 7 Exhibit 3, # 8 Exhibit 4, # 9 Exhibit 5, # 10 Exhibit 6, # 11 Exhibit 7, # 12 Exhibit 8, # 13 Exhibit 9, # 14 Exhibit 10, # 15 Exhibit 11, # 16 Exhibit 12, # 17 Proposed Order)(Machleidt, Dario)QC Email: Proposed Order (anh). (Entered: 07/31/2024) |

| | | |
|---|---|---|
| 08/01/2024 | 120 | NOTICE of Hearing - Bill of Costs, re 118 Bill of Costs, filed by Kaotica Corporation : Hearing set for 8/21/2024 at 10:30AM. Any opposition or responsive pleading due 8/14/2024. All parties requesting to appear telephonically for this Bill of Costs hearing are directed to join on a conference call, then contact A. Hazard 619-557-6437 at the time of the hearing. (no document attached) (anh) (Entered: 08/01/2024) |
| 08/01/2024 | 121 | ORDER Granting Motion for Leave to File Extra Pages [Doc. No. 117 ]. Signed by Judge Cathy Ann Bencivengo on 8/1/2024. (anh) (Entered: 08/01/2024) |
| 08/14/2024 | 122 | OBJECTION by Iconic Mars Corporation re 118 Bill of Costs, . (Attachments: # 1 Exhibit A)(Lobbin, Stephen) (anh). (Entered: 08/14/2024) |
| 08/14/2024 | 123 | MOTION to Amend/Correct 116 Clerk's Judgment *Under Rule 52(b) for Findings and Conclusions re Equitable Issues* by Iconic Mars Corporation. (Lobbin, Stephen) (anh). (Entered: 08/14/2024) |
| 08/15/2024 | 124 | NOTICE of VACATED Hearing - Bill of Costs, re 118 Bill of Costs, filed by Kaotica Corporation : The hearing set for 8/21/2024 at 10:30AM is Vacated pending resolution of MOTION to Amend/Correct 116 Clerk's Judgment Under Rule 52(b) for Findings and Conclusions re Equitable Issues by Iconic Mars Corporation [Doc. No. 123 ]. Once resolved, the Clerk will reset the hearing. (no document attached) (anh) (Entered: 08/15/2024) |
| 08/15/2024 | 125 | MOTION to Alter Judgment - *Motion for Equitable Relief* by Kaotica Corporation. (Attachments: # 1 Memo of Points and Authorities, # 2 Declaration of Geyer in Support, # 3 Table of Contents of Geyer Decl Exhibits, # 4 Exhibit 1 to Geyer Decl, # 5 Exhibit 2 to Geyer Decl, # 6 Proposed Order)(Machleidt, Dario) QC Email: Proposed Orders not permitted on the docket. (anh). (Entered: 08/15/2024) |
| 08/15/2024 | 126 | MOTION for Extension of Time to File *Motion for Equitable Relief - Dkt. 125 - (One Day Extension)* by Kaotica Corporation. (Attachments: # 1 Memo of Points and Authorities, # 2 Declaration of Geyer in Support, # 3 Exhibit 1 to Geyer Decl, # 4 Proposed Order)(Machleidt, Dario) QC Email: Proposed Orders not permitted on the docket. (anh). (Entered: 08/15/2024) |
| 08/20/2024 | 127 | ORDER Granting Motion for Extension of Time [Doc. No. 126 ]. Signed by Judge Cathy Ann Bencivengo on 8/20/2024. (anh) (Entered: 08/20/2024) |
| 08/21/2024 | 128 | RESPONSE in Opposition re 119 MOTION for Attorney Fees filed by Iconic Mars Corporation, Iconic Mars Corporation. (Attachments: # 1 Declaration Stephen M. Lobbin)(Lobbin, Stephen) (anh). (Entered: 08/21/2024) |
| 08/21/2024 | 129 | Request for Oral Argument on Motion for Attorneys' Fees and Costs by Iconic Mars Corporation, Iconic Mars Corporation re 119 MOTION for Attorney Fees *Request for Oral Argument*. (Lobbin, Stephen) QC Email: Wrong event selected. Modified event. Modified docket text (anh). (Entered: 08/21/2024) |
| 08/28/2024 | 130 | REPLY to Response to Motion re 119 MOTION for Attorney Fees *and Costs* filed by Kaotica Corporation. (Attachments: # 1 Declaration of Machleidt in Support, # 2 Table of Contents for Exhibits, # 3 Exhibit 13 to Machleidt Decl, # 4 Exhibit 14 to Machleidt Decl)(Machleidt, Dario) (anh). (Entered: 08/28/2024) |
| 09/04/2024 | 131 | RESPONSE in Opposition re 123 MOTION to Amend/Correct 116 Clerk's Judgment *Under Rule 52(b) for Findings and Conclusions re Equitable Issues* filed by Kaotica Corporation. (Attachments: # 1 Declaration of Geyer In Support, # 2 Exhibit 1 to Geyer Decl, # 3 Exhibit 2 to Geyer Decl)(Machleidt, Dario) (anh). (Entered: 09/04/2024) |

| | | |
|---|---|---|
| 09/05/2024 | 132 | RESPONSE in Opposition re 125 MOTION to Alter Judgment - *Motion for Equitable Relief* filed by Iconic Mars Corporation, Iconic Mars Corporation. (Lobbin, Stephen) (anh). (Entered: 09/05/2024) |
| 09/11/2024 | 133 | REPLY to Response to Motion re 125 MOTION to Alter Judgment - *Motion for Equitable Relief* filed by Kaotica Corporation. (Attachments: # 1 Declaration of Geyer In Support, # 2 Exhibit 3 to Geyer Decl, # 3 Exhibit 4 to Geyer Decl, # 4 Exhibit 5 to Geyer Decl, # 5 Exhibit 6 to Geyer Decl, # 6 Exhibit 7 to Geyer Decl)(Machleidt, Dario) (anh). (Entered: 09/11/2024) |
| 09/11/2024 | 134 | MOTION Request for Oral Argument re 125 MOTION to Alter Judgment - *Motion for Equitable Relief*, 123 MOTION to Amend/Correct 116 Clerk's Judgment *Under Rule 52(b) for Findings and Conclusions re Equitable Issues* by Kaotica Corporation. (Machleidt, Dario) (anh). (Entered: 09/11/2024) |
| 09/11/2024 | 135 | REPLY to Response to Motion re 123 MOTION to Amend/Correct 116 Clerk's Judgment *Under Rule 52(b) for Findings and Conclusions re Equitable Issues* filed by Iconic Mars Corporation, Iconic Mars Corporation. (Lobbin, Stephen) (anh). (Entered: 09/11/2024) |
| 11/14/2024 | 136 | ORDER Setting Hearing on Equitable Claims and Motion for Attorneys Fees (Attachments: # 1 Tentative Order) (anh) Modified to correct docket text on 11/14/2024 (anh). (Entered: 11/14/2024) |
| 11/18/2024 | 137 | Ex Parte MOTION to Continue *November 21, 2024 Hearing* by Iconic Mars Corporation. (Attachments: # 1 Declaration Stephen M. Lobbin, # 2 Exhibit A)(Lobbin, Stephen) (anh). (Entered: 11/18/2024) |
| 11/19/2024 | 138 | ORDER Granting Plaintiff's Ex Parte Motion for Hearing Continuance [Doc. No. 137 ]. Signed by Judge Cathy Ann Bencivengo on 11/19/2024. (anh) (Entered: 11/19/2024) |
| 11/19/2024 | 139 | RESPONSE in Opposition re 137 Ex Parte MOTION to Continue *November 21, 2024 Hearing* filed by Kaotica Corporation. (Machleidt, Dario) (anh). (Entered: 11/19/2024) |
| 11/20/2024 | 140 | MOTION to Continue - *Unopposed Motion to Continue Hearing on Equitable Claims and Motion for Attorneys Fees to January 16, 2025* by Kaotica Corporation. (Attachments: # 1 Memo of Points and Authorities, # 2 Declaration of Geyer in Support, # 3 Exhibit 1 to Geyer Decl, # 4 [Proposed] Order)(Machleidt, Dario) (anh). (Entered: 11/20/2024) |
| 11/21/2024 | 141 | ORDER Resetting Hearing [ECF No. 140 ]. Signed by Judge Cathy Ann Bencivengo on 11/21/2024. (anh) (Entered: 11/21/2024) |
| 01/16/2025 | 142 | Minute Entry for proceedings held before Judge Cathy Ann Bencivengo: Motion Hearing held on 1/16/2025 re 125 MOTION to Alter Judgment - *Motion for Equitable Relief* filed by Kaotica Corporation, 123 MOTION to Amend/Correct 116 Clerk's Judgment *Under Rule 52(b) for Findings and Conclusions re Equitable Issues* filed by Iconic Mars Corporation, 119 MOTION for Attorney Fees filed by Kaotica Corporation. A tentative order was issued to the parties and oral argument held. Order to follow.(Court Reporter/ECR Chari Bowery). (Plaintiff Attorney Stephen Lobbin). (Defendant Attorney Dario Machleidt, Kathleen Geyer, Kristin Adams). (no document attached) (lmh) (Entered: 01/16/2025) |
| 01/16/2025 | 143 | TRANSCRIPT ORDER - For hearing(s) on 01/16/2025 by Kaotica Corporation. (Geyer, Kathleen) (anh). (Entered: 01/16/2025) |
| 01/21/2025 | 144 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Motion Hearing held on 1/16/2025, before Judge Cathy Ann Bencivengo. Court Reporter/Transcriber: Chari Bowery. Transcript may be viewed at the court public terminal or purchased through the |

| | | |
|---|---|---|
| | | Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER or the Court Reporter/Transcriber. If redaction is necessary, parties have seven calendar days from the file date of the Transcript to E-File the Notice of Intent to Request Redaction. The following deadlines would also apply if requesting redaction: Redaction Request Statement due to Court Reporter/Transcriber 2/11/2025. Redacted Transcript Deadline set for 2/21/2025. Release of Transcript Restriction set for 4/21/2025. (anh)(jrd) (Entered: 01/21/2025) |
| 02/05/2025 | 145 | ORDER on Equitable Claims and Motion for Attorneys' Fees and Costs [Doc. Nos. 12 , 125 , and 119 ]. Signed by Judge Cathy Ann Bencivengo on 2/5/2025. (anh) (Entered: 02/05/2025) |
| 02/05/2025 | 146 | CLERK'S JUDGMENT. IT IS SO ORDERED AND ADJUDGED that based on the jury verdict, [Doc. No. 113 ], and the Courts order on equitable claims, [Doc. No. [ 145 ],final judgment is entered in favor of Kaotica.(anh) (Entered: 02/05/2025) |
| 02/13/2025 | 147 | ORDER. The Court SETS a Status Conference for **2/21/2025 at 2:00 PM** before Magistrate Judge Daniel E. Butcher. The Court will circulate the call-in information. IT IS SO ORDERED. Signed by Magistrate Judge Daniel E. Butcher on 2/13/2025. (no document attached) (rxa) (Entered: 02/13/2025) |
| 02/19/2025 | 148 | ORDER GRANTING PERMANENT INJUNCTION. Signed by Judge Cathy Ann Bencivengo on 2/19/2025.(anh) (Entered: 02/19/2025) |
| 02/21/2025 | 149 | Minute Entry for proceedings held before Magistrate Judge Daniel E. Butcher. The Court held a Status Conference on 2/21/2025. Scheduling Order to follow. (Plaintiff's Attorney Stephen M. Lobbin). (Defendant's Attorney Kristin Adams, Dario A. Machleidt). (no document attached) (rxa) (Entered: 02/21/2025) |
| 02/25/2025 | 150 | SCHEDULING ORDER for Limited Post-Judgment Discovery [Dkt. No. 145 ]. Signed by Magistrate Judge Daniel E. Butcher on 2/25/2025.(anh) (Entered: 02/25/2025) |
| 03/03/2025 | 151 | Minute Entry for proceedings held before Magistrate Judge Daniel E. Butcher and Order. The Court held a Status Conference on 3/3/2025. The Court ORDERS as follows: (1) **On or before COB on 3/7/2025**, Mr. Lobbin must send a letter listing his and Iconic Mars Corporation's objections to Kaotica Corporation's written discovery requests; (2) Counsel must meet and confer on the objections **by COB on 3/20/2025**; and (3) the Court will hold an Informal Discovery Conference on **3/21/2025 at 3:30 PM** to discuss any remaining objections not resolved during the meet and confer process. The parties' must submit letter briefs **by noon on 3/21/2025** explaining their positions on the discovery in dispute. The letter briefs are limited to three single-spaced pages (size 14 Times New Roman). Kaotica must submit the discovery requests in dispute as exhibits to its letter brief. The letter briefs must be submitted to efile_butcher@casd.uscourts.gov and copy opposing counsel. IT IS SO ORDERED. (Plaintiff's Attorney Stephen M. Lobbin). (Defendant's Attorney Kristin Adams, Kathleen Rose Geyer, Dario A. Machleidt). (no document attached) (rxa) (Entered: 03/04/2025) |
| 03/05/2025 | 152 | MOTION to Alter Judgment *and for Joinder* by Kaotica Corporation. (Attachments: # 1 Memo of Points and Authorities, # 2 Declaration of Dario Machleidt, # 3 Exhibit 1 to Machleidt Decl, # 4 Exhibit 2 to Machleidt Decl, # 5 Exhibit 3 to Machleidt Decl, # 6 Exhibit 4 to Machleidt Decl, # 7 Exhibit 5 to Machleidt Decl, # 8 Exhibit 6 to Machleidt Decl, # 9 Exhibit 7 to Machleidt Decl, # 10 Exhibit 8 to Machleidt Decl, # 11 Exhibit 9 to Machleidt Decl, # 12 Exhibit 10 to Machleidt Decl, # 13 Exhibit 11 to Machleidt Decl, # 14 Exhibit 12 to Machleidt Decl, # 15 Exhibit 13 to Machleidt Decl, # 16 Exhibit 14 to Machleidt Decl, # 17 Exhibit 15 to Machleidt Decl, # 18 Exhibit 16 to Machleidt Decl, # 19 Exhibit 17 to Machleidt Decl, # 20 Exhibit 18 to Machleidt Decl, # 21 Exhibit 19 to Machleidt Decl, # 22 Exhibit 20 to Machleidt Decl, # 23 Exhibit 21 to Machleidt Decl, # |

| | | |
|---|---|---|
| | | 24 Exhibit 22 to Machleidt Decl, # 25 Exhibit 23 to Machleidt Decl, # 26 Exhibit 24 to Machleidt Decl)(Machleidt, Dario) (anh). (Entered: 03/05/2025) |
| 03/07/2025 | 153 | MINUTE ORDER: Defendant Kaotica has filed a motion to amend the judgment in this case. [Doc. No. 152 ]. Plaintiff may file any opposition by March 19, 2025. Defendant may file any reply by March 26, 2025. It is So ORDERED.(anh) (Entered: 03/07/2025) |
| 03/07/2025 | 154 | NOTICE OF APPEAL to the Federal Circuit as to 116 Clerk's Judgment, 96 Pretrial Order, 127 Order on Motion for Extension of Time to File, 146 Clerk's Judgment, 77 Order on Motion for Summary Judgment,, Order on Motion for Leave to File Document, 84 Order on Motion to File Documents Under Seal,, Daubert Hearing, 145 Order on Motion for Attorney Fees, Order on Motion to Terminate Party, Order on Motion to Alter Judgment, 90 Order on Motion to Exclude,,,,,,,, Motion In Limine Hearing,,,, Pretrial Conference,,, 148 Permanent Injunction, 85 Minute Order (No Time), by Iconic Mars Corporation, Iconic Mars Corporation, Stephen M. Lobbin. ( Filing fee $ 605 receipt number ACASDC-19676256.) (Lobbin, Stephen) ** Certified Public Docket, Notice of Appeal to the Federal Circuit, Clerk's Judgment, 96 Pretrial Order, 127 Order on Motion for Extension of Time to File, 146 Clerk's Judgment, 77 Order on Motion for Summary Judgment emailed to the Federal Circuit;acknowledgment of Receipt Email received. ** (mjw). (Entered: 03/07/2025) |
| 03/10/2025 | 155 | MOTION for Temporary Restraining Order *Preventing Iconic Mars and James Olaleye From Further Harassing Kaotica, Its Owners and Their Family Members* by Kaotica Corporation. (Attachments: # 1 Memo of Points and Authorities, # 2 Declaration of Zukowski, # 3 Declaration of Machleidt, # 4 Exhibit 1 to Machleidt Decl, # 5 Exhibit 2 to Machleidt Decl, # 6 Exhibit 3 to Machleidt Decl, # 7 Exhibit 4 to Machleidt Decl, # 8 Exhibit 5 to Machleidt Decl, # 9 Exhibit 6 to Machleidt Decl, # 10 Exhibit 7 to Machleidt Decl, # 11 [Proposed] Order)(Machleidt, Dario) QC Email: Proposed Order (anh). (Entered: 03/10/2025) |
| 03/10/2025 | 156 | NOTICE - *Request for Oral Argument as to Dkt 155* by Kaotica Corporation re 155 MOTION for Temporary Restraining Order *Preventing Iconic Mars and James Olaleye From Further Harassing Kaotica, Its Owners and Their Family Members* (Machleidt, Dario) (anh). (Entered: 03/10/2025) |
| 03/10/2025 | 157 | ORDER Setting Briefing Hearing. Signed by Judge Cathy Ann Bencivengo on 3/10/2025. (anh) (Entered: 03/10/2025) |
| 03/18/2025 | 158 | MINUTE ORDER: Counsel are instructed to provide their clients the following dial-in information for the March 20, 2025 hearing. Client participation is mandatory. Phone: 1-619-657-0677. Conference ID: 159 243 247#.(anh) (Entered: 03/18/2025) |
| 03/19/2025 | 159 | RESPONSE in Opposition re 155 MOTION for Temporary Restraining Order *Preventing Iconic Mars and James Olaleye From Further Harassing Kaotica, Its Owners and Their Family Members*, 152 MOTION to Alter Judgment *and for Joinder* filed by Iconic Mars Corporation, Iconic Mars Corporation. (Attachments: # 1 Exhibit A)(Lobbin, Stephen) (anh). (Entered: 03/19/2025) |
| 03/20/2025 | 160 | Minute Entry for proceedings held before Judge Cathy Ann Bencivengo: Motion Hearing held on 3/20/2025 re 155 MOTION for Temporary Restraining Order *Preventing Iconic Mars and James Olaleye From Further Harassing Kaotica, Its Owners and Their Family Members* filed by Kaotica Corporation, 152 MOTION to Alter Judgment *and for Joinder* filed by Kaotica Corporation. Parties appearing telephonic. Tentative given by the Court and argument heard. Court to issue order.(Court Reporter/ECR Chari Bowery). (Plaintiff Attorney Stephen Lobbin). (Defendant Attorney Dario Machleidt, Kathleen Geyer, Kristin Adams). (no document attached) (lmh) (Entered: 03/20/2025) |

| | | |
|---|---|---|
| 03/21/2025 | 161 | TRANSCRIPT ORDER - For hearing(s) on 03/20/2025 by Kaotica Corporation. (Machleidt, Dario) (anh). (Entered: 03/21/2025) |
| 03/21/2025 | 162 | DECLARATION re 148 Permanent Injunction *and Compliance Therewith* by Plaintiff Iconic Mars Corporation, Counter Defendant Iconic Mars Corporation. (Attachments: # 1 Exhibit A)(Lobbin, Stephen) (anh). (Entered: 03/21/2025) |
| 03/25/2025 | 163 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Motion Hearing held on 3/20/2025, before Judge Cathy Ann Bencivengo. Court Reporter/Transcriber: Chari Bowery. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER or the Court Reporter/Transcriber. If redaction is necessary, parties have seven calendar days from the file date of the Transcript to E-File the Notice of Intent to Request Redaction. The following deadlines would also apply if requesting redaction: Redaction Request Statement due to Court Reporter/Transcriber 4/15/2025. Redacted Transcript Deadline set for 4/25/2025. Release of Transcript Restriction set for 6/23/2025. (anh)(jrd) (Entered: 03/25/2025) |
| 03/26/2025 | 164 | ORDER Denying Motion for Temporary Restraining Order [ECF No. 155 ]. Signed by Judge Cathy Ann Bencivengo on 3/26/2025. (anh) (Entered: 03/26/2025) |
| 04/02/2025 | 165 | ORDER Setting Briefing Schedule [ECF No. 145 ]. Signed by Judge Cathy Ann Bencivengo on 4/2/2025.(anh) (Entered: 04/02/2025) |
| 04/11/2025 | 166 | Ex Parte MOTION to Continue *Hearing On Kaotica's Motion for Joinder and To Amend Judgment to Week of May 12, 2025* by Kaotica Corporation. (Attachments: # 1 Memo of Points and Authorities, # 2 Declaration of K. Geyer, # 3 Exhibit 1 to Dec of K. Geyer, # 4 Proposed Orders)(Machleidt, Dario) (anh). (Entered: 04/11/2025) |
| 04/11/2025 | 167 | Minute Entry for proceedings held before Magistrate Judge Daniel E. Butcher and Order. The Court held an Informal Discovery Conference on 3/21/2025. The Parties were to continue to meet and confer and notify the Court of any remaining disputes by 4/3/2025. The Parties timely notified the Court of their inability to resolve the disputes despite meeting and conferring. The Court ORDERS as follows:<br><br>1. Kaotica Corporation may file a Motion to Compel on the Court's ECF system **no later than COB on 4/17/2025**. Mr. Lobbin and Iconic Mars Corporation may file a response **no later than COB on 4/24/2025**. No reply will be permitted unless the Court orders otherwise; and<br><br>2. The Court will hold a hearing on the Motion at the conclusion of the Mandatory Settlement Conference set for 4/28/2025.<br><br>IT IS SO ORDERED. Signed by Magistrate Judge Daniel E. Butcher on 4/11/2025. (Plaintiff's Attorney Stephen M. Lobbin). (Defendant's Attorney Kathleen Rose Geyer, Dario A. Machleidt). (no document attached) (rxa) (Entered: 04/11/2025) |
| 04/11/2025 | 168 | Minute Order: The hearing set for April 24, 2025 is moved to May 16, 2025 at 2:00 PM. As such, Plaintiff has until April 24th to file his response. Defendant may respond by May 8th. No further extensions will be granted. (anh) (Entered: 04/11/2025) |
| 04/17/2025 | 169 | MOTION to File Documents Under Seal (Machleidt, Dario) (anh). (Entered: 04/17/2025) |
| 04/17/2025 | 170 | **Docketed under seal at doc. no. 177 per Order 176 ** SEALED LODGED Proposed Document re: 169 MOTION to File Documents Under Seal. Document to be filed by Clerk if Motion to Seal is granted. (With attachments)(Machleidt, Dario) (anh). (Entered: 04/17/2025) |

| | | |
|---|---|---|
| 04/24/2025 | 171 | RESPONSE in Opposition re 152 MOTION to Alter Judgment *and for Joinder* filed by Iconic Mars Corporation, Iconic Mars Corporation. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Lobbin, Stephen) (anh). (Entered: 04/24/2025) |
| 04/24/2025 | 172 | RESPONSE in Opposition re 169 MOTION to File Documents Under Seal *Discovery Motion* filed by Iconic Mars Corporation, Iconic Mars Corporation. (Attachments: # 1 Exhibit A(Sealed per 176 )(Lobbin, Stephen) (anh). Modified to seal attachment on 5/5/2025 (anh). (Entered: 04/24/2025) |
| 04/28/2025 | 173 | Minute Entry for proceedings held before Magistrate Judge Daniel E. Butcher. The Court held a Mandatory Settlement Conference on 4/28/2025. (Plaintiff Attorney Stephen M. Lobbin). (Defendant Attorney Kristin Adams, Kathleen Rose Geyer, Dario A. Machleidt). (no document attached) (rxa) (Entered: 04/29/2025) |
| 04/28/2025 | 174 | Minute Entry for proceedings held before Magistrate Judge Daniel E. Butcher and Order. The Court held a Discovery Hearing on Defendant Kaotica Corporation's Motion to Compel ("Motion"). Dkt. No. 170. For the reasons stated on the record, the Court rules as follows:<br><br>For any discovery seeking information from Mr. Olaleye (e.g., Interrogatory No. 4 to Iconic Mars, Request for Production No. 8 to Iconic Mars) that is not in the possession of Iconic Mars, the Court **SUSTAINS** the objections because Mr. Olaleye is not a party to this case.<br><br>**Iconic Mars**<br>The Court **GRANTS** the Motion as to Interrogatory Nos. 1, 4, 10, and 15 to Iconic Mars.<br><br>The Court **GRANTS** the Motion as to Request for Production Nos. 5, 6, and 11 to Iconic Mars. Iconic Mars must produce bank statements, credit card statements, and brokerage statements from January 2022 to the present. Additionally, Iconic Mars must either produce an unredacted copy of its July 2024 U.S. Bank statement to Kaotica Corporation, or submit an unredacted copy to the undersigned's efile address for in camera review by **noon on 4/29/2025** along with briefing identifying the proposed redactions and explaining why they are appropriate.<br><br>The Court **GRANTS** the Motion as to Request for Production Nos. 6 and 11 to Iconic Mars.<br><br>The Court **DENIES** without prejudice the Motion as to Request for Production No. 10 to Iconic Mars.<br><br>**Stephen Lobbin**<br>The Court **GRANTS** the Motion as to Interrogatory Nos. 1, 4, and 6 to Lobbin. Mr. Lobbin must produce: (1) bank statements from October 2024 to the present; (2) brokerage account statements for February 2025 through April 2025; and (3) retirement account statements from January 2025 through the date of production. The Court **DENIES** the Motion with respect to personal credit card statements.<br><br>The Court **GRANTS** the Motion as to Request for Production No. 2 to Lobbin. Mr. Lobbin must produce a complete copy of his 2023 tax return, including any attached schedules.<br><br>The Court **GRANTS** the Motion as to Request for Production Nos. 5 and 7 to Lobbin. Mr. Lobbin must produce: (1) brokerage statements from February 2025, March 2025, and account updates showing any transactions in April 2025; and (2) retirement account |

| | | |
|---|---|---|
| | | statements from January 2025 through the date of production. The Court **DENIES** the Motion as to Request for Production No. 12 to Lobbin without prejudice. The Court **DENIES** the Motion as to Request for Production Nos. 8 and 9 to Lobbin as moot. Iconic Mars and Mr. Lobbin must supplement their responses and productions consistent with this Order **on or before 5/7/2025**. IT IS SO ORDERED. (Plaintiff Attorney Stephen M. Lobbin). (Defendant Attorney Kristin Adams, Kathleen Rose Geyer, Dario A. Machleidt). (no document attached) (rxa) (Entered: 04/29/2025) |
| 05/02/2025 | 175 | MOTION for Attorney Fees by Kaotica Corporation. (Attachments: # 1 Memo of Points and Authorities, # 2 Declaration of Machleidt in Support, # 3 Exhibit 1 to Machleidt Decl, # 4 Exhibit 2 to Machleidt Decl, # 5 Exhibit 3 to Machleidt Decl, # 6 Exhibit 4 to Machleidt Decl, # 7 Exhibit 5 to Machleidt Decl, # 8 Exhibit 6 to Machleidt Decl, # 9 Exhibit 7 to Machleidt Decl, # 10 Exhibit 8 to Machleidt Decl, # 11 Exhibit 9 to Machleidt Decl)(Machleidt, Dario) (anh). (Entered: 05/02/2025) |
| 05/02/2025 | 176 | ORDER Granting In Part and Denying In Part Defendant's Motion to Seal [Dkt. No. 169]. Signed by Magistrate Judge Daniel E. Butcher on 5/2/2025. (anh) (Entered: 05/05/2025) |
| 05/08/2025 | 178 | REPLY to Response to Motion re 152 MOTION to Alter Judgment *and for Joinder* filed by Kaotica Corporation. (Attachments: # 1 Declaration of Adams in Support, # 2 Exhibit 1 to Adams Decl, # 3 Exhibit 2 to Adams Decl, # 4 Exhibit 3 to Adams Decl, # 5 Exhibit 4 to Adams Decl)(Machleidt, Dario) (anh). (Entered: 05/08/2025) |
| 05/09/2025 | 179 | MOTION to Compel *Financial Discovery - REDACTED* by Kaotica Corporation. (Attachments: # 1 Memo of Points and Authorities - Redacted, # 2 Declaration of Geyer - Redacted, # 3 Exhibit 1 - Redacted, # 4 Exhibit 2 - Redacted in Full, # 5 Exhibit 3, # 6 Exhibit 4 - Redacted)(Machleidt, Dario) (anh). (Entered: 05/09/2025) |
| 05/11/2025 | | 179 Motion to Compel is Denied as Moot given the Court's ruling on docket number 170, filed at docket number 174. Ordered by Magistrate Judge Daniel E. Butcher on 5/11/2025. (no document attached) (smd) Modified on 5/12/2025 (dxj). (Entered: 05/11/2025) |
| 05/16/2025 | 180 | Minute Entry for proceedings held before Judge Cathy Ann Bencivengo: Motion Hearing held on 5/16/2025 re 152 MOTION to Alter Judgment *and for Joinder* filed by Kaotica Corporation. Order to follow.(Court Reporter/ECR Chari Bowery). (Plaintiff Attorney Stephen Lobbin). (Defendant Attorney Kristin Adams and Dario Machleidt). (no document attached) (lmh) (Entered: 05/16/2025) |
| 05/16/2025 | 181 | TRANSCRIPT ORDER - For hearing(s) on 05/16/2025 by Kaotica Corporation. (Geyer, Kathleen) (anh). (Entered: 05/16/2025) |
| 05/19/2025 | 182 | ORDER Setting Status Conference. The Court sets a counsel-only Status Conference for **5/21/2025 at 9:30 AM** before Magistrate Judge Daniel E. Butcher. The Court will email counsel Zoom connection information. Signed by Magistrate Judge Daniel E. Butcher on 5/19/2025.(no document attached) (smd) (Entered: 05/19/2025) |
| 05/19/2025 | 183 | Ex Parte MOTION to Take Depositions at Courthouse and for Related Relief by Kaotica Corporation. (Attachments: # 1 Memo of Points and Authorities, # 2 Declaration of |

| | | |
|---|---|---|
| | | Machleidt, # 3 Exhibit 1 to Machleidt, # 4 Exhibit 2 to Machleidt, # 5 Declaration of Adams, # 6 [Proposed] Order)(Machleidt, Dario) (anh). (Entered: 05/19/2025) |
| 05/21/2025 | 184 | RESPONSE in Opposition re 183 Ex Parte MOTION to Take Depositions at Courthouse and for Related Relief filed by Iconic Mars Corporation, Iconic Mars Corporation, Stephen M. Lobbin. (Attachments: # 1 Declaration Stephen M. Lobbin)(Lobbin, Stephen) (anh). (Entered: 05/21/2025) |
| 05/21/2025 | 185 | ORDER Setting Motion Hearing re 183 Ex Parte MOTION to Take Depositions at Courthouse and for Related Relief filed by Kaotica Corporation. Motion Hearing set for 5/21/2025 at 9:30 AM before Magistrate Judge Daniel E. Butcher. Signed by Magistrate Judge Daniel E. Butcher on 5/21/2025.(no document attached) (smd) (Entered: 05/21/2025) |
| 05/21/2025 | 186 | AFFIDAVIT in Opposition re 183 Ex Parte MOTION to Take Depositions at Courthouse and for Related Relief *Declaration of Oluseyi James Olaleye* filed by Iconic Mars Corporation, Iconic Mars Corporation. (Lobbin, Stephen) (anh). (Entered: 05/21/2025) |
| 05/22/2025 | 187 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Motion Hearing held on 5/16/2025, before Judge Cathy Ann Bencivengo. Court Reporter/Transcriber: Chari Bowery. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER or the Court Reporter/Transcriber. If redaction is necessary, parties have seven calendar days from the file date of the Transcript to E-File the Notice of Intent to Request Redaction. The following deadlines would also apply if requesting redaction: Redaction Request Statement due to Court Reporter/Transcriber 6/12/2025. Redacted Transcript Deadline set for 6/23/2025. Release of Transcript Restriction set for 8/20/2025. (anh)(jrd) (Entered: 05/22/2025) |
| 05/22/2025 | 188 | Minutes and Order granting 183 Motion for Courthouse Deposition. On May 21, 2025, the Court held an on-the-record Status Conference and hearing re: the Motion to Hold Deposition at Courthouse 183 . For the reasons stated on the record, the Court **GRANTS** Defendants Motion to hold the deposition of James Olaleye in the courthouse. Counsel must meet and confer and notify the Court of the date and time of the deposition via email, efile_Butcher@casd.uscourts.gov, by close of business on **May 23, 2025**. Counsel for Defendant must also provide the names of the videographer and court reporter attending the noticed deposition and describe the equipment counsel plans to bring into the courthouse. IT IS SO ORDERED. (Plaintiff Attorney Stephen Lobbin).(Defendant Attorney Kristin Adams; Kathleen Geyer; Dario Machleidt). (no document attached) (alr) Modified on 6/2/2025 (dxj). (Entered: 05/22/2025) |
| 05/23/2025 | 189 | ORDER Setting Discovery Intake Call. The Court sets a Discovery Dispute Intake call re: post-trial financial document production for **5/27/2025 at 2:00 PM** before Magistrate Judge Daniel E. Butcher. Plaintiff's counsel must initiate a joint call to Chambers, 619-446-3704, at the time set for the call, with defense counsel already joined on the line. Signed by Magistrate Judge Daniel E. Butcher on 5/23/2025.(no document attached) (smd) (Entered: 05/23/2025) |

| | | |
|---|---|---|
| 05/27/2025 | 190 | <u>Minutes and Order Setting Discovery Conference</u>. Discovery Intake Call held on 5/27/2025. Zoom, audio-only, Discovery Conference set for **5/29/2025 at 10:00 AM** before Magistrate Judge Daniel E. Butcher. The Court will email counsel the connection information prior to the conference. Counsel must submit maximum three-page letter briefs summarizing their position to efile_Butcher@casd.uscourts.gov, copying opposing counsel, by 5/28/2025 at 12:00 p.m. The written discovery request(s) and objection(s) at issue must be attached to Defendant's letter brief as an exhibit. (Plaintiff Attorney Stephen Lobbin).(Defendant Attorney Kristin Adams; Dario Machleidt). (no document attached) (smd) (Entered: 05/27/2025) |
| 05/29/2025 | 191 | NOTICE of Appearance by Lenden Franklin Webb on behalf of James Olaleye (Webb, Lenden)Attorney Lenden Franklin Webb added to party James Olaleye(pty:ip) (anh). (Entered: 05/29/2025) |
| 05/29/2025 | 192 | ORDER Amending Judgment [ECF No. 152 ]. Signed by Judge Cathy Ann Bencivengo on 5/29/2025. (anh) (Entered: 05/29/2025) |
| 05/29/2025 | 193 | AMENDED CLERK'S JUDGMENT. IT IS SO ORDERED AND ADJUDGED that Verdict is entered in favor of Kaotica Corporation. This Judgment is amended to include Oluseyi James Olaleye as a judgment debtor for both the compensatory damages and attorney fees and expenses.(anh) (Entered: 05/29/2025) |
| 05/29/2025 | 194 | MOTION to File Documents Under Seal (With attachments)(Machleidt, Dario) QC EMAIL: Proposed Order (anh). (Entered: 05/29/2025) |
| 05/30/2025 | 195 | TRANSCRIPT ORDER - For hearing(s) on May 21, 2025 by Kaotica Corporation. (Machleidt, Dario) (Entered: 05/30/2025) |
| 05/30/2025 | 196 | RESPONSE in Opposition re 175 MOTION for Attorney Fees filed by Iconic Mars Corporation, Iconic Mars Corporation, Stephen M. Lobbin, James Olaleye. (Attachments: # 1 Declaration Oluseyi James Olaleye, # 2 Declaration Stephen M. Lobbin, # 3 Exhibit 1, # 4 Exhibit 2, # 5 Exhibit 3, # 6 Exhibit 4, # 7 Exhibit 5, # 8 Exhibit 6, # 9 Exhibit 7, # 10 Exhibit 8, # 11 Exhibit 9, # 12 Exhibit 10, # 13 Exhibit 11, # 14 Exhibit 12)(Lobbin, Stephen) (maq). (Entered: 05/30/2025) |
| 06/02/2025 | 197 | SUPPLEMENTAL DOCUMENT by Iconic Mars Corporation, Iconic Mars Corporation, Stephen M. Lobbin, James Olaleye re 196 Response in Opposition to Motion, 175 MOTION for Attorney Fees *Request for Oral Argument and Short Sur-Reply on Motion for Attorneys' Fees*. (Lobbin, Stephen) (anh). (Entered: 06/02/2025) |
| 06/02/2025 | 198 | RESPONSE to Motion re 194 MOTION to File Documents Under Seal filed by Iconic Mars Corporation, Iconic Mars Corporation, Stephen M. Lobbin, James Olaleye. (Lobbin, Stephen) (anh). (Entered: 06/02/2025) |
| 06/02/2025 | 199 | <u>Minutes and Order Regarding Production of Documents</u>: The Court held an on-the-record discovery conference on May 29, 2025. By **close of business on June 3, 2025,** Iconic Mars and Mr. Olaleye must produce financial records in their possession or accessible to them (e.g., through a website) dating back to January of 2022 for the three financial institution accounts and two credit cards at issue. Plaintiffs counsel Lobbin must un-redact the last four digits of his account numbers and produce financial statements at issue by **close of business, June 3, 2025**. Lobbin must also bring and have available at his deposition unredacted copies of those financial statements. IT IS SO ORDERED. (Plaintiff Attorney Stephen Lobbin).(Defendant Attorney Dario Machleidt; Kristin Adams). (no document attached) (alr) (Entered: 06/02/2025) |
| 06/02/2025 | 200 | ORDER Granting Motion to File Under Seal (Doc. No. 194 ). Signed by Judge Cathy Ann Bencivengo on 6/2/2025. (maq) (Entered: 06/02/2025) |

| | | |
|---|---|---|
| 06/02/2025 | 201 | ORDER Permitting Entry for Courthouse Deposition. Signed by Magistrate Judge Daniel E. Butcher on 6/2/2025. (maq) (Entered: 06/02/2025) |
| 06/02/2025 | 202 | ORDER Setting In-Person Discovery Conference: The Court sets a Discovery Conference for **June 5, 2025 at 8:45 AM in Courtroom 2A** before Magistrate Judge Daniel E. Butcher. Counsel and parties need to attend the Discovery Conference. Signed by Magistrate Judge Daniel E. Butcher on 6/2/2025.(no document attached) (alr) Modified on 6/3/2025 (dxj). (Entered: 06/02/2025) |
| 06/02/2025 | 203 | MOTION for Recusal by Iconic Mars Corporation, Iconic Mars Corporation, Stephen M. Lobbin, James Olaleye. (Attachments: # 1 Affidavit Oluseyi James Olaleye, # 2 Affidavit Stephen M. Lobbin, # 3 Exhibit A, # 4 Exhibit B, # 5 Exhibit C)(Lobbin, Stephen)Attorney Stephen M. Lobbin added to party Stephen M. Lobbin(pty:a), Attorney Stephen M. Lobbin added to party James Olaleye(pty:ip) (anh). (Entered: 06/02/2025) |
| 06/05/2025 | 204 | Minutes and Order re: Discovery Hearing: The Court held a Discovery Hearing on June 5, 2025, prior to the parties' courthouse deposition of Mr. James Olaleye. All communication between Mr. Olaleye and counsel for Kaotica Corp. must occur on the record. IT IS SO ORDERED. (Plaintiff Attorney Stephen Lobbin).(Defendant Attorney Dario Machleidt; Kristin Adams). (no document attached) (alr) (Entered: 06/05/2025) |
| 06/06/2025 | 205 | MOTION to Substitute Attorney by James Olaleye. (Webb, Lenden) (anh). (Entered: 06/06/2025) |
| 06/06/2025 | 206 | MOTION for Leave to File Excess Pages by Kaotica Corporation. (Attachments: # 1 Proposed Order)(Machleidt, Dario) QC Email: Proposed Order (anh). (Entered: 06/06/2025) |
| 06/06/2025 | 207 | SEALED LODGED Proposed Document re: 194 MOTION to File Documents Under Seal. Document to be filed by Clerk if Motion to Seal is granted. (Machleidt, Dario) (anh). (Entered: 06/06/2025) |
| 06/07/2025 | 208 | SEALED LODGED Proposed Document re: 194 MOTION to File Documents Under Seal. Document to be filed by Clerk if Motion to Seal is granted. (With attachments) (Machleidt, Dario) (anh). (Entered: 06/07/2025) |
| 06/09/2025 | 209 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Discovery Conference held on May 21, 2025, before Judge Daniel E. Butcher. Court Reporter/Transcriber: Stephanie Whitehead, RDR, CRR, CSR, CVR. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER or the Court Reporter/Transcriber. If redaction is necessary, parties have seven calendar days from the file date of the Transcript to E-File the Notice of Intent to Request Redaction. The following deadlines would also apply if requesting redaction: Redaction Request Statement due to Court Reporter/Transcriber 6/30/2025. Redacted Transcript Deadline set for 7/10/2025. Release of Transcript Restriction set for 9/8/2025. (Whitehead, S.)(jrd) (Entered: 06/09/2025) |
| 06/09/2025 | 210 | ORDER Granting Motion for Leave [Doc. No. 206 ]. Signed by Judge Cathy Ann Bencivengo on 6/9/2025. (anh) (Entered: 06/09/2025) |
| 06/11/2025 | 211 | Oral MOTION for Protective Order Limiting Scope of Questioning re: financial discovery and attorney-client relationship during the June 5, 2025 deposition of James Olaleye by James Olaleye. (no document attached) (alr) (Entered: 06/11/2025) |
| 06/11/2025 | 212 | Minutes and Order Granting In Part and Denying In Part 211 Motion for Protective Order re: financial discovery and attorney-client relationship. Discovery Hearing held on 6/5/2025. Good cause appearing, foundational questions dating back to 2022 and relating |

to James Olaleyes financial assets are proper, as well as questions relating to James Olaleyes financial relationships and the source of funds used to pay James Olaleyes attorney.

General questions as to what documents James Olaleye sent his counsel are permitted to the extent the questioning is relevant to financial discovery, but questions as to the content of those communications are not permitted. IT IS SO ORDERED. (Plaintiff Attorney Lenden Webb; Stephen Lobbin).(Defendant Attorney Dario Machleidt; Kristin Adams). (no document attached) (alr) (Entered: 06/11/2025)

| | | |
|---|---|---|
| 06/11/2025 | 213 | Oral MOTION to Compel re: James Olaleye's involvement in third-party company, raised during the deposition of James Olaleye by Kaotica Corporation. (no document attached) (alr) (Entered: 06/11/2025) |
| 06/11/2025 | 214 | Minutes and Order Granting 213 Motion to Compel re: James Olaleye's involvement in third-party company. The Court held a Discovery Hearing on 6/5/2025. Good cause appearing, the Court **GRANTED** the Motion for the reasons stated on the deposition record. IT IS SO ORDERED. (Plaintiff Attorney Lenden Webb; Stephen Lobbin). (Defendant Attorney Dario Machleidt; Kristin Adams). (no document attached) (alr) (Entered: 06/11/2025) |
| 06/11/2025 | 215 | Oral MOTION to Compel re: James Olaleye's Social Media Account raised during the June 5, 2025, deposition of James Olaleye by Kaotica Corporation. (no document attached) (alr) (Entered: 06/11/2025) |
| 06/11/2025 | 216 | Minutes and Order on 215 Motion to Compel re: James Olaleye's Social Media Account. The Court held a Discovery Hearing on 6/5/2025. Good cause appearing, the Court GRANTED IN PART and DENIED IN PART the Motion for the reasons stated on the deposition record. IT IS SO ORDERED. (Plaintiff Attorney Lenden Webb; Stephen Lobbin).(Defendant Attorney Dario Machleidt; Kristin Adams). (no document attached) (alr) (Entered: 06/11/2025) |
| 06/11/2025 | 217 | Oral MOTION to Compel re: James Olaleye's engagement agreement raised during the June 5, 2025, deposition of James Olaleye by Kaotica Corporation. (no document attached) (alr) (Entered: 06/11/2025) |
| 06/11/2025 | 218 | Minutes and Order on 217 Motion to Compel re: James Olaleye's engagement agreement. The Court held a Discovery Hearing on 6/5/2025. Good cause appearing, the Court GRANTED the Motion for the reasons stated on the deposition record. IT IS SO ORDERED. (Plaintiff Attorney Lenden Webb; Stephen Lobbin).(Defendant Attorney Dario Machleidt; Kristin Adams). (no document attached) (alr) (Entered: 06/11/2025) |
| 06/11/2025 | 219 | Oral MOTION to Compel re: payment and source of funds raised during Stephen Lobbin's June 6, 2025, deposition by Kaotica Corporation. (no document attached) (alr) (Entered: 06/11/2025) |
| 06/11/2025 | 220 | Minutes and Order on 219 Motion to Compel re: payment and source of funds. The Court held a Discovery Hearing on 6/6/2025. Good cause appearing, the Court GRANTED the Motion for the reasons stated on the deposition record. IT IS SO ORDERED. (Plaintiff Attorney Lenden Webb; Stephen Lobbin).(Defendant Attorney Dario Machleidt; Kristin Adams). (no document attached) (alr) (Entered: 06/11/2025) |
| 06/11/2025 | 221 | Oral MOTION to Compel re: payees in financial statements raised during Stephen Lobbin's June 6, 2025, deposition by Kaotica Corporation. (no document attached) (alr) (Entered: 06/11/2025) |
| 06/11/2025 | 222 | Minutes and Order on 221 Motion to Compel re: payees in financial statements. The Court held a Discovery Hearing on 6/6/25. Good cause appearing, the Court GRANTED |

| | | |
|---|---|---|
| | | IN PART and DENIED IN PART the Motion for the reasons stated on the deposition record. IT IS SO ORDERED. (Plaintiff Attorney Lenden Webb; Stephen Lobbin). (Defendant Attorney Dario Machleidt; Kristin Adams). (no document attached) (alr) (Entered: 06/11/2025) |
| 06/12/2025 | 223 | ORDER Granting Motion to Substitute [Doc. No. 205 ]. Signed by Judge Cathy Ann Bencivengo on 6/12/2025. (anh) (Entered: 06/12/2025) |
| 06/12/2025 | 224 | REPLY - Other re 196 Response in Opposition to Motion,, 175 MOTION for Attorney Fees filed by Iconic Mars Corporation, Iconic Mars Corporation, Stephen M. Lobbin, James Olaleye. (Attachments: # 1 Declaration Stephen M. Lobbin, # 2 Exhibit 13) (Lobbin, Stephen) (anh). (Entered: 06/12/2025) |
| 06/23/2025 | 225 | RESPONSE in Opposition re 203 MOTION for Recusal filed by Kaotica Corporation. (Attachments: # 1 Declaration of Dario A. Machleidt, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6)(Machleidt, Dario) (anh). (Entered: 06/23/2025) |
| 06/30/2025 | 226 | REPLY to Response to Motion re 203 MOTION for Recusal filed by Iconic Mars Corporation, Iconic Mars Corporation, Stephen M. Lobbin, James Olaleye. (Lobbin, Stephen) (anh). (Entered: 06/30/2025) |
| 07/11/2025 | 227 | NOTICE of Appearance by Matthew Miguel Mahoney on behalf of Stephen M. Lobbin (Mahoney, Matthew)Attorney Matthew Miguel Mahoney added to party Stephen M. Lobbin(pty:misc) (anh). (Entered: 07/11/2025) |
| 07/11/2025 | 228 | NOTICE of Appearance by Mary Kathleen Wyman on behalf of Stephen M. Lobbin (Wyman, Mary)Attorney Mary Kathleen Wyman added to party Stephen M. Lobbin(pty:misc) (anh). (Entered: 07/11/2025) |
| 07/28/2025 | 229 | ORDER Denying Motion for Recusal [Doc. No. 203 ]. Signed by Judge Cathy Ann Bencivengo on 7/28/2025. (anh) (Entered: 07/28/2025) |
| 07/31/2025 | 230 | NOTICE *Request for Oral Argument* by Stephen M. Lobbin re 175 MOTION for Attorney Fees (Mahoney, Matthew) QC Email: Wrong event selected. Event has been changed. (anh). (Entered: 07/31/2025) |
| 08/01/2025 | 231 | MINUTE ORDER: The Court will hold oral argument regarding the Motion for Attorney Fees, [Doc. No. 175 ], at 10:00 AM on Tuesday, August 19, 2025 in Courtroom 15A. (anh) (Entered: 08/01/2025) |
| 08/08/2025 | 232 | NOTICE of Clarification of Representation Status by James Olaleye (anh) (Entered: 08/08/2025) |
| 08/08/2025 | 233 | MOTION for Leave to Electronically File Documents by James Olaleye. (anh) (Entered: 08/08/2025) |
| 08/13/2025 | 234 | MOTION to Clarify *Docket Nos. 157, 164, and 204* by Kaotica Corporation. (Attachments: # 1 Declaration of Machleidt, # 2 Exhibit 1 to Machleidt Decl, # 3 Exhibit 2 to Machleidt Decl)(Machleidt, Dario) (anh). (Entered: 08/13/2025) |
| 08/13/2025 | 235 | ORDER Granting Motion to Electronically File Documents [Doc. No. 233 ]. Signed by Judge Cathy Ann Bencivengo on 8/13/2025. (anh) (Entered: 08/14/2025) |
| 08/14/2025 | 236 | ORDER Denying Kaotica's Motion for Clarification [Doc. No. 234 ]. Signed by Judge Cathy Ann Bencivengo on 8/14/2025. (anh) (Entered: 08/14/2025) |
| 08/19/2025 | 237 | Minute Entry for proceedings held before Judge Cathy Ann Bencivengo: Motion Hearing held on 8/19/2025 re 175 MOTION for Attorney Fees filed by Kaotica Corporation. Oral argument heard. Motion for Attorney fees is granted with further order from the court to |

| | | |
|---|---|---|
| | | follow. (Court Reporter/ECR Chari Bowery). (Plaintiff Attorney Stephen Lobbin). (Defendant Attorney Dario Machleidt, Kathleen Geyer, Kristin Adams). (James Olaleye (pro se), Matthew Mahoney for Stephen Lobbin).(no document attached) (lmh) (Entered: 08/19/2025) |
| 08/21/2025 | 238 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Motion Hearing held on 8/19/2025, before Judge Cathy Ann Bencivengo. Court Reporter/Transcriber: Chari Bowery. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER or the Court Reporter/Transcriber. If redaction is necessary, parties have seven calendar days from the file date of the Transcript to E-File the Notice of Intent to Request Redaction. The following deadlines would also apply if requesting redaction: Redaction Request Statement due to Court Reporter/Transcriber 9/11/2025. Redacted Transcript Deadline set for 9/22/2025. Release of Transcript Restriction set for 11/19/2025. (anh)(jrd) (Entered: 08/21/2025) |
| 08/21/2025 | 239 | MOTION for Reconsideration - FRCP Rule 60(b) by Oluseyi James Olaleye. (Olaleye, Oluseyi) (anh). (Entered: 08/21/2025) |
| 08/22/2025 | 240 | ORDER Setting Briefing Schedule [Doc. No. 239 ]. Signed by Judge Cathy Ann Bencivengo on 8/22/2025.(anh) (Entered: 08/22/2025) |
| 08/25/2025 | 241 | ORDER on Application for Attorneys' Fees and Costs [Doc. No. 145 ]. Signed by Judge Cathy Ann Bencivengo on 8/25/2025.(All non-registered users served via U.S. Mail Service)(anh) (Entered: 08/25/2025) |
| 08/28/2025 | 242 | NOTICE of Hearing - Bill of Costs, re 118 Bill of Costs, filed by Kaotica Corporation : Hearing reset for 10/17/2025 at 10:30AM. Opposition has been submitted. All parties requesting to appear telephonically for this Bill of Costs hearing are directed to join on a conference call, then contact A. Hazard 619-557-6437 at the time of the hearing. (no document attached) (anh) (Entered: 08/28/2025) |
| 09/05/2025 | 243 | RESPONSE in Opposition re 239 MOTION for Reconsideration - FRCP Rule 60(b) - *Motion to Set Aside Judgment under Fed. R. Civ. P. 60(b)* filed by Kaotica Corporation. (Attachments: # 1 Declaration of Machleidt, # 2 Exhibit 1 to Machleidt Decl)(Machleidt, Dario) (dim). (Entered: 09/05/2025) |
| 09/09/2025 | 244 | REPLY to Response to Motion re 239 MOTION for Reconsideration - FRCP Rule 60(b) *Reply in Support of Motion to Set Aside Judgment* filed by Oluseyi James Olaleye. (Olaleye, Oluseyi) (Entered: 09/09/2025) |
| 09/16/2025 | 245 | ORDER on Motion to Set Aside Judgment Pursuant to Rule 60 (b) [Doc No. 239 ]. Signed by Judge Cathy Ann Bencivengo on 9/16/2025. (dim) (Entered: 09/16/2025) |
| 09/23/2025 | 246 | NOTICE OF APPEAL to the Federal Circuit as to 116 Clerk's Judgment, 96 Pretrial Order, 82 Scheduling Order, 193 Clerk's Judgment, 75 Order, 192 Order on Motion to Alter Judgment, 229 Order on Motion for Recusal, 146 Clerk's Judgment, 77 Order on Motion for Summary Judgment,, Order on Motion for Leave to File Document, 84 Order on Motion to File Documents Under Seal,, Daubert Hearing, 241 Order, 145 Order on Motion for Attorney Fees, Order on Motion to Terminate Party, Order on Motion to Alter Judgment, 90 Order on Motion to Exclude,,,,,,,, Motion In Limine Hearing,,,, Pretrial Conference,,, 148 Permanent Injunction, 85 Minute Order (No Time), by Iconic Mars Corporation, Iconic Mars Corporation, Stephen M. Lobbin, Oluseyi James Olaleye., Fee not paid (Lobbin, Stephen) (dim). (Entered: 09/23/2025) |
| 10/14/2025 | 247 | NOTICE of Appearance by Matthew J. Meyer on behalf of Kaotica Corporation (Meyer, Matthew)Attorney Matthew J. Meyer added to party Kaotica Corporation(pty:dft), |

| | | Attorney Matthew J. Meyer added to party Kaotica Corporation(pty:cc) (anh). (Entered: 10/14/2025) |
|---|---|---|
| 10/14/2025 | 248 | APPLICATION for Writ of of Execution by Kaotica Corporation. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Writ of Execution and Attachment 20)(Meyer, Matthew) (anh). (Entered: 10/14/2025) |
| 10/15/2025 | 249 | Writ of Execution by Kaotica Corporation, entered against Steven M. Lobbin. (anh) (Entered: 10/15/2025) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 12/13/2025 14:55:46 | | | |
| **PACER Login:** | KTATL0288 | **Client Code:** | 151584211710 |
| **Description:** | Docket Report | **Search Criteria:** | 3:22-cv-00092-CAB-DEB |
| **Billable Pages:** | 27 | **Cost:** | 2.70 |

JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

ICONIC MARS CORPORATION

**DEFENDANTS**

KAOTICA CORPORATION

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Stephen M. Lobbin, SML Avvocati P.C., 888 Prospect Street, Suite 200, La Jolla CA 92037

Attorneys *(If Known)*

'22 CV0092 JO   BLM

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | |
|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☒ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 | U.S. Government Defendant | ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY**    **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane    ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability    ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander    Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability    Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine    ☐ 368 Asbestos Personal | | ☒ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability    Injury Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 350 Motor Vehicle    **PERSONAL PROPERTY** | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability    ☐ 370 Other Fraud | **LABOR** | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury    ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 362 Personal Injury - Medical Malpractice    ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability |    ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS**    **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights    **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting    ☐ 463 Alien Detainee | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment    ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations    ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment    ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other    **Other:** | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education    ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | |
|---|---|---|---|---|---|
| ☐ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer    ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
35 U.S.C. 271

Brief description of cause:
Declaratory judgment for patent non-infringement, breach of contract, business interference, unfair competition and misrepresentation

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*    JUDGE Cathy Ann Bencivengo    DOCKET NUMBER 3:21-cv-00433-CAB-DEB

DATE
Jan 23, 2022

SIGNATURE OF ATTORNEY OF RECORD
/s/ Stephen M. Lobbin

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

SAppx.106

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

   **(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

   **(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

**SAppx.107**

| From: | efile_information@casd.uscourts.gov |
|---|---|
| To: | efile_information@casd.uscourts.gov |
| Subject: | Activity in Case 3:22-cv-00092-CAB-DEB Iconic Mars Corporation v. Kaotica Corporation Order |
| Date: | Monday, June 2, 2025 5:36:30 PM |

**\*\*CAUTION: External Email\*\***

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

### U.S. District Court

### Southern District of California

## Notice of Electronic Filing

The following transaction was entered on 6/2/2025 at 5:35 PM PDT and filed on 6/2/2025
**Case Name:** Iconic Mars Corporation v. Kaotica Corporation
**Case Number:** 3:22-cv-00092-CAB-DEB
**Filer:**
**WARNING: CASE CLOSED on 07/17/2024**
**Document Number:** 202(No document attached)

**Docket Text:**
**ORDER Setting In-Person Discovery Conference: The Court sets a Discovery Conference for June 5, 2025 at 8:45 AM in Courtroom 2A before Magistrate Judge Daniel E. Butcher. Only counsel need attend. Signed by Magistrate Judge Daniel E. Butcher on 6/2/2025.(no document attached) (alr)**

**3:22-cv-00092-CAB-DEB Notice has been electronically mailed to:**

Stephen M. Lobbin     sml@smlavvocati.com

Lenden Franklin Webb     Service@webblawgroup.com, LWebb@WebbLawGroup.com

Joshua Neal Osborn     jno@smlavvocati.com

Kathleen Rose Geyer     kgeyer@ktslaw.com, sdmpearson@ktslaw.com

Dario A. Machleidt     dmachleidt@kilpatricktownsend.com

Xiao Jing Diego Wu Min     dwu@kilpatricktownsend.com,

mchapman@kilpatricktownsend.com

Kristin Adams     kmadams@kilpatricktownsend.com

**3:22-cv-00092-CAB-DEB Notice has been delivered by other means to:**

Adrian R. Lyons
SML Avvocati PC
888 Prospect Street
Suite 200
La Jolla, CA 92037

Stephen M. Lobbin

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

OLUSEYI JAMES OLALEYE
15709 ARROW HWY, #5
IRWINDALE, CA 91706
jazzeyjames@gmail.com
1 (619) 519-3670



Iconic Mars Corporation., a
California corporation,
Plaintiff,
v.
Kaotica Corporation, a Canadian
corporation,
Defendant.

Case No.: 3:22-cv-00092-CAB-DEB

## NOTICE OF CLARIFICATION OF REPRESENTATION STATUS

I, Oluseyi James Olaleye, hereby file this notice to clarify the record regarding my representation in the above-captioned matter:

1. I am currently proceeding pro se in this matter, as reflected in the Court's prior order granting the substitution of counsel.
2. I am not represented by Stephen M. Lobbin or SML Avvocati P.C. in any capacity. Mr. Lobbin does not have authority to act or appear on my behalf.
3. To the extent Mr. Lobbin continues to act as counsel, he does so solely on behalf of Iconic Mars Corporation, and not me personally.
4. Any filings or arguments made by Mr. Lobbin in this matter should be understood as made on behalf of Iconic Mars Corporation only.

Respectfully submitted,

Oluseyi James Olaleye

Pro Se Litigant

08/07/2025

**SAppx.110**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

Iconic Mars Corporation., a
California corporation,
Plaintiff,
v.
Kaotica Corporation, a Canadian
corporation,
Defendant.

Case No.: 3:22-cv-00092-CAB-DEB

**Judge:** Honorable Cathy Ann Bencivengo

### NOTICE OF MOTION AND MOTION TO SET ASIDE JUDGMENT
### UNDER RULE 60(b)

TO THE HONORABLE CATHY ANN BENCIVENGO AND TO ALL PARTIES AND THEIR
ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on September 30, 2025, at 10 AM, or as soon matter may be
heard, in Courtroom 15A of the United States District Court, Southern District of California,
located at 333 West Broadway, San Diego, CA 92101, Movant Oluseyi James Olaleye will, and
hereby does, move this Court pursuant to Federal Rule of Civil Procedure 60(b) to set aside the
judgment entered against him individually on May 29, 2025.

This Motion is based on the grounds of excusable neglect, attorney misconduct, newly
discovered evidence, extraordinary hardship, and other equitable considerations. The Motion is
supported by the accompanying Memorandum of Points and Authorities, the Declaration of
Oluseyi James Olaleye, Exhibits A–M, and any further evidence or argument that may be
presented at the hearing.

DATED: August 20, 2025

Respectfully submitted,


/s/ Oluseyi James Olaleye
Oluseyi James Olaleye
15709 Arrow Hwy, #5
Irwindale, CA 91706
(619) 519-3670
jazzeyjames@gmail.com
Pro Se Movant

## I. INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 60(b), I, Oluseyi James Olaleye, respectfully move this Court to set aside the judgment entered against me individually in this matter. This request is based on:

- Excusable neglect and attorney neglect;
- Newly discovered and previously unavailable evidence;
- Extraordinary emotional and financial hardship;
- Other equitable reasons that justify relief in the interest of justice.

I bring this motion in good faith as a self-represented litigant with no formal legal training, relying on newly gathered documentation, firsthand experience, and public legal resources. I have made every effort to apply basic legal principles, and courts afford pro se litigants leniency under Haines v. Kerner, 404 U.S. 519 (1972). For these reasons, I respectfully ask this Court to reconsider.

This motion is supported by my sworn declaration and attached exhibits labeled A–M.

## II. BACKGROUND

On May 29, 2025, the Court granted Kaotica's Motion to Amend the Judgment, adding me individually under an alter ego theory. This ruling was based on assumptions that my new business, Audio Icon, was a continuation of Iconic Mars, and that I had transferred or misused assets, neither of which is true, as shown on Exhibits E-H.

At that time, I was represented by attorney Stephen Lobbin, who managed all legal strategy, filings, and court communications on behalf of Iconic Mars. I was never advised that failure to file an individual opposition could lead to personal liability. No filings were ever submitted under my name, and I was never clearly informed that I needed to defend myself personally.

I did not knowingly waive any rights or defenses, nor was I given a meaningful opportunity to present my side. The Court's ruling does not reflect my individual circumstances, my lack of legal knowledge, or the severe emotional and financial toll this litigation has taken on me. It also does not consider the full body of evidence now submitted with this motion.

## III. GROUNDS FOR RELIEF

### A.  Excusable Neglect and Attorney Neglect (Rule 60(b)(1))

I had no prior experience with civil lawsuits and relied entirely on attorney, Stephen Lobbin, to handle this case. As a pro se movant now, I seek relief due to his neglect, supported by Exhibits A-D. The March 24, 2021 engagement letter (Exhibit A) limited representation to Iconic Mars, not me personally, and I was never informed of personal liability risks. Emails in Exhibit C show payment pressure and aggressive demands, while Exhibit D reveals an unauthorized declaration

**SAppx.112**

filed without my consent, reflecting his failure to communicate. This neglect is evident in his actions. See Carmel, Ltd. v. Tavoussi, 175 Cal. App. 4th 393 (2009) (relief for attorney neglect).

I was not advised that failing to file an individual opposition to Kaotica's motion could lead to the May 29, 2025 judgment against me. See Rappleyea v. Campbell, 8 Cal. 4th 975 (1994) (relief granted for attorney failure to inform). My lack of legal knowledge and reliance on Lobbin, combined with his mismanagement, constitute excusable neglect. Although I signed some letters, I did so under his guidance, unaware of their implications. This neglect, not my intent, led to the ruling, and my pro se status underscores the unfairness of holding me liable without notice.

- **Exhibit A (Lack of Pro Bono Agreement, Emotional Reliance, and Lack of Personal Representation):** The only written agreement I ever received from attorney Stephen Lobbin was dated March 24, 2021. It was strictly limited to the representation of Iconic Mars Corporation. It made no reference to me, Oluseyi James Olaleye, as an individual client, nor did it suggest that I could ever be held personally liable in this matter.

  I had no legal background and had never been involved in civil litigation. I relied entirely on Lobbin's advice, believing in good faith that only the company was being represented and exposed to liability. I was never informed that I could be named personally or held financially responsible for any aspect of the case.

  No pro bono agreement was ever signed in connection with this litigation. I was never given a clear understanding of Mr. Lobbin's compensation structure or the personal risks I might face. I never signed any waiver authorizing SML Avvocati or Lobbin to represent me personally. I placed full trust in him to act in the best interests of Iconic Mars, and that trust ultimately left me unprotected and uninformed at a critical time.

  On June 10, 2025, I was sent an updated engagement letter related to this litigation to act on my behalf, but I declined to sign it, as I did not agree to personal representation or the associated terms.

  **Exhibits B (Broken Pro Bono Promise and Financial Pressure):** Although there was no written pro bono agreement in place, as the case progressed, Lobbin began pressuring me for payment, even though I had no clear understanding of what I was financially responsible for. I also expressed a willingness to find a solution, simply because of the financial pressure the company was under.

  Since there was no written agreement outlining fees, expectations, or personal liability, I felt confused and vulnerable. I believed that if I didn't cooperate or make payments, Iconic Mars could lose legal representation in the middle of an ongoing litigation. That fear placed me in a position where, under emotional pressure and without full clarity, I made a payment for deposition transcript invoice for $1,692.83 and an additional $5,000 payment to Lobbin because he demands for additional funds. I followed every piece of advice he gave, trusting that he was acting in the best interests of Iconic Mars. Exhibit C includes his acknowledgment of receiving this payment.

**SAppx.113**

- **Exhibit C (Aggressive Letters and Pressure to Send):** Lobbin drafted a settlement letter addressed to Kaotica (referred to as Konrad), which he instructed me to send under my name, despite my concerns about its tone and content. On December 10, 2024, I emailed Lobbin to object (see Exhibit C), explaining that the draft's confrontational language could escalate tensions. The proposal of a $100,000 payment plan was included by Lobbin without my input or approval. Although I disagreed with the tone and terms, I felt pressured to follow his strategy, relying on him as counsel for Iconic Mars.

  On March 3, 2025, Lobbin directed me to write a second letter and add his input, pressuring me to revise my draft with language about severe consequences (See Exhibit C Pages 4), despite my discomfort. I relied on his guidance as Iconic Mars' counsel, feeling unable to counter his imposed strategy.

- **Exhibit D (Failure to Represent Me Personally):** Lobbin represented only Iconic Mars under our March 24, 2021 agreement (Exhibit A), never advising me of personal liability in the Motion to Amend Judgment or suggesting separate counsel. On May 21, 2025, I emailed him to object to a declaration he filed without consent, mischaracterizing me as "a black immigrant from Nigeria" and my behavior (Exhibit D).

  This lack of representation and disregard for my instructions denied me a fair opportunity to present my case, placing misplaced trust in my counsel. I respectfully request the Court set aside the amended judgment based on this attorney neglect and my excusable reliance.

## B. Newly Discovered Evidence (Rule 60(b)(2))

New evidence, unavailable due to Lobbin's neglect, justifies relief. Exhibits E-H (formation timeline, financials, product distinction) demonstrate that Audio Icon is not a continuation of Iconic Mars. Exhibit I (funding records) shows my $118,000+ contribution, and Exhibits J-M (dissolution, struggles, social media) further rebut the alter ego theory. This evidence was not presented earlier due to my reliance on counsel. As in Misik v. D'Arco, 196 Cal. App. 4th 1066 (2011), ownership alone doesn't justify piercing the corporate veil, supporting my evidence. See Sonora Diamond v. Superior Court, 83 Cal. App. 4th 523 (2000) (no piercing without intent to defraud), reinforcing my good-faith actions.

- **Exhibit E (Business Formation Timeline and Legal Separation):** Audio Icon was created with a new and independent vision, focused on a modular gooseneck pop filter system, which is entirely different from Iconic Mars' foam-based isolation booths. The company was registered with the California Secretary of State in January 2025 (see Exhibit E) and funded through Audio Icon's own business credit card (see Exhibit F). Its EIN was issued in November 2024, confirming its separate corporate identity.

  Audio Icon officially launched on January 23, 2025, with its social media presence going live on March 28, 2025, after Iconic Mars was formally terminated on January 17, 2025. Audio Icon maintained full operational independence, with its own registration, bank account, manufacturer, and brand identity. It never received inventory, assets from Iconic

Mars. This documented timeline makes clear that Audio Icon is a new, standalone entity, not a continuation of Iconic Mars.

- **Exhibits F (Financial Independence and Separation):** Bank statements and credit card records confirm Audio Icon maintains a separate business credit card and bank account, with no evidence of fund transfers, asset movement, or customer crossover from Iconic Mars (Exhibits F). Audio Icon was funded from scratch, with credit card transactions on 11/12, 11/14, 11/18, 11/28, 11/29, 12/12, and 01/08 (for California Secretary of State registration) paying new manufacturers during product development. These records prove financial separation and Audio Icon's independent start.

  Iconic Mars' final bank statement shows my formal contributions of $3,700 on 07/01, 07/08, 07/10, and 07/11 to prevent a negative balance and cover closing business expenses. The ending balance of $145.00 when the account was close was far less than my total contributions. This transfer does not indicate personal enrichment, as it fails to recover my investment, refuting claims of withdrawing funds for myself.

- **Exhibits G (Product and Manufacturer Distinction):** Invoices from a completely new manufacturer and for a custom product mold confirm that Audio Icon's product, the Flex Pro gooseneck aluminum enclosure with interchangeable aluminum pop filter, is completely different in both design and category from anything previously sold by Iconic Mars, which offered foam-based microphone isolation booths. The Flex Pro pop filters feature metallic black Spot UV printing, further distinguishing them in both appearance and branding. To further clarify the distinction, Spot UV printing on any product can never be removed with damage to the product.

  There's no evidence of transfer of any product from Iconic Mars into Audio Icon. From manufacturer, packaging, product name, product models, domain, product category, branding and product uses. Audio Icon is a complete separate entity with its own identity.

- **Exhibits H (Branding and Business Differentiation):** Supporting documents including product branding, packaging designs, domain registration, trademark filings, sales reports, customer engagement data, social media, marketing strategies all demonstrate that Audio Icon is a distinct and independently developed brand.

  To help make this even clearer, I've included a reference to another website that shares a similar creative direction and audience as Audio Icon. There are other brands in the Audio equipment industry that goes by Icon Audio, Icon Pro Audio, and more. This shows that the type of brand name, and product Audio Icon offers already exists in the marketplace as something completely separate. I started Audio Icon with a new idea, a new product, and a new mission, one aluminum enclosure designed to support multiple types of pop filters.

- **Exhibit I (Long-Term Funding of Iconic Mars):** From just two months after launching in 2021, Iconic Mars faced ongoing litigation. Despite this early obstacle, I remained

**SAppx.115**

committed to the business. Iconic Mars never turned a profit, while we had sales, legal fees, marketing, and product development consistently exceeded revenue.

To keep the business afloat, I personally contributed over $118,000 in formal capital contributions and loans between 2021 and 2024. These funds came from my savings, selling investments, and borrowing from family. All contributions were deposited directly into the company's business bank account and used strictly for operations, not for personal use.

Even as sales declined dropping to just $989 in July 2023, I continued contributing the operational cost like rent, payroll, google ads, inventory, and legal costs. In July 2024, I made final contributions of over $3,700 to cover expenses before closing the bank account, which ended with a balance of only $145.

I never received a salary or profit from Iconic Mars. These contributions were made in good faith to protect the company, not for personal enrichment. Every action I took respected the legal and financial separation between myself and the business, even as the company became unsustainable.

- **Exhibit J (Declaration from Bookkeeper Confirming Business Separation):** To further support the financial facts of this case, I have submitted a declaration from Sean Tutt with experience of over 16 years, who has served as my bookkeeper and tax preparer for the past 4 years. Mr. Tutt has consistently managed the financial records for my companies and confirms that there was no commingling of funds between myself, Iconic Mars, Tido Investment, and Audio Icon. His declaration affirms that each business maintained separate financial operations and accounts. This further supports my position that Audio Icon was formed independently and not as a continuation of Iconic Mars.

- **Exhibit K (Iconic Mars Dissolution Out of Necessity):** Iconic Mars has been struggling as a small business since 2021. Iconic Mars business credit cards were maxed out and are now in delinquency. The company simply did not generate enough income to sustain a normal business operation and expense. Iconic Mars was in business for less than four years and had no inventory left to sell after discarding over 10,000 products in compliance with the Court's order.

This was a small business entangled in litigation since 2021. The financial charts and tax reports clearly show that the company has operated at a loss since 2022. Every contribution I made over the years was used to fund inventory and operations. I had no choice but to respect the Court's order and discard everything. I've included both images and invoices showing the destruction of products valued at over $1,000,000.

I acted in good faith. Before discarding the inventory, I asked Lobbin if Kaotica would be interested in taking the product. My offer was rejected. I also proposed that Kaotica allow Iconic Mars to sell the remaining inventory in order to pay them back. That offer was also rejected.

I didn't walk away from liabilities; I was forced to shut down the company. Everything I had invested was lost, and the remaining products were unsellable and required disposal. This situation has driven me into depression. I sincerely followed the advice of Iconic Mars counsel, Lobbin. I spent eight years of my life building this brand. With no inventory left, rent was due, credit cards were maxed out, and I was unable to meet payroll obligations but to shut down operation.

- **Exhibit L (Struggles of Audio Icon as a New Business):** I launched Audio Icon website with a completely new product and vision. Despite consistent effort and marketing, the business has generated no revenue for over six months which is part the struggle of launching a new business. Our sales report in the past 6 month shows clearly that Audio Icon, is an independent company struggling to gain new customer as a brand, this is not a continuation. I continue to manage and develop Audio Icon as it grows independently, with the hope that something new built with integrity and full separation from the past, can one day succeed.


- **Exhibit M: Social Media Monitoring Caused Hardship:** In March 2025, I noticed that my private Instagram Stories, which were meant for only my followers and close friends, were being viewed repeatedly by Kaotica's attorney, Kate Gayer, through her personal account. She was not following me, yet continued checking my Instagram stories. After blocking her, a suspicious profile, @KTSRESOURCENTER1123, linked to Kilpatrick Townsend & Stockton LLP, began similar viewing. Later, another account, @psantoloops ("PATL"), appeared, suggesting continued monitoring.

  This surveillance occurred during my financial and emotional struggles post-closure, as shown in Exhibits K and M. The intrusion prompted a single frustrated post, later misused by Kaotica to suggest evasion. I intended no harm; the monitoring exacerbated my hardship, supporting relief under Rule 60(b)(6).

## C. Extraordinary Circumstances (Rule 60(b)(6))

The litigation's severe emotional and financial toll constitutes extraordinary circumstances. The closure of Iconic Mars and ongoing stress, as shown in Exhibits K-M, have overwhelmed me. Equity demands relief, given my good faith efforts and lack of personal defense opportunity. Under Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380 (1993), equity demands relief in such cases.

## IV. CONCLUSION

I respectfully request the Court to set aside the May 29, 2025 judgment under Rule 60(b), based on excusable neglect by my attorney (Exhibits A-D), newly discovered evidence of financial separation (Exhibits E-I), and extraordinary hardship (Exhibits M). I lost my savings supporting Iconic Mars without profit, and Lobbin's neglect denied me a fair defense. This litigation has caused severe hardship, but I seek relief to resolve this justly.

As a pro se litigant, I am committed to providing additional documentation if needed. I thank the Court for considering this motion and request a hearing to address these issues.

## V. REQUEST FOR RELIEF

For the reasons set forth above, I respectfully request that this Court set aside the amended judgment entered against me individually, pursuant to Federal Rule of Civil Procedure 60(b).

I am simply asking for a fair opportunity to present my defense and correct misunderstandings that occurred due to excusable neglect, attorney neglect, and other extraordinary circumstances.

Thank you for your consideration.

Dated: August 20, 2025

Respectfully submitted,


/s/ Oluseyi James Olaleye
Oluseyi James Olaleye
15709 Arrow Hwy, #5
Irwindale, CA 91706
1 (619) 519-3670
jazzeyjames@gmail.com

**TABLE OF AUTHORITIES**

**Cases:**

Rappleyea v. Campbell, 8 Cal. 4th 975 (1994).....................Page 3

Carmel, Ltd. v. Tavoussi, 175 Cal. App. 4th 393 (2009)...........Page 3

Misik v. D'Arco, 196 Cal. App. 4th 1066 (2011)...................Page 4

Sonora Diamond v. Superior Court, 83 Cal. App. 4th 523 (2000).....Page 4

Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship,

507 U.S. 380 (1993).........................................Page 7

Haines v. Kerner, 404 U.S. 519 (1972)............................Page 2

**DECLARATION OF OLUSEYI JAMES OLALEYE**

I, Oluseyi James Olaleye, declare under penalty of perjury under the laws of the United States that the following is true and correct to the best of my knowledge:

1. **Background and Reliance on Counsel**

I am the pro se movant in this matter, with no prior legal training or experience in civil lawsuits. I founded Iconic Mars Corporation in 2021 and relied entirely on attorney Stephen Lobbin for legal representation. As shown in Exhibit E, my new business, Audio Icon, was established independently, refuting any continuation claims. Lobbin managed all strategy, filings, and communications, and I trusted his guidance without understanding personal liability risks.

2. **Lack of Personal Defense**

I was never informed that I needed to file an individual opposition to Kaotica's motion, which led to the May 29, 2025 judgment against me. No documents were filed under my name, and I did not knowingly waive any rights or defenses. This was due to Lobbin's neglect, not my intent, as supported by Exhibits A-D.

3. **No Bad Faith**

I acted in good faith to sustain Iconic Mars, contributing over $118,000 from personal funds, as detailed in Exhibit I. I never sought personal gain or misused assets, and the $145 transferred from Iconic Mars (Exhibit F) was a minor recovery, not profit. My actions respected the company's legal separation.

4. **Social Media Context**

My social media activity, referenced in Exhibit M, reflects frustration from this litigation, not an attempt to evade responsibility. These posts were personal expressions, not business maneuvers, and should not be misconstrued.

5. **Emotional and Financial Hardship**

This litigation has caused severe hardship, straining my finances and well-being. The ongoing stress, combined with Iconic Mars' closure and Audio Icon's struggles, has been challenging, but I seek relief to address these injustices.

6. **Request for Relief**

I respectfully request this Court set aside the May 29, 2025 judgment under Rule 60(b), based on excusable neglect, new evidence, and equitable considerations. I am prepared to present further details at a hearing.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: August 20, 2025

/s/ Oluseyi James Olaleye

Oluseyi James Olaleye

15709 Arrow Hwy, #5

Irwindale, CA 91706

1 (619) 519-3670

# Exhibit Summary Table

In Support of Rule 60 Motion to Set Aside Judgment

| Exhibit | Title/Description | Purpose in Motion |
|---|---|---|
| **Exhibit A** | Engagement Letter (3/24/2021) | Shows limited representation by Lobbin |
| **Exhibit B** | Payment Pressure Emails | Demonstrates financial strain on me |
| **Exhibit C** | Aggressive Demand Letters | Highlights Lobbin's neglect |
| **Exhibit D** | Unauthorized Declaration | Proves lack of consent/authority |
| **Exhibit E** | Formation Timeline and Legal Separation | Rebuts Audio Icon as continuation |
| **Exhibit F** | Financial Statements | Shows separation and $145 transfer |
| **Exhibit G** | Product and Manufacturer Distinction | Proves Audio Icon's unique products |
| **Exhibit H** | Branding and Business Differentiation | Supports that Audio Icon has its own branding, customer base, and mission, completely distinct from Iconic Mars. |
| **Exhibit I** | Long-Term Funding of Iconic Mars | Outlines capital contributions made to sustain Iconic Mars through the years, supporting business operations. |

**SAppx.122**

| **Exhibit J** | Bookkeeper Records | Confirms independent funding, and no commingling. |
|---|---|---|
| **Exhibit K** | Iconic Mars Dissolution Out of Necessity | Explains why I had no choice but to dissolve the company after exhausting all options. |
| **Exhibit L** | Struggles of Audio Icon as a New Business | Shows financial hardship |
| **Exhibit M** | Social Media Monitoring | Reflects emotional toll. |

**SAppx.123**

# EXHIBIT A

# SML Avvocati P.C.
## San Diego|Los Angeles|Orange County
## T: 949.636.1391
## E: sml@smlavvocati.com

March 2  , 2021

**VIA E-MAIL ONLY <jazzeyjames@gmail.com>**

James Olaleye
**Iconic Mars Corporation**
8152 Dodie Street
San Diego, California  92114

> **Re:    Engagement Letter**

Dear Mr. Olaleye:

We are pleased to have the opportunity to serve as patent/IP litigation counsel to Iconic Mars Corporation ("You") in connection with patent and related matters, including the litigation matter *Kaotica IP Corp. v. Iconic Mars Corporation et al.*, Case No. 3:21-cv-00433 CAB-DEB (S.D. Cal.) (the "Subject Matter").  This letter agreement ("Agreement") confirms the nature and scope of our representation.

## Subject Matter and Scope of Representation

Our representation of You is limited to the Subject Matter, but for each new counseling matter we take on pursuant to the terms of this Agreement, we will send a confirmation letter/email to memorialize our arrangement.

## Responsible Attorneys, Fees and Charges

I will be primarily responsible for your matters.  My standard billing rate is $695/hour, and $250/hour for our associates, but because we look forward to establishing a lasting business relationship with You, we have agreed to a discounted, uniform rate of $250/hour.  Also, as we discussed, we have waived our typical request for a retainer/deposit for new clients.  Finally, we discussed the possibility of a monthly "flat fee," in the alternative, to assist with budgeting, etc.

**SAppx.125**

You agree to pay any other expenses we incur on your behalf as necessary to represent You effectively, including (for example) research and investigation costs, court filing fees, expert fees and expenses, and travel expenses.  We do not charge You for costs associated with in-house photocopying, scanning, or mailing.  Certain costs may be advanced and then billed to You, but we retain the right to forward any costs incurred through outside vendors directly to You for payment.  If You fail to pay such costs, we may pay the outside vendor and seek reimbursement from You.

Payments may be in the form of a check or (preferably) a wire payment to the following account for the Firm:

Chase Bank IOLTA Account No. ████0502
Routing = ████1627
Domestic Transit = 021000021
Name = SML Avvocati P.C. (Stephen M. Lobbin)
Address = 7538 Draper Avenue, San Diego, CA 92037

## Termination of Services

You may terminate our services at any time, as long as You give us prompt written notice of the termination.  You will remain obligated to pay for all services rendered and costs or expenses paid or incurred on Your behalf before the termination, or which are reasonably necessary thereafter.  Also, we may withdraw at any time consistent with the law and the rules of professional conduct.  If we elect to withdraw, You will take all necessary steps to free us of any obligation to perform further services.  You also acknowledge and agree that, should we and You be unable to come to a resolution in good faith as to whether a settlement offer should be accepted with respect to the Subject Matter, You will consent without opposition to our full withdrawal from the representation.

## Advance Waiver of Potential Conflicts

You confirm by the signatures below that this Agreement constitutes disclosure and informed written consent concerning (a) potential and/or actual conflicts of interest between and among various co-represented parties in this action, and (b) accepting compensation for representing a client from one other than the client.  For example, while it is not anticipated, there could arise a difference in goals and/or strategy between different Defendants, or between a Defendant who is paying joint legal fees and another who is not.  In such a

circumstance, this informed written consent would allow the Firm to continue the joint representation once we have discussed the specific relevant circumstances and the reasonably foreseeable adverse consequences.

## Document Retention

Once a matter has concluded, we will close the file, and all client-supplied materials and attorney end-product (such as pleadings, client memos, or contracts) may be returned to You. All other attorney work product in the file, including attorney notes, document drafts, and internal memoranda, are the property of the Firm and will be retained in our files and kept confidential. Under our Firm's document retention policy, we will retain the contents of your file for six years after the Matter has been closed. The contents of the file will then be destroyed, unless you have made other arrangements.

## Conclusion

If You agree to all the foregoing terms, please communicate that agreement by signing and returning to me the enclosed copy of this letter. The effective date of our agreement is the date on which our services commenced. We look forward to providing the above services. If you have any questions, please call me.

Warm regards,

**SML Avvocati P.C.**

/s/ Stephen M. Lobbin

**ACCEPTED AND AGREED:**

By: _____
Iconic Mars Corporation

Date: 03/24/21 _____

By: _____
James Olaleye

Date: _____

**SAppx.127**

Case 3:22-cv-00092-CAB-DEB   Document 239   Filed 08/21/25   PageID.6225   Page 18 of 136

 **Gmail**

James <jazzeyjames@gmail.com>

## Fwd: Complete with Docusign: 2025-06-09 WMA Engagement Letter - Lobbin and Iconic Mars.pdf

1 message

**Stephen Lobbin** <sml@smlavvocati.com>                                      Tue, Jun 10, 2025 at 8:24 PM
To: Jazzey James <jazzeyjames@gmail.com>
Cc: Stephen Lobbin <sml@smlavvocati.com>

Please review/sign ASAP...SML

---------- Forwarded message ---------
From: **Meghan Tofflemire via Docusign** <dse_NA3@docusign.net>
Date: Mon, Jun 9, 2025 at 3:15 PM
Subject: Complete with Docusign: 2025-06-09 WMA Engagement Letter - Lobbin and Iconic Mars.pdf
To: Stephen M. Lobbin <sml@smlavvocati.com>



**Meghan Tofflemire**
tofflemire@wmalawfirm.com

Gentleman,

Please find Witham Mahoney & Abbott, LLP's engagement letter for your review and
signatures. Should you have any questions please reach out to Mr. Mahoney. We look
forward to working with you.

Thank you,
Meghan Tofflemire
Legal Assistant

SAppx.128

 Gmail

**James <jazzeyjames@gmail.com>**

---

## Declined: Complete with Docusign: 2025-06-09 WMA Engagement Letter - Lobbin and Iconic Mars.pdf

1 message

---

**Meghan Tofflemire via Docusign** <dse_NA3@docusign.net>       Thu, Jun 12, 2025 at 7:19 PM
Reply-To: Meghan Tofflemire <tofflemire@wmalawfirm.com>
To: James Olaleye <jazzeyjames@gmail.com>



James Olaleye declined to sign.

**REVIEW DOCUMENT**

**Meghan Tofflemire**
tofflemire@wmalawfirm.com

James Olaleye declined 2025-06-09 WMA Engagement Letter - Lobbin and Iconic Mars.pdf. As a result, the documents cannot be completed.

Powered by **docusign**

**Do Not Share This Email**
This email contains a secure link to Docusign. Please do not share this email, link, or access code with others.

**Alternate Signing Method**
Visit Docusign.com, click 'Access Documents', and enter the security code:
BBAE513F1FE0436BBAA3DFAE54B28B0B3

SAppx.129

# EXHIBIT B

M Gmail                                        **James <jazzeyjames@gmail.com>**

---

## Fwd: Aptus Invoice # 1126610

1 message

---

**Stephen Lobbin** <sml@smlavvocati.com>              Tue, Aug 1, 2023 at 10:50 AM
To: Jazzey James <jazzeyjames@gmail.com>
Cc: Josh Osborn <jno@smlavvocati.com>, Stephen Lobbin <sml@smlavvocati.com>

Hi James, this is the cost for the deposition transcript for Kaotica.
Josh please confirm we have everything?  James please pay this
invoice directly, ok?
--
Warm regards,

Stephen M. Lobbin
SML Avvocati P.C.
San Diego|Los Angeles|Orange County
T: 949.636.1391
E: sml@smlavvocati.com

This message and any attached documents contain information from SML Avvocati P.C. that
may be confidential and/or privileged. If you are not the intended recipient, please do not read,
copy, distribute, or use this information. If you have received this transmission in error, please
notify the sender immediately by reply e-mail and then delete this message.

---------- Forwarded message ---------
From: **Aptus Billing** <billing@aptuscr.com>
Date: Tue, Aug 1, 2023 at 10:34 AM
Subject: Aptus Invoice # 1126610
To: <sml@smlavvocati.com>
Cc: <ar@aptuscr.com>

Good morning,

Thank you for choosing Aptus Court Reporting. Please find attached the invoice # 1126610 for
the deposition of Konrad Zukowski - Confidential/Non-Confidential, taken on 7/7/2023 in the
Iconic Mars Corporation vs. Kaotica Corporation matter.

Please advise if we need to forward this invoice to your accounts payable department or another
contact for payment.

Our W9 is attached should you need our corporate details for remittance.

**SAppx.131**

# I N V O I C E

1 of 1

Aptus Court Reporting LLC
Corporate Office
401 West A St, Ste 1680
San Diego, CA 92101
T: 866-999-8310  F: 619-546-9152

| Invoice No. | Invoice Date | Job No. |
|---|---|---|
| 1126610 | 7/31/2023 | 10123522 |
| **Job Date** | **Case No.** | |
| 7/7/2023 | 3:22-cv-00092-CAB-DEB | |
| **Case Name** | | |
| Iconic Mars Corporation vs. Kaotica Corporation | | |
| **Payment Terms** | | |
| Due upon receipt | | |

Stephen M. Lobbin
SML Avvocati, P.C.
888 Prospect St, Ste 200
La Jolla, CA 92037

---

ORIGINAL AND 1 CERTIFIED COPY OF TRANSCRIPT OF:

| | |
|---|---|
| Konrad Zukowski - Confidential/Non-Confidential | 1,663.50 |
| SALES TAX | 29.33 |
| **TOTAL DUE >>>** | **$1,692.83** |

Thank you, your business is greatly appreciated.
Customer is ultimately responsible for payment within our terms.

To pay by check, kindly mail to our corporate office indicated above.

To remit payment via ACH or wire transfer:
HomeStreet Bank | Checking 0030013364 | Routing 325084426

To pay by credit card, please visit our website - www.aptuscr.com
and click on the Pay Online link.
(1.5% surcharge will be applied)

| | |
|---|---|
| **(-) Payments/Credits:** | 0.00 |
| **(+) Finance Charges/Debits:** | 0.00 |
| **(=) New Balance:** | **$1,692.83** |

**Tax ID:** 27-4460942

**SAppx.132**

 **Gmail**                                    **James <jazzeyjames@gmail.com>**

---

# Re: Payment link for credit card...thanks!!
1 message

---

**James** <jazzeyjames@gmail.com>                    Fri, Nov 29, 2024 at 12:28 AM
To: Stephen Lobbin <sml@smlavvocati.com>

Hi Stephen,

I hope you're doing well. I was able to get the link to work after trying a different card and have sent the payment of $5,000 to support the ongoing situation. Please confirm once received, and let me know if there's anything further needed.

Thank you for your continued efforts.

warm regards
James

> On Thu, Nov 28, 2024 at 12:57 PM Stephen Lobbin <sml@smlavvocati.com> wrote:
> Let's just get in the phone sometime and I'll enter the numbers
>
> Warm regards,
>
> Stephen M. Lobbin
> SML Avvocati P.C.
> San Diego|Los Angeles|Orange County
> T: 949.636.1391
> E: sml@smlavvocati.com
>
> This message and any attached documents contain information from SML Avvocati P.C. that may be confidential and/or privileged. If you are not the intended recipient, please do not read, copy, distribute, or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.
>
> > On Thu, Nov 28, 2024 at 12:52 James <jazzeyjames@gmail.com> wrote:
> > Going to tradeshow next week, but it's same process, right? I just used the card earlier today and it works. I think this issue is from chase. You need to notify them you expecting transaction that exceed $5000. One of my clients had a similar issue.
> >
> > > On Thu, Nov 28, 2024 at 12:48 PM Stephen Lobbin <sml@smlavvocati.com> wrote:
> > > No worries you can text me the full card number and all info and I can do it. No rush let's talk next week?

# EXHIBIT C

 Gmail

**James <jazzeyjames@gmail.com>**

## Re: Payment link for credit card...thanks!!
1 message

**Stephen Lobbin** <sml@smlavvocati.com>                    Fri, Nov 29, 2024 at 5:54 PM
To: James <jazzeyjames@gmail.com>
Cc: Stephen Lobbin <sml@smlavvocati.com>, Daisy Bracamontes
<daisy@socialimpactservices.org>

Thanks James, it is showing as received on my end.  I really
appreciate it!

Here is a draft letter from you to Konrad...I suggest a letter on nice
paper with the Iconic Mars name on it.  You and Daisy can make
revisions etc., and let me review it once more before you send it out
ok?  We MUST convince him that you can help his
business somehow, in the future!!
----------
James Olaleye
Iconic Mars Corporation

Dear Konrad,

I hope you received my recent text and phone messages.  After all of
this fighting, I hope you just want peace like I do.  I would like to
reach a resolution to end all of the fighting in court.  As you
probably know already, even if the judge orders Iconic Mars (or our
attorney Mr. Lobbin) to pay you money, there will be an appeal which
will take over a year, and we believe we would win.  Also, there is no
money to pay you anyway.  You will have to spend more and more on
your own lawyers on the appeal, and trying to collect money from a
company with no assets.  Mr. Lobbin has no assets either, and you
would force him to go bankrupt.  You would not get anything.

I was shocked that you have spent so much money already in this
dispute between us, which was never worth more than $300K.  You

should not waste any more money chasing us for money we do not have to give you.  Instead, I can agree to pay you $100K over time, and also I can connect you with many more purchasers for your products.  Finally, as our market segment is expanding, I would agree to partner with you on some new revenue streams.  Specifically, _____.

Please communicate with me as soon as you can Konrad.  I really hope we can turn this situation around into a positive development for your busniess, and mine.

Sincerely,

James Olaleye

On Fri, Nov 29, 2024 at 12:29 AM James <jazzeyjames@gmail.com> wrote:

> Hi Stephen,
>
> I hope you're doing well. I was able to get the link to work after trying a different card and have sent the payment of $5,000 to support the ongoing situation. Please confirm once received, and let me know if there's anything further needed.
>
> Thank you for your continued efforts.
>
> warm regards
> James
>
> On Thu, Nov 28, 2024 at 12:57 PM Stephen Lobbin <sml@smlavvocati.com> wrote:
>
>> Let's just get in the phone sometime and I'll enter the numbers
>>
>> Warm regards,
>>
>> Stephen M. Lobbin
>> SML Avvocati P.C.
>> San Diego|Los Angeles|Orange County
>> T: 949.636.1391
>> E: sml@smlavvocati.com
>>
>> This message and any attached documents contain information from SML Avvocati P.C. that may be confidential and/or privileged. If you are not the intended recipient, please do not read, copy, distribute, or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.

 Gmail

**James <jazzeyjames@gmail.com>**

---

# Re: Payment link for credit card...thanks!!

1 message

---

**James** <jazzeyjames@gmail.com>                                      Tue, Dec 10, 2024 at 1:43 PM
To: Stephen Lobbin <sml@smlavvocati.com>
Cc: Stephen Lobbin <sml@smlavvocati.com>, Daisy Bracamontes
<daisy@socialimpactservices.org>

Hi Steve,

Thank you for drafting the settlement letter for Konrad. After reviewing the content, I have some concerns about its tone and messaging. I believe certain parts could be interpreted negatively or even used against us. Specifically:

1. The rough draft comes across as confrontational, which might escalate tensions rather than encourage settlement.

2.  Mentioning financial limitations and potential bankruptcy could weaken our negotiating position.

3. Statements about Konrad not recovering anything might be seen as veiled threats or an attempt to discourage further action.

To address these concerns, I've drafted a revised version that keeps the focus on resolution. Please review and let me know your thoughts.

---

**Revised Settlement Letter Draft:**

Dear Konrad,

I hope this message finds you well. I am reaching out to explore a constructive resolution to our ongoing legal dispute. It's been a challenging process for both sides, and I believe it's in our mutual best interest to avoid further costly litigation and find a way forward.

Given the complexities and uncertainties of prolonged legal proceedings, I propose we consider a settlement that could benefit both our businesses. While Iconic Mars faces significant financial limitations, I am prepared to offer a structured payment of $100,000 over time as part of a settlement agreement. Additionally, I am open to exploring collaborative opportunities that could generate new revenue streams for both parties. For example, a licensing agreement for comet v1 portable isolation booths, while generating royalties or shared revenue from product sales.

Rather than continuing down a path of mounting legal expenses, I believe this proposal could turn a challenging situation into a mutually beneficial partnership. I am committed to finding a solution that brings closure while fostering potential business growth.



**James <jazzeyjames@gmail.com>**

## Re: letter to konrad ll

1 message

---

**Stephen Lobbin** <sml@smlavvocati.com>                Mon, Mar 3, 2025 at 9:48 PM
To: James <jazzeyjames@gmail.com>
Cc: Stephen Lobbin <sml@smlavvocati.com>

Please revise this sentence: "Despite the judgment in the Iconic Mars case, let me make this clear: continuing to drag this out, targeting me personally, and digging into my life and businesses will only create consequences that extend far beyond the courtroom. You have no cause to target my attorney Mr. Lobbin, who has never had any personal involvement in this dispute.  Your attorneys should know they will be held personally responsible as well, and the consequences for them will also be severe."

On Mon, Mar 3, 2025 at 9:21 PM James <jazzeyjames@gmail.com> wrote:

--
Warm regards,

Stephen M. Lobbin
SML Avvocati P.C.
San Diego|Los Angeles|Orange County
T: 949.636.1391
E: sml@smlavvocati.com

This message and any attached documents contain information from SML Avvocati P.C. that may be confidential and/or privileged. If you are not the intended recipient, please do not read, copy, distribute, or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.

# EXHIBIT D

## M Gmail

---

## Re: Activity in Case 3:22-cv-00092-CAB-DEB Iconic Mars Corporation v. Kaotica Corporation Miscellaneous (Other 1)

1 message

---

**James** <jazzeyjames@gmail.com>                                    Wed, May 21, 2025 at 9:36 AM
To: Stephen Lobbin <sml@smlavvocati.com>
Cc: Daisy Bracamontes <daisy@socialimpactservices.org>, Stephen Lobbin <sml@smlavvocati.com>

Hi Stephen,
 I must object to the characterization of me in the filing as "a black immigrant from Nigeria."
While I understand the possible strategic intent to highlight potential bias, this kind of description in a federal court document feels inappropriate and unnecessary. It reduces my identity to race and immigration status in a way that could backfire or appear performative.  I would have never approved that phrasing, and I'm asking that we avoid it going forward.

Additionally, the part stating you had to "pull me back" from others paints a misleading image. I never moved toward anyone in a threatening or aggressive way, and that characterization could support the opposing counsel's false narrative. It's critical that the record reflects what actually occurred — I did not advance or act physically at all. I raised my voice out of frustration after being provoked, but I stayed in place and acted within bounds.

Moving forward, I respectfully request:

1. That I be allowed to submit **my own declaration** to supplement the record. I've prepared a draft already that I believe captures the situation accurately and professionally.

2. That no future court filings describing my actions or statements be submitted without my review and consent, especially when they contain sensitive descriptions or characterizations.

Let's stay aligned in presenting a strong and accurate defense. Please let me know how we can file my declaration as a supplemental statement.

Best,

James Olaleye

On Wed, May 21, 2025 at 9:05 AM Stephen Lobbin <sml@smlavvocati.com> wrote:

> This is great, thank you...attached is the response I filed last night...SML
>
> On Wed, May 21, 2025 at 8:28 AM James <jazzeyjames@gmail.com> wrote:

**SAppx.140**

# EXHIBIT E



**IRS** DEPARTMENT OF THE TREASURY
INTERNAL REVENUE SERVICE
PHILADELPHIA PA   19255-0023

Date of this notice:  11-04-2024

Employer Identification Number:
████████4714

Form:  SS-4

Number of this notice:  CP 575 A

003199.624845.304194.21505 1 MB 0.622 920



AUDIO ICON INC
AUDIO ICON
████████████ █████

003199

For assistance you may call us at
1-800-829-4933

IF YOU WRITE, ATTACH THE
STUB OF THIS NOTICE.

## WE ASSIGNED YOU AN EMPLOYER IDENTIFICATION NUMBER

Thank you for applying for an Employer Identification Number (EIN).  We assigned you EIN 33-1704714.  This EIN will identify your entity, accounts, tax returns, and documents, even if you have no employees.  Please keep this notice in your permanent records.

Taxpayers request an EIN for their business.  Some taxpayers receive CP575 notices when another person has stolen their identity and are opening a business using their information.  If you did not apply for this EIN, please visit, www.irs.gov/einnotrequested.

When filing tax documents, making payments, or replying to any related correspondence, it is very important that you use your EIN and complete name and address exactly as shown above.  Any variation may cause a delay in processing, result in incorrect information in your account, or even cause you to be assigned more than one EIN.  If the information is not correct as shown above, please make the correction using the attached tear-off stub and return it to us.

Based on the information received from you or your representative, you must file the following forms by the dates shown.

                    Form 1120                         04/15/2025

If you have questions about the forms or the due dates shown, you can call us at the phone number or write to us at the address shown at the top of this notice.  If you need help in determining your annual accounting period (tax year), see Publication 538, Accounting Periods and Methods.

We assigned you a tax classification (corporation, partnership, etc.) based on information obtained from you or your representative.  It is not a legal determination of your tax classification and is not binding of the IRS.  If you want a legal determination of your tax classification, you may request a private letter ruling from the IRS under the guidelines in Revenue Procedure 2020-1, 2020-1 I.R.B. 1 (or superseding Revenue Procedure for the year at issue).  Note: Certain tax classification elections can be requested by filing Form 8832, Entity Classification Election.  See Form 8832 and its instructions for additional information.



BA202500█████

B3320-6821 01/04/2025 9:25 PM Received by California Secretary of State



**STATE OF CALIFORNIA**
*Office of the Secretary of State*
**STATEMENT OF INFORMATION**
**CORPORATION**
California Secretary of State
1500 11th Street
Sacramento, California 95814
(916) 657-5448

For Office Use Only

**-FILED-**

File No.: BA202500█████

Date Filed: 1/4/2025

---

**Entity Details**

| | |
|---|---|
| Corporation Name | Audio Icon, Inc. |
| Entity No. | ███7792 |
| Formed In | WYOMING |

**Street Address of Principal Office of Corporation**

| | |
|---|---|
| Principal Address | ███████ WY 83110 |

**Mailing Address of Corporation**

| | |
|---|---|
| Mailing Address | ███████ SAN DIEGO, CA 92176 |
| Attention | Audio Icon Inc |

**Street Address of California Office of Corporation**

| | |
|---|---|
| Street Address of California Office | ███████ SUITE 302 SAN DIEGO, CA 92103 |

**Officers**

| Officer Name | Officer Address | Position(s) |
|---|---|---|
| ⊞ Daisy Bracamontes | ███████ STE 302 SAN DIEGO, CA 92103 | Secretary |
| ⊞ Oluseyi Olaleye | ███████ STE 302 SAN DIEGO, CA 92103 | Chief Executive Officer, Chief Financial Officer |

**Additional Officers**

| Officer Name | Officer Address | Position | Stated Position |
|---|---|---|---|
| None Entered | | | |

**Directors**

| Director Name | Director Address |
|---|---|
| None Entered | |

The number of vacancies on Board of Directors is: 0

**Agent for Service of Process**

| | |
|---|---|
| Agent Name | Oluseyi Olaleye |
| Agent Address | ███████ 302 SAN DIEGO, CA 92103 |

**Type of Business**

| | |
|---|---|
| Type of Business | Audio Equipment |

**Email Notifications**

**SAppx.143**

Page 1 of 2

# EMAIL COMFIRMATION SHOWING AUDIO ICON WEBSITE SOFT LAUNCH ON

# 01/23/25



Audio Icon <support@audioicon.com>

---

## Settings have been changed for 0████d-42.myshopify.com

2 messages

---

**Shopify** <mailer@shopify.com>                          Thu, Jan 23, 2025 at 10:52 AM
To: support@audioicon.com

Hello Oluseyi Olaleye,

The following change was recently made for your store https://████████myshopify.com/admin :

- Ryan ████████ disabled storefront password

If this is an expected change, then all is well! If you did not authorize this change, please contact Shopify Support at https://help.shopify.com/support and we'll be happy to help sort it out.

– The Shopify Team

---

**Audio Icon** <support@audioicon.com>                    Fri, Jun 27, 2025 at 12:44 PM
To: James Olaleye <james@audioicon.com>

[Quoted text hidden]

--
**AU      CON**
📍 ████ Arrow Highway, Ste 5, Irwindale, CA 91706
🌐 www.audioicon.com
✉️ support@audioicon.com

SAppx.145

## This post marked Audio Icon's first public announcement and full brand launch across social media platforms.
## 03/28/2025



# ICONIC MARS TERMINATION



# California Secretary of State

Business Programs Division
1500 11th Street, Sacramento, CA 95814

---

ICONIC MARS CORPORATION



NATIONAL CITY, CA  91950

## Business Amendment Filing Approved

January 20, 2025

Entity Name: ICONIC MARS CORPORATION
Entity Type: Stock Corporation - CA - General
Entity No.: 4623741
Document Type: Termination
Document No.: BA2025011███
File Date: 01/17/2025

The above referenced document has been approved and filed with the California Secretary of State. To access free copies of filed documents, go to bizfileOnline.sos.ca.gov and enter the entity name or entity number in the Search module.

***What's Next?***

The most up to date records may be obtained by searching for the Entity Name or Entity Number in the Search module at bizfileOnline.sos.ca.gov.

For further assistance, contact us at (916) 657-5448 or visit bizfileOnline.sos.ca.gov.



Thank you for using bizfile California, the California Secretary of State's business portal for online filings, searches, business records, and additional resources.

SAppx.148

# **EXHIBIT F**

# AUDIO ICON
# BANK STATEMENT BUSINESS CHECKING ACCOUNT

# CHASE ⬡

JPMorgan Chase Bank, N.A.
P O Box 182051
Columbus, OH 43218 - 2051

November 02, 2024 through November 29, 2024

Account Number:    **00000067978**▮▮



## CUSTOMER SERVICE INFORMATION

| | |
|---|---|
| Web site: | **Chase.com** |
| Service Center: | **1-800-242-7338** |
| Para Espanol: | 1-888-622-4273 |
| International Calls: | 1-713-262-1679 |
| We accept operator relay calls | |

00391737 DRE 703 219 33524 NNNNNNNNNNN  1 000000000 64 0000

AUDIO ICON, INC.

▮▮▮▮▮▮▮▮▮▮▮▮

## CHECKING SUMMARY
Chase Business Complete Checking

| | INSTANCES | AMOUNT |
|---|---|---|
| Beginning Balance | | $0.00 |
| Deposits and Additions | 1 | 2,000.00 |
| Electronic Withdrawals | 2 | -1,999.00 |
| Ending Balance | 3 | $1.00 |

## DEPOSITS AND ADDITIONS

| DATE | DESCRIPTION | AMOUNT |
|---|---|---|
| 11/05 | Online Transfer From Chk ...9630 Transaction#: 2262▮▮▮▮ | $2,000.00 |
| **Total Deposits and Additions** | | **$2,000.00** |

## ELECTRONIC WITHDRAWALS

| DATE | DESCRIPTION | AMOUNT |
|---|---|---|
| 11/14 | 11/14 Online Transfer To Chk ..▮▮▮ Transaction#: 2271▮▮▮▮ | $1,950.00 |
| 11/18 | 11/16 Online Transfer To Chk ..▮▮▮ Transaction#: 227▮▮▮▮5 | 49.00 |
| **Total Electronic Withdrawals** | | **$1,999.00** |

## DAILY ENDING BALANCE

| DATE | AMOUNT |
|---|---|
| 11/05 | $2,000.00 |
| 11/14 | 50.00 |
| 11/18 | 1.00 |

**SAppx.151**

# CHASE ◉

JPMorgan Chase Bank, N.A.
P O Box 182051
Columbus, OH 43218 - 2051

November 30, 2024 through December 31, 2024

Account Number:    **00000067978**▮▮▮

00378600 DRE 703 219 00125 NNNNNNNNNNN   1 000000000 64 0000
AUDIO ICON, INC.



## CUSTOMER SERVICE INFORMATION

| | |
|---|---|
| Web site: | **Chase.com** |
| Service Center: | **1-800-242-7338** |
| Para Espanol: | 1-888-622-4273 |
| International Calls: | 1-713-262-1679 |
| We accept operator relay calls | |

## A reminder about incoming wire transfer fees

Due to a systems issue, we may not have charged you for all incoming wires in the past. On or after March 23, 2025, wire transfer fees will be charged for incoming wires in accordance with your Chase Deposit Account Agreement.

Please visit **chase.com/business/disclosures** and review the Additional Banking Services and Fees document for more details.

Please note, we don't charge incoming wire transfer fees for Chase Performance Business Checking®, Chase Performance Business Checking with Interest®, Chase Platinum Business Checking℠, Chase Business Complete Checking℠ accounts when transfer is originally sent with the help of a Chase banker or using chase.com or Chase Mobile, Chase Business Complete Checking℠ accounts with Military Banking Benefits, IOLTA, IOTA, IOLA, IBRETA, IOREBTA, IRETA, COLTAF, CARHOF, UARHOF℠, Client Funds Checking℠ and Client Funds Savings℠ accounts.

If you have any questions, call the number on this statement.

## CHECKING SUMMARY | Chase Business Complete Checking

| | INSTANCES | AMOUNT |
|---|---|---|
| **Beginning Balance** | | **$1.00** |
| Deposits and Additions | 2 | 2,100.00 |
| Electronic Withdrawals | 1 | -93.00 |
| **Ending Balance** | **3** | **$2,008.00** |

Congratulations, we waived the $15 Monthly Service Fee for this statement period, based on your qualifying activity.

**How to Avoid the Monthly Service Fee (MSF)**
If you meet any of the following qualifying activities for this Chase Business Complete Checking℠ account in a statement period, we will waive the $15 MSF.

Here's the business activity we used to determine if you qualified for the MSF waiver:
- $2,000 Minimum Daily Ending Balance: Your lowest daily ending balance was $1.00.
- $2,000 Chase Payment Solutions℠ Activity: $0.00 was deposited into this account.
- $2,000 Chase Ink® Business Card Activity: $6,638.33 was your total Ink activity.

You can also avoid the MSF if you:
- Maintain a linked Chase Private Client Checking℠ account OR
- Meet Chase Military Banking requirements

For complete details on all requirements to avoid the MSF, please review the Additional Banking Services and Fees for Business Accounts at chase.com/business/disclosures or visit a Chase branch.

**SAppx.152**



November 30, 2024 through December 31, 2024

Account Number:     **00000067978**▮▮▮

## DEPOSITS AND ADDITIONS

| DATE | DESCRIPTION | AMOUNT |
|------|-------------|--------|
| 12/17 | Deposit     1260852288 | $2,000.00 |
| 12/30 | Online Transfer From Chk ...9630 Transaction#: 23206533▮ | 100.00 |
| **Total Deposits and Additions** | | **$2,100.00** |

## ELECTRONIC WITHDRAWALS

| DATE | DESCRIPTION | AMOUNT |
|------|-------------|--------|
| 12/24 | Orig CO Name:Chase Credit Crd     Orig ID:47600▮▮▮4 Desc Date:241223 CO Entry Descr:Autopaybussec:PPD    Trace#:021000021599399 Eed:241224   Ind ID: | $93.00 |
| **Total Electronic Withdrawals** | | **$93.00** |

## DAILY ENDING BALANCE

| DATE | AMOUNT |
|------|--------|
| 12/17 | $2,001.00 |
| 12/24 | 1,908.00 |
| 12/30 | 2,008.00 |

**IN CASE OF ERRORS OR QUESTIONS ABOUT YOUR ELECTRONIC FUNDS TRANSFERS:**

Call us at 1-866-564-2262 or write us at the address on the front of this statement immediately if you think your statement or receipt is incorrect or if you need more information about a transfer listed on the statement or receipt.

**For personal accounts only:** We must hear from you no later than 60 days after we sent you the FIRST statement on which the problem or error appeared. Be prepared to give us the following information:

- Your name and account number;
- A description of the error or the transaction you are unsure about, and why you think it is an error or want more information; and
- The amount of the suspected error.

We will investigate your complaint and will correct any error promptly. If we take more than 10 business days (or 20 business days for new accounts) to do this, we will credit your account for the amount you think is in error so that you will have use of the money during the time it takes us to complete our investigation.

**For business accounts**, see your deposit account agreement or other applicable agreements that govern your account for details.

**IN CASE OF ERRORS OR QUESTIONS ABOUT NON-ELECTRONIC FUNDS TRANSFERS**: Contact us immediately if your statement is incorrect or if you need more information about any non-electronic funds transfers on this statement. For more details, see your deposit account agreement or other applicable agreements that govern your account.

**JPMorgan Chase Bank, N.A. Member FDIC**

SAppx.153

## CHASE ◯

JPMorgan Chase Bank, N.A.
P O Box 182051
Columbus, OH 43218 - 2051

January 01, 2025 through January 31, 2025

Account Number:    **0000006797**▮▮▮▮▮



00381517 DRE 703 219 03225 NNNNNNNNNN  1 000000000 64 0000

AUDIO ICON, INC.

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

### CUSTOMER SERVICE INFORMATION

| | |
|---|---|
| Web site: | **Chase.com** |
| Service Center: | **1-800-242-7338** |
| Para Espanol: | 1-888-622-4273 |
| International Calls: | 1-713-262-1679 |
| We accept operator relay calls | |

**To help protect you from fraud and scams, you'll no longer be able to send Zelle® payments to recipients originating from social media – such as social media marketplaces or messaging apps.**

Due to the significant rise in social media scams and to help protect your account, we'll be updating our policies on March 23, 2025, limiting your ability to send Zelle® payments identified as originating from contact through social media. As a result, we may:

- Request details about your payment's purpose and how you made contact with the recipient.
- Block or decline payments identified as originating from contact through social media.
- Decline payments, restrict your use of Zelle® through Chase or take other actions as described in your account agreement.

The updates to the policy become effective March 23, 2025, and will be outlined in Section 2 of the Zelle® Service Agreement, which may appear as a separate agreement or as an Addendum to the Digital Services Agreement. You can review the new agreements beginning January 23, 2025. Here's how to access them:

- On **chase.com/business**, log in to your account, click the Main Menu, then select "Agreements & disclosures."
- On the Chase Mobile® app, go to "Legal information" in Profile & Settings or at the bottom of the home page, then "Legal agreements and disclosures."

If you have questions, please call the number on this statement.

## CHECKING SUMMARY | Chase Business Complete Checking

| | INSTANCES | AMOUNT |
|---|---|---|
| **Beginning Balance** | | **$2,008.00** |
| Electronic Withdrawals | 4 | -1,567.00 |
| **Ending Balance** | **4** | **$441.00** |

Congratulations, we waived the $15 Monthly Service Fee for this statement period, based on your qualifying activity.

Page 1 of 2

**SAppx.154**



**How to Avoid the Monthly Service Fee (MSF)**
If you meet any of the following qualifying activities for this Chase Business Complete Checking<sup>SM</sup> account in a statement period, we will waive the $15 MSF.

Here's the business activity we used to determine if you qualified for the MSF waiver:
- $2,000 Minimum Daily Ending Balance: Your lowest daily ending balance was $441.00.
- $2,000 Chase Payment Solutions<sup>SM</sup>Activity: $0.00 was deposited into this account.
- $2,000 Chase Ink® Business Card Activity: $3,271.27 was your total Ink activity.

You can also avoid the MSF if you:
- Maintain a linked Chase Private Client Checking<sup>SM</sup> account OR
- Meet Chase Military Banking requirements

For complete details on all requirements to avoid the MSF, please review the Additional Banking Services and Fees for Business Accounts at chase.com/business/disclosures or visit a Chase branch.

## ELECTRONIC WITHDRAWALS

| DATE | DESCRIPTION | AMOUNT |
|------|-------------|--------|
| 01/13 | Zelle Payment To Ice Cream Studio LLC Jpm99Aunzhlj | $730.00 |
| 01/14 | 01/14 Online Transfer To Chk ...9630 Transaction#: 2337933 | 200.00 |
| 01/21 | Zelle Payment To Erick Jpm99Avgl68E | 500.00 |
| 01/24 | Orig CO Name:Chase Credit Crd      Orig ID:476003　24 Desc Date:250123 CO Entry Descr:Autopaybussec:PPD    Trace#:02100002479　9 Eed:250124   Ind ID: Ind | 137.00 |
| **Total Electronic Withdrawals** | | **$1,567.00** |

## DAILY ENDING BALANCE

| DATE | AMOUNT |
|------|--------|
| 01/13 | $1,278.00 |
| 01/14 | 1,078.00 |
| 01/21 | 578.00 |
| 01/24 | 441.00 |

**IN CASE OF ERRORS OR QUESTIONS ABOUT YOUR ELECTRONIC FUNDS TRANSFERS:**

Call us at 1-866-564-2262 or write us at the address on the front of this statement immediately if you think your statement or receipt is incorrect or if you need more information about a transfer listed on the statement or receipt.

**For personal accounts only:** We must hear from you no later than 60 days after we sent you the FIRST statement on which the problem or error appeared. Be prepared to give us the following information:

- Your name and account number;
- A description of the error or the transaction you are unsure about, and why you think it is an error or want more information; and
- The amount of the suspected error.

We will investigate your complaint and will correct any error promptly.  If we take more than 10 business days (or 20 business days for new accounts) to do this, we will credit your account for the amount you think is in error so that you will have use of the money during the time it takes us to complete our investigation.

**For business accounts**, see your deposit account agreement or other applicable agreements that govern your account for details.

**IN CASE OF ERRORS OR QUESTIONS ABOUT NON-ELECTRONIC FUNDS TRANSFERS**: Contact us immediately if your statement is incorrect or if you need more information about any non-electronic funds transfers on this statement. For more details, see your deposit account agreement or other applicable agreements that govern your account.

**JPMorgan Chase Bank, N.A. Member FDIC**

SAppx.155

# AUDIO ICON
# BUSINESS CREDIT CARD STATEMENT



Manage your account online at:
www.chase.com/cardhelp

Customer Service:
1-800-945-2028

Mobile: Download the
Chase Mobile® app today

| December 2024 | | | | | | |
|---|---|---|---|---|---|---|
| S | M | T | W | T | F | S |
| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
| 8 | 9 | 10 | 11 | 12 | 13 | 14 |
| 15 | 16 | 17 | 18 | 19 | 20 | 21 |
| 22 | 23 | 24 | 25 | 26 | 27 | 28 |
| 29 | 30 | 31 | 1 | 2 | 3 | 4 |
| 5 | 6 | 7 | 8 | 9 | 10 | 11 |

New Balance
**$7,756.84**

Minimum Payment Due
**$93.00**

Payment Due Date
**12/23/24**

## CHASE ULTIMATE REWARDS® SUMMARY

| | |
|---|---|
| Previous points balance | 0 |
| + 1.5% (1.5 Pts)/$1 earned on all purchases | 9,958 |
| + New Cardmember Bonus | 90,000 |
| **Total points available for redemption** | **99,958** |

Redeem for cash back- any amount, anytime. Log on to chase.com/ultimaterewards to explore all your reward options.

You earn unlimited 1.5% cash back on all purchases- it's automatic! Redeem for cash with no minimum, and your Cash Back rewards do not expire as long as your account is open.

**Late Payment Warning:** If we do not receive your minimum payment by the due date, you may have to pay a late fee, and existing and new balances may become subject to the Default APR.

**Minimum Payment Warning:** Enroll in Auto-Pay and avoid missing a payment.  To enroll, go to www.chase.com

## ACCOUNT SUMMARY

**Account Number:  XXXX XXXX XXXX 5503**

| | |
|---|---|
| Previous Balance | $0.00 |
| Payment, Credits | $0.00 |
| Purchases | +$6,638.33 |
| Cash Advances | +$1,050.00 |
| Balance Transfers | $0.00 |
| Fees Charged | +$52.50 |
| Interest Charged | +$16.01 |
| **New Balance** | **$7,756.84** |
| Opening/Closing Date | 11/02/24 - 12/01/24 |
| Revolving Credit Amount | $21,000 |
| Available Credit | $13,243 |
| Cash Access Line | $1,050 |
| Available for Cash | $0 |
| **Past Due Amount** | **$0.00** |
| **Balance over the Credit Access Line** | **$0.00** |

## YOUR ACCOUNT MESSAGES

You have one or more balance(s) with APR expiration dates, as shown in the Interest Charge section.  These APRs will continue through the expiration dates shown in the Interest Charges section.

0000001   FIS33339 C 1 0516          Y   9   01   24/12/01        Page 1 of 2           00225     MA DA  48197       33610000010004819701



P.O. BOX 15123
WILMINGTON, DE 19850-5123
For Undeliverable Mail Only

**Make your payment at
chase.com/paycard**

4246315426215503                                    4000000008

| | |
|---|---|
| Payment Due Date: | 12/23/24 |
| New Balance: | $7,756.84 |
| Minimum Payment Due: | $93.00 |

Account number: XXXX XXXX XXXX 5503

$_____._____   Amount Enclosed
Make/Mail to Chase Card Services at the address below:

48197 BEX 9 33624 C

OLUSEYI J OLALEYE
AUDIO ICON, INC.

91706-6600

CARDMEMBER SERVICE
PO BOX 6294
CAROL STREAM IL 60197-6294

5000 160 28 15954       30

SAppx.157



Manage your account online at:
www.chase.com/cardhelp

Customer Service:
1-800-945-2028

Mobile: Download the
Chase Mobile® app today

# ACCOUNT ACTIVITY

| Date of Transaction | Merchant Name or Transaction Description | $ Amount |
|---|---|---|
| 11/12 | Alibaba.com San Mateo CA | 1,357.00 |
| 11/14 | Alibaba.com 408-7855580 CA | 427.41 |
| 11/16 | LETSGO NETWORK INCORPO MARKAM ON | 2.99 |
| 11/18 | ALIBABA.COM 800-981-3590 CA | 262.63 |
| 11/21 | GOTPRINT.COM 818-252-3000 CA | 707.57 |
| 11/24 | BARBUSA SAN DIEGO CA | 122.99 |
| 11/23 | VONS #2359 SAN DIEGO CA | 12.01 |
| 11/25 | TST* THE LOT LA JOLLA LA JOLLA CA | 134.55 |
| 11/25 | THE LOT LA JOLLA 858-777-0069 CA | 46.00 |
| 11/26 | SR. ALBERTO'S AUTHENTIC COVINA CA | 11.58 |
| 11/28 | Alibaba.com 408-7855580 CA | 205.98 |
| 11/29 | LETSGO NETWORK INCORPO MARKAM ON | 53.99 |
| 11/29 | Alibaba.com 408-7855580 CA | 3,293.63 |
| 11/14 | CHASE WEST COVINA WEST COVINA CA | 1,050.00 |
| 11/17 | TRANSACTION FEE | 52.50 |
| 12/01 | CASH ADVANCE INTEREST CHARGE | 16.01 |

████████████████ 5503) $7756.84
INCLUDING PAYMENTS RECEIVED

| 2024 Totals Year-to-Date | |
|---|---|
| Total fees charged in 2024 | $52.50 |
| Total interest charged in 2024 | $16.01 |

Year-to-date totals do not reflect any fee or interest refunds you may have received.

# INTEREST CHARGES

Your **Annual Percentage Rate (APR)** is the annual interest rate on your account.

| Balance Type | Annual Percentage Rate (APR) | Expiration Date | Balance Subject to Interest Rate | Interest Charges |
|---|---|---|---|---|
| **PURCHASES** | | | | |
| Purchases | 0.00%   (d) | 12/01/25 | - 0 - | - 0 - |
| Purchases | ████   (d) | - | - 0 - | - 0 - |
| **CASH ADVANCES** | | | | |
| Cash Advances | ████(v)(d) | 12/01/25 | ██████ | ██████ |
| Cash Advances | 2████(d) | - | - 0 - | - 0 - |
| **BALANCE TRANSFERS** | | | | |
| Balance Transfers | ████(v)(d) | 12/01/25 | - 0 - | - 0 - |
| Balance Transfers | ████%(v)(d) | - | - 0 - | - 0 - |

**29 Days in Billing Period**

(v) = Variable Rate
(d) = Daily Balance Method (including new transactions)
(a) = Average Daily Balance Method (including new transactions)
Please see Information About Your Account section for the Calculation of Balance Subject to Interest Rate, Annual Renewal Notice, How to Avoid Interest on Purchases, and other important information, as applicable.

*If you change your payment due date, the date your promotional rate(s) ends also changes.  Please be assured, the promotional rate will last for the time period promised in your offer.



Manage your account online at:
www.chase.com/cardhelp

Customer Service:
1-800-945-2028

Mobile: Download the
Chase Mobile® app today

|  January  2025 |||||||
|---|---|---|---|---|---|---|
| S | M | T | W | T | F | S |
| 29 | 30 | 31 | 1 | 2 | 3 | 4 |
| 5 | 6 | 7 | 8 | 9 | 10 | 11 |
| 12 | 13 | 14 | 15 | 16 | 17 | 18 |
| 19 | 20 | 21 | 22 | 23 | 24 | 25 |
| 26 | 27 | 28 | 29 | 30 | 31 | 1 |
| 2 | 3 | 4 | 5 | 6 | 7 | 8 |

New Balance
**$10,963.22**

Minimum Payment Due
**$137.00**

Payment Due Date
**01/23/25**

**Late Payment Warning:** If we do not receive your minimum payment by the due date, you may have to pay a late fee, and existing and new balances may become subject to the Default APR.

**Minimum Payment Warning:** Enroll in Auto-Pay and avoid missing a payment.  To enroll, go to www.chase.com

## CHASE ULTIMATE REWARDS® SUMMARY

| Previous points balance | 99,958 |
|---|---|
| + 1.5% (1.5 Pts)/$1 earned on all purchases | 4,907 |
| **Total points available for redemption** | **104,865** |

Redeem for cash back- any amount, anytime. Log on to chase.com/ultimaterewards to explore all your reward options.

You earn unlimited 1.5% cash back on all purchases- it's automatic! Redeem for cash with no minimum, and your Cash Back rewards do not expire as long as your account is open.

## ACCOUNT SUMMARY

**Account Number:  XXXX XXXX XXXX 5503**

| Previous Balance | $7,756.84 |
|---|---|
| Payment, Credits | -$93.00 |
| Purchases | +$3,271.27 |
| Cash Advances | $0.00 |
| Balance Transfers | $0.00 |
| Fees Charged | $0.00 |
| Interest Charged | +$28.11 |
| **New Balance** | **$10,963.22** |
| Opening/Closing Date | 12/02/24 - 01/01/25 |
| Revolving Credit Amount | $21,000 |
| Available Credit | $10,036 |
| Cash Access Line | $1,050 |
| Available for Cash | $0 |
| Past Due Amount | $0.00 |
| Balance over the Credit Access Line | $0.00 |

## YOUR ACCOUNT MESSAGES

Your next AutoPay payment for $137.00 will be deducted from your Pay From account and credited on your due date. If your due date falls on a Saturday, we'll credit your payment the Friday before.

0000001   FIS33339 C 1
0516             Y    9    01    25/01/01        Page 1 of 2              00225      MA DA  48600        00110000010004860001



42463154262155030001370000003

P.O. BOX 15123
WILMINGTON, DE 19850-5123
For Undeliverable Mail Only

**AUTOPAY IS ON**
See Your Account
Messages for details.

| Payment Due Date: | 01/23/25 |
|---|---|
| New Balance: | $10,963.22 |
| Minimum Payment Due: | $137.00 |

Account number: XXXX XXXX XXXX 5503

$_____._____  Amount Enclosed
Make/Mail to Chase Card Services at the address below:

48600 BEX 9 125 C

OLUSEYI J OLALEYE
AUDIO ICON, INC.
BALDWIN PARK CA 91706-6600

CARDMEMBER SERVICE
PO BOX 6294
CAROL STREAM IL 60197-6294

5000 160 28 15954 26

SAppx.159

Manage your account online at:
www.chase.com/cardhelp

Customer Service
1-800-945-2028

Mobile: Download the
Chase Mobile® app today



## YOUR ACCOUNT MESSAGES  (CONTINUED)

Your AutoPay amount will be reduced by any payments that post to your account before we process your AutoPay payment.  If the total of these payments and merchant credits is more than your statement balance, your AutoPay payment for that month will be zero.

You have one or more balance(s) with APR expiration dates, as shown in the Interest Charge section.  These APRs will continue through the expiration dates shown in the Interest Charges section.

## ACCOUNT ACTIVITY

| Date of Transaction | Merchant  Name or Transaction Description | $ Amount |
|---|---|---|
| 12/23 | AUTOMATIC PAYMENT - THANK YOU | -93.00 |
| 12/12 | Alibaba.com 408-7855580 CA | 2,971.27 |
| 12/26 | ██████ 760-438-8001 CA | 300.00 |
| 01/01 | CASH ADVANCE INTEREST CHARGE | 28.11 |

████████████████ TRANSACTIONS THIS CYCLE (CARD  5503) $3206.38 INCLUDING PAYMENTS RECEIVED

| 2025  Totals Year-to-Date | |
|---|---|
| Total fees charged in 2025 | $0.00 |
| Total interest charged in 2025 | $28.11 |

Year-to-date totals do not reflect any fee or interest refunds you may have received.

## INTEREST CHARGES

Your **Annual Percentage Rate (APR)** is the annual interest rate on your account.

| Balance Type | Annual Percentage Rate (APR) | Expiration Date | Balance Subject to Interest Rate | Interest Charges |
|---|---|---|---|---|
| **PURCHASES** | | | | |
| Purchases | 0.00%   (d) | 12/01/25 | $8,688.86 | - 0 - |
| Purchases | 21.49%   (d) | - | - 0 - | - 0 - |
| **CASH ADVANCES** | | | | |
| Cash Advances | 29.24%(v)(d) | 12/01/25 | $1,132.05 | $28.11 |
| Cash Advances | 29.24%(v)(d) | - | - 0 - | - 0 - |
| **BALANCE TRANSFERS** | | | | |
| Balance Transfers | 21.49%(v)(d) | 12/01/25 | - 0 - | - 0 - |
| Balance Transfers | 21.49%(v)(d) | - | - 0 - | - 0 - |

**31 Days in Billing Period**

(v) = Variable Rate
(d) = Daily Balance Method (including new transactions)
(a) = Average Daily Balance Method (including new transactions)
Please see Information About Your Account section for the Calculation of Balance Subject to Interest Rate, Annual Renewal Notice, How to Avoid Interest on Purchases, and other important information, as applicable.

*If you change your payment due date, the date your promotional rate(s) ends also changes.  Please be assured, the promotional rate will last for the time period promised in your offer.

## IMPORTANT NEWS

Your account is a business account,
to be used only for business transactions.
It is not intended for personal, family
or household purposes.

SAppx160



Manage your account online at:
www.chase.com/cardhelp

Customer Service:
1-800-945-2028

Mobile: Download the
Chase Mobile® app today

| February 2025 | | | | | | |
|---|---|---|---|---|---|---|
| S | M | T | W | T | F | S |
| 26 | 27 | 28 | 29 | 30 | 31 | 1 |
| 2 | 3 | 4 | 5 | 6 | 7 | 8 |
| 9 | 10 | 11 | 12 | 13 | 14 | 15 |
| 16 | 17 | 18 | 19 | 20 | 21 | 22 |
| 23 | 24 | 25 | 26 | 27 | 28 | 1 |
| 2 | 3 | 4 | 5 | 6 | 7 | 8 |

**New Balance**
## $11,870.85
**Minimum Payment Due**
## $148.00
**Payment Due Date**
## 02/23/25

## CHASE ULTIMATE REWARDS® SUMMARY

| Previous points balance | 104,865 |
|---|---|
| + 1.5% (1.5 Pts)/$1 earned on all purchases | 1,523 |
| **Total points available for redemption** | **106,388** |

Redeem for cash back- any amount, anytime. Log on to chase.com/ultimaterewards to explore all your reward options.

You earn unlimited 1.5% cash back on all purchases- it's automatic! Redeem for cash with no minimum, and your Cash Back rewards do not expire as long as your account is open.

**Late Payment Warning:** If we do not receive your minimum payment by the due date, you may have to pay a late fee, and existing and new balances may become subject to the Default APR.

**Minimum Payment Warning:** Enroll in Auto-Pay and avoid missing a payment.  To enroll, go to www.chase.com

## ACCOUNT SUMMARY

**Account Number:  XXXX XXXX XXXX 5503**

| | |
|---|---|
| Previous Balance | $10,963.22 |
| Payment, Credits | -$137.00 |
| Purchases | +$1,014.87 |
| Cash Advances | $0.00 |
| Balance Transfers | $0.00 |
| Fees Charged | $0.00 |
| Interest Charged | +$29.76 |
| **New Balance** | **$11,870.85** |
| Opening/Closing Date | 01/02/25 - 02/02/25 |
| Revolving Credit Amount | $21,000 |
| Available Credit | $9,129 |
| Cash Access Line | $1,050 |
| Available for Cash | $0 |
| Past Due Amount | $0.00 |
| Balance over the Credit Access Line | $0.00 |

## YOUR ACCOUNT MESSAGES

Your next AutoPay payment for $148.00 will be deducted from your Pay From account and credited on your due date. If your due date falls on a Saturday, we'll credit your payment the Friday before.

0000001   FIS33339 C 1 0516          Y   9   01   25/02/02       Page 1 of 2          00225   MA DA  93454       03310000010009345401



4246315426215503 00          7085000000004

P.O. BOX 15123
WILMINGTON, DE 19850-5123
For Undeliverable Mail Only

**AUTOPAY IS ON**
See Your Account
Messages for details.

| **Payment Due Date:** | **02/23/25** |
|---|---|
| **New Balance:** | **$11,870.85** |
| **Minimum Payment Due:** | **$148.00** |

**Account number: XXXX XXXX XXXX 5503**

$_____._____  Amount Enclosed
Make/Mail to Chase Card Services at the address below:

93454 BEX 9 03325 C
OLUSEYI J OLALEYE
AUDIO ICON, INC.
BALDWIN PARK CA  91706-6600

CARDMEMBER SERVICE
PO BOX 6294
CAROL STREAM IL 60197-6294

5000 160 28 155          50 30

SAppx.161



Manage your account online at:
www.chase.com/cardhelp

Customer Service
1-800-945-2028

Mobile: Download the
Chase Mobile® app today

## YOUR ACCOUNT MESSAGES  (CONTINUED)

Your AutoPay amount will be reduced by any payments that post to your account before we process your AutoPay payment.  If the total of these payments and merchant credits is more than your statement balance, your AutoPay payment for that month will be zero.

You have one or more balance(s) with APR expiration dates, as shown in the Interest Charge section.  These APRs will continue through the expiration dates shown in the Interest Charges section.

## ACCOUNT ACTIVITY

| Date of Transaction | Merchant  Name or Transaction Description | $ Amount |
|---|---|---|
| 01/23 | AUTOMATIC PAYMENT - THANK YOU | -137.00 |
| 01/05 | PEERSPACE, INC PEERSPACE.COM CA | 299.45 |
| 01/08 | CA SECRETARY OF STATE WEB 916-6951338 CA | 25.00 |
| 01/11 | 99 RANCH #1012 MONTEREY PARK CA | 86.29 |
| 01/11 | WAL-MART #5154 ROSEMEAD CA | 21.31 |
| 01/13 | Alibaba.com 408-7855580 CA | 365.62 |
| 01/20 | PEERSPACE, INC PEERSPACE.COM CA | 41.53 |
| 01/23 | GOTPRINT.COM 818-252-3000 CA | 150.67 |
| 01/23 | CITY OF ANAHEIM CONV CTR ANAHEIM CA | 25.00 |
| 02/02 | ██████████████████████ | 29.76 |

TRANSACTIONS THIS CYCLE (CARD  5503) $907.63
INCLUDING PAYMENTS RECEIVED

| 2025  Totals Year-to-Date | |
|---|---|
| Total fees charged in 2025 | $0.00 |
| Total interest charged in 2025 | $57.87 |

Year-to-date totals do not reflect any fee or interest refunds
you may have received.

## INTEREST CHARGES

Your **Annual Percentage Rate (APR)** is the annual interest rate on your account.

| Balance Type | Annual Percentage Rate (APR) | Expiration Date | Balance Subject to Interest Rate | Interest Charges |
|---|---|---|---|---|
| **PURCHASES** | | | | |
| Purchases | 0.00%    (d) | 12/01/25 | $10,457.02 | - 0 - |
| Purchases | 21.49%    (d) | - | - 0 - | - 0 - |
| **CASH ADVANCES** | | | | |
| Cash Advances | 29.24%(v)(d) | 12/01/25 | $1,160.97 | $29.76 |
| Cash Advances | 29.24%(v)(d) | - | - 0 - | - 0 - |
| **BALANCE TRANSFERS** | | | | |
| Balance Transfers | 21.49%(v)(d) | 12/01/25 | - 0 - | - 0 - |
| Balance Transfers | 21.49%(v)(d) | - | - 0 - | - 0 - |

**32 Days in Billing Period**

(v) = Variable Rate
(d) = Daily Balance Method (including new transactions)
(a) = Average Daily Balance Method (including new transactions)
Please see Information About Your Account section for the Calculation of Balance Subject to Interest Rate, Annual Renewal Notice, How to Avoid Interest on Purchases, and other important information, as applicable.

*If you change your payment due date, the date your promotional rate(s) ends also changes.  Please be assured, the promotional rate will last for the time period promised in your offer.

SAppx.162

0000001    FIS33339 C 1                                   Y    9    01    25/02/02                                 00225      MA DA  93454        03310000010009345402

# ICONIC MARS BANK STATEMENT

# us bank.

P.O. Box 1800
Saint Paul, Minnesota 55101-0800

3573    IMG    S    Y    ST01

000638767566113 P

ICONIC MARS CORPORATION

NATIONAL CITY CA  91950-5753

## Business Statement

**Account Number:**
█████4340

Statement Period:
Jul 1, 2024
through
Jul 31, 2024

Page 1 of 5

☎    ***To Contact U.S. Bank***

***24-Hour Business
Solutions:***    *800-673-3555*

***U.S. Bank accepts Relay Calls***

*Internet:*    *usbank.com*

## NEWS FOR YOU



Scan here with your phone's camera to download the U.S. Bank Mobile App.

## INFORMATION YOU SHOULD KNOW

Effective August 12, 2024, please review updates made to the *Your Deposit Account Agreement* document which may affect your rights.

Beginning July 8, 2024, you can review the full revised document at **usbank.com/YDAA-upcoming-version**, by calling 24-Hour Banking at 800-USBANKS (872-2657) or by visiting your local U.S. Bank branch. We accept relay calls.

**Here's what you should know:**

- Under the **Time Deposits** section, the early withdrawal fee will be removed.

If you have questions, please call us at 800-673-3555. Our business bankers are here to help 8 a.m. to 8 p.m. CT Monday through Friday and 8 a.m. to 6:30 p.m. CT on Saturday. You can also schedule an appointment at **usbank.com/book** to speak with a banker in person, by phone or virtually.

Effective August 12, 2024, we would like to inform you of the upcoming changes to the *Business Pricing Information* document that may impact your account. A current copy of the *Business Pricing Information* disclosure can be obtained by calling 800-673-3555 or by visiting your local branch.

**Primary updates in your revised *Business Pricing Information* disclosure**

- Platinum checking updates include the following:
  - U.S. Bank Payment Solutions Merchant Banking is being added as an option for the Monthly Maintenance Fee waiver
  - Transactions - 550 free per statement cycle, then $0.40 each (previously 500 free transactions)
  - Cash Deposit Fee - 250 free units per month, then $0.33 per $100 (previously 200 free units)
- Gold Checking updates include the following:
  - Transactions - 350 free per statement cycle, then $0.45 each (previously 300 free transactions)
  - Cash Deposit Fee - 125 free units per month, then $0.33 per $100 (previously 100 free units)
- The Non-U.S. Bank ATM transaction fee for denied transactions will be removed.
- Under the Foreign Currency section, the Foreign Exchange Fee (Admin Fee) will be charged for transactions of $300 (previously $250) U.S. Dollars or less, or for any currency purchases returned within seven days.

Beginning August 12, 2024, a copy of the *Business Pricing Information* document will be available by calling 800-673-3555 or by visiting your local branch.

Products and services available in U.S. only. Eligibility requirements and restrictions apply. For additional information, contact a U.S. Bank branch or call 800-872-2657.

**us bank**

ICONIC MARS CORPORATION
1941 F AVE APT 3
NATIONAL CITY CA  91950-5753

**Business Statement**

Account Number:
████4340

Statement Period:
Jul 1, 2024
through
Jul 31, 2024

Page 2 of 5

## INFORMATION YOU SHOULD KNOW                                          (CONTINUED)

If you have any questions, you can call us at 800-673-3555. Our business bankers are here to help 8 a.m. to 8 p.m. CT Monday through Friday and 8 a.m. to 6:30 p.m. CT on Saturday. We accept relay calls. Our bankers are also available to help at your local branch via appointment.

## U.S. BANK SILVER - BUSINESS CHECKING                                  *Member FDIC*

### ACCOUNT CLOSED

U.S. Bank National Association                                    **Account Number** ████4340

### Account Summary

|  | # Items |  |  |  |  |
|---|---|---|---|---|---|
| Beginning Balance on Jul 1 |  | $ | 1,087.31 | Number of Days in Statement Period | 18 |
| Other Deposits | 14 |  | 8,746.52 |  |  |
| Card Withdrawals | 21 |  | 3,433.70- |  |  |
| Other Withdrawals | 12 |  | 6,400.13- |  |  |
| **Ending Balance on  Jul 31, 2024** |  | **$** | **0.00** |  |  |

### Other Deposits

| Date | | Description of Transaction | | Ref Number | | Amount |
|---|---|---|---|---|---|---|
| Jul | 1 | Debit Purchase Ret - VISA<br>AMAZON MKTPLACE<br>************4896 | On 062924 Amzn.com/bil WA<br>REF # 746████4182102131243 US1 | 2102131243 | $ | 15.33 |
| Jul | 1 | Debit Purchase Ret - VISA<br>AMAZON MKTPLACE<br>************4896 | On 062924 Amzn.com/bil WA<br>REF # 74████4182102169461 US1 | 2102169461 |  | 19.18 |
| Jul | 1 | Mobile Banking Transfer | From Account ████3057 |  |  | 400.00 |
| Jul | 3 | Electronic Deposit<br>REF=241840056726070N00 | From eBay ComRWY7FGLC<br>1618206000PAYMENTS<br>KMYWJJSRTICXL6L |  |  | 133.43 |
| Jul | 8 | Mobile Banking Transfer | From Account 2████2660 |  |  | 150.00 |
| Jul | 8 | Mobile Banking Transfer | From Account 2████660 |  |  | 200.00 |
| Jul | 8 | Zelle Instant<br>On 07/06/24 | PMT From OLUSEYI J OLALEYE<br>PMT ID=JPM99ajx13wm |  |  | 800.00 |
| Jul | 8 | Mobile Banking Transfer | From Account 2████2660 |  |  | 2,500.00 |
| Jul | 9 | Mobile Banking Transfer | From Account 2████2660 |  |  | 1,500.00 |
| Jul | 10 | Electronic Deposit<br>REF=241910077663070N00 | From eBay ComIVRTIW0F<br>1618206000PAYMENTS<br>VXKLKWDRPSWJY6F |  |  | 82.79 |
| Jul | 10 | Zelle Instant<br>On 07/10/24 | PMT From OLUSEYI J OLALEYE<br>PMT ID=JPM99ak2l0sy |  |  | 2,000.00 |
| Jul | 12 | Debit Purchase Ret - VISA<br>AMZN Mktp US<br>************4896 | On 071124 Amzn.com/bil WA<br>REF # 74692164193101917398 US1 | 3101917398 |  | 418.94 |
| Jul | 15 | Debit Purchase Ret - VISA<br>AMAZON MKTPLACE<br>************4896 | On 071224 Amzn.com/bil WA<br>REF # 74692164194102835725 US1 | 4102835725 |  | 26.85 |
| Jul | 17 | Mobile Banking Transfer | From Account ████3057 |  |  | 500.00 |
|  |  |  | **Total Other Deposits** |  | **$** | **8,746.52** |

### Card Withdrawals

Card Number: xxxx-xxxx-xxxx-4896

| Date | | Description of Transaction | | Ref Number | | Amount |
|---|---|---|---|---|---|---|
| Jul | 1 | Recurring Debit Purchase<br>THE TOLL ROADS O<br>************4896 | On 062924 949-727-4800 CA<br>REF # 24692164181101917979 US1 | 1101917979 | $ | 0.30- |
| Jul | 1 | Debit Purchase - VISA<br>Amazon.com*RC6YJ<br>************4896 | On 062924 Amzn.com/bil WA<br>REF # 24692164183102958196388 | 3102958196 |  | 132.29- |

# us bank.

ICONIC MARS CORPORATION

[REDACTED]     91950-5753

**Business Statement**
Account Number:
[REDACTED] 4340
Statement Period:
Jul 1, 2024
through
Jul 31, 2024

Page 4 of 5

## U.S. BANK SILVER - BUSINESS CHECKING                                (CONTINUED)
### ACCOUNT CLOSED

U.S. Bank National Association                                **Account Number 1-575-2554-4340**

### Card Withdrawals (continued)
Card Number: xxxx-xxxx-xxxx-4896

| Date | Description of Transaction | | Ref Number | Amount |
|---|---|---|---|---|
| Jul 16 | Debit Purchase - VISA SIAM CASA THAI C ************4896 | On 071524 BALDWIN PARK CA REF # 24055234198030221364589 | 8030221364 | 55.49- |
| Jul 17 | Recurring Debit Purchase TMOBILE*AUTO PAY ************4896 | On 071624 800-937-8997 WA REF # 24692164198102889633 US1 | 8102889633 | 127.09- |

|  |  |  |
|---|---|---|
| Card 4896  Withdrawals Subtotal | $ | 3,433.70- |
| Total Card Withdrawals | $ | 3,433.70- |

### Other Withdrawals

| Date | Description of Transaction | | Ref Number | Amount |
|---|---|---|---|---|
| Jul 8 | Electronic Withdrawal REF=241900099283950N00 | To Yardi Service Ch 9000278329SIGONFILE 4NX4PG | | $ 0.95- |
| Jul 8 | Electronic Withdrawal REF=241870098056200N00 | To ADP PAYROLL FEES 9659605001ADP FEES  926233676022 | | 95.08- |
| Jul 8 | Electronic Withdrawal REF=241900099408720N00 | To Rexford Industri 9000298053SIGONFILE DLZ4PG | | 2,206.54- |
| Jul 9 | Electronic Withdrawal REF=241900142336910N00 | To SO CAL EDISON CO 0088778600DIRECTPAY 700855585918 | | 70.54- |
| Jul 11 | Electronic Withdrawal REF=241920109680900N00 | To ADP PAY-BY-PAY 9555555505PAY-BY-PAY944931441366AGG | | 18.95- |
| Jul 11 | Electronic Withdrawal REF=241920108568130N00 | To ADP - TAX 9333006057ADP - TAX 564068116132A03 | | 151.12- |
| Jul 11 | Electronic Withdrawal REF=241920108565520N00 | To ADP WAGE PAY 9333006057WAGE PAY  944931441365AGG | | 1,802.71- |
| Jul 15 | Analysis Service Charge | | 1500000000 | 89.00- |
| Jul 17 | Mobile Banking Transfer | To [REDACTED]3057 | | 1,465.24- |
| Jul 18 | Electronic Withdrawal REF=241990093558450N00 | To VENMO 3264681992PAYMENT  1035718082000 | | 355.00- |
| Jul 19 | Account Closed | | | 0.00- |
| Jul 19 | Mobile Banking Transfer | To Account [REDACTED]783057 | | 145.00- |

|  |  |  |
|---|---|---|
| Total Other Withdrawals | $ | 6,400.13- |

### Balance Summary

| Date | Ending Balance | Date | Ending Balance | Date | Ending Balance |
|---|---|---|---|---|---|
| Jul 1 | 98.16 | Jul 10 | 3,413.42 | Jul 16 | 1,592.33 |
| Jul 2 | 41.28 | Jul 11 | 1,434.65 | Jul 17 | 500.00 |
| Jul 3 | 172.11 | Jul 12 | 1,719.82 | Jul 18 | 145.00 |
| Jul 8 | 625.99 | Jul 15 | 1,647.82 | Jul 19 | 0.00 |
| Jul 9 | 1,609.52 | | | | |

Balances only appear for days reflecting change.

## ANALYSIS SERVICE CHARGE DETAIL
Account Analysis Activity for: June 2024

| | | | |
|---|---|---|---|
| Account Number: | 1-575-2554-4340 | $ | 89.00 |
| Analysis Service Charge assessed to | 1-575-2554-4340 | $ | 89.00 |

¹ Financial institutions are required by the State of Iowa to charge sales taxes on certain service charges related to checking accounts. Any assessed tax has been itemized on your statement.

# EXHIBIT G

# AUDIO ICON
# MANUFACTURER DISTINCTION
# AND INVOICE

# Proforma Invoice

| Vendee: | AUDIO ICON INC | | Vender: | Shenzhen Maono Technology Co., Ltd. |
|---|---|---|---|---|
| Contact: | James Olaleye | | Contact: | Damian Yang |
| Telephone: | | | Telephone: | +86 15323463945 |
| Address: | 15709 Arrow Hwy., Suit 5 Irwindale, CA 91706, USA+1(619) 519-3670 | | Address: | 13th Floor, Building 4, Phase II of Tianan Yungu Industrial Park, Bantian Street, Longgang District, Shenzhen, China |

P/N: MTPI-20241127E06                                                  Date:    27/Nov/24

| Products No. | Picture | Description | Quantity (Unit) | Unit price (USD) | | Total (USD) |
|---|---|---|---|---|---|---|
| PF131M | | Mode Cost for Metal & Plastic Pop Filter | 2 | US$ | 1,000.00 | $ 1,000.00 |
| PF141D | | Mode Cost for Pop Filter Frame(square mode) | 1 | US$ | 4,500.00 | $ 2,200.00 |
| | | | | | AMOUNT: | $ 3,200.00 |

## Terms of trade

1 Country of origin:    China
2 Packaging:    Gift box
3 Trade term:    FCA SHENZHEN

**BENEFICIARY INFORMATION**
Payment currency: USD only
Beneficiary account number: 7051 0000 0816 2885 7
Swift code: CITIUS33 or CITIUS33XXX
Beneficiary country/region: United States
Beneficiary name: Shenzhen Maono Technology Co., Ltd.
Beneficiary bank: CITIBANK N.A. New York Branch
Beneficiary bank address: 111 Wall Street New York, New York 10043, United States
ABA number/Routing number: 031100209

Kind Attention: For this order, please pay to the account which listed in this proforma invoice.

**SAppx.169**

**AUDIO ICON PRODUCT**

**THE FLEX PRO GOOSENECK ENCLUSRE WITH METALIC BLACK SPOT**
**UV PRINTING ON POP FILTER.**

**AUDIO ICON POP FILTER IS CALLED**
**POP SHIELD**







SAppx.173





# ICONIC MARS
# MANUFACTURER DISTINCTION

# Proforma Invoice

| | | | |
|---|---|---|---|
| **Vendee:** | ICONIC MARS | **Vender:** | Shenzhen Dingchuang Smart Manufacturing Company Limit |
| **Contact:** | James Olaleye | **Contact:** | Jasmine Wang    sales08@dcmanufacture.com |
| **Telphone:** | | **Telphone:** | +86 18194050470 |
| **Address:** | 435 W. Los Feliz Road unit 338. Glendale, CA 91204，USA +1(619) 519-3670 | **Address:** | Factory Building 1, Aoxiang Road, Ailian Community, Longcheng Street, Longgang District, Shenzhen, PRC |

P/N: DCMTPI-20210929A03                                                          Date:    29/Sep/21

| Products No. | Description | Quantity (Unit) | Unit price (USD) | Total (USD) |
|---|---|---|---|---|
| Mould fee | Foam mould fee and plastical mould | 1 | US$ 2,500.00 | $ 2,500.00 |
| Wave pattern fee | Wave pattern fee | 3,000 | US$ 2.00 | $ 6,000.00 |
| | 2 times DHL fee | 2 | US$ 38.00 | $ 76.00 |
| | | | AMOUNT: | $ 11,576.00 |

**Terms of trade**

1 Country of origin:        China
2 Packaging：              netural package
3 Trade term：             FCA SHENZHEN

**Bank Information**

1 BENEFICIARY'S NAME:    Shenzhen Dingchuang Smart Manufacturing Company Limited
2 A/C NO.                :100001 24491489
3 BENEFICIARY BANK:      JPMorgan Chase Bank N.A., Singapore Branch
4 SWIFT CODE:            CHASSGSGXXX or CHASSGSG
5 Beneficiary region:     Singapore
6 Beneficiary bank address:  168 Robinson Road, Capital Tower 17-00, Singapore 068912
7 Bank code:             7153
8 Branch code:           001

**SAppx.177**

# ICONIC MARS PRODUCT

# FOAM ISOLATION BOOTH
# WITH ISOLATION BOOTH POP FILTER (MATT WHITE UV PRINTING ON POP FILTER)

# THE POP FILTER IS CALLED COMET









# PRODUCT COMPARISION

| FEATURE | ICONIC MARS | AUDIO ICON |
|---|---|---|
| Product Type | Foam Isolation Booth, Custom Paining Isolation Booth and Apparel | Modular Interchangeable Gooseneck Enclosure |
| Material | Acoustic Foam | Aluminum |
| Purpose | Blocks external noise and room reflections for cleaner recordings. | Reduces plosive sounds like P" and B" by controlling air bursts |
| Pop Filter Type | Mesh | Aluminum, Hydrophobic, Mesh |
| Pop Filter Printing | UV Matt White | Spot UV Glossy Metallic Black |
| Placement | Encases the microphone fully to isolate sound | Mounted on a mic stand using a flexible gooseneck arm |
| Product Name | Comet & Comet Pop Filter | Flex Pro & Pop Shield |
| Manufacturer | DCMT (Dingchuang Smart Manufacturing Company) | Maono Technology |

# EXHIBIT H

# SIDE-BY-SIDE BRANDING SHEET

| ASPECT | ICONIC MARS | AUDIO ICON |
|---|---|---|
| Legal Entity | Iconic Mars Corp<br>EIN – ███ 2329<br>(Dissolved) | Audio Icon Inc.<br>EIN – ███ 4714<br>(Active) |
| Business Start Date | 01/07/2021 - 01/17/25 | A soft launch for limited audience 01/23/25<br><br>Officially announced to the public 03/28/25 till present. |
| Warehouse/ Office Address | 5220 4th street Ste. 10<br>Irwindale Ca 91706 | 15709 Arrow Hwy, #5<br>Irwindale, CA 91706 |
| LOGO/ Words | | |
| Brand Mission | Stylish, artistic paintings and customization isolation booth for recording. | Professional, modular solution for audio clarity |
| Tagline/Slogan | Record Anywhere, Anytime | Where Sound becomes Legendary |

| Visual Identity | Space Theme, Bright colors, comic-style art, and youth-focused marketing. | Clean, minimal design with emphasis on precision and modularity. |
|---|---|---|
| Manufacturer | DCMT | Maono Technology |
| Primary Product Line | Foam-based portable microphone isolation booths (e.g., Comet), and Apparel. | Metal-based modular gooseneck pop filter system (e.g., Flex Pro) |
| Target Customer | Independent musicians, Gen Z creators, fans of colorful and custom studio gear | Engineers, producers, podcasters, Audio Accessories, Software and professional audio setup in any settings not just music production. |
| Manufacturing | Bright color apparel with Space Theme, foam molds, and hand painted isolation booth. | CNC-machine aluminum components and universal mounting hardware. |
| Social Media | 1st IG – @iconicmars 17,200 followers ; <br><br> 2nd IG – @iconicmarsinc 7,294 followers | @audio_Icon With 407 followers |
| Shopify Customer Subscribers | 8,282 | 29 |
| Lifetime Sales | $532,654.01 | $0 – till date. |
| Lifetime Orders | 5,068 | 0 sales – till July 20th 2025 |

| Trademark Status | Iconic Mars US # 90087809 | Audio Icon US # 98868890 |
|---|---|---|
| Domain & Website | www.iconicmars.com (no longer active) | www.audioicon.com |

# Audio Icon
# Social Media Instagram



# AUDIO ICON FACEBOOK



**AUDIO ICON LIFETIME GROSS SALES - $0**
**AND**
**LIFETIME ORDERS - 0 (zero)**

## Analytics

Nov 1, 2024–Jul 1, 2025 | No comparison

| Gross sales | Returning customer rate | Orders fulfilled | Orders |
|---|---|---|---|
| $109.90 | 0% | 0 | 1 |

### Total sales over time

**$0**

$10

$5

$0

Nov 2024 · Dec 2024 · Jan 2025 · Feb 2025 · Mar 2025 · Apr 2025 · May 2025 · Jun 2025

— Nov 1, 2024–Jul 1, 2025

### Total sales breakdown

Gross sales

Discounts

Returns

Net sales

Shipping charges

Return fees

Taxes

Total sales

### Total sales by sales channel

**$0**
—

● Online Store

### Average order value over time

**$109.90**

$200

$0

Nov 2024 · Feb 2025 · May 2025

— Nov 1, 2024–Jul 1, 2025

### Total sales by product

Flex Pro Replaceable Pop Shie

$0.00

### Sessions over time

**1,675**

400

300

200

100

0

Nov 2024 · Feb 2025 · May 2025

### Conversion rate over time

**0%**

100%

50%

0%

Nov 2024 · Feb 2025 · May 2025

### Conversion rate breakdo

**0%**

| Sessions | Added to... |
|---|---|
| 100% | 1.19% |
| 1,675 | 20 |

# ⊕ Marketing

Nov 1, 2024–Jul 1, 2025     No comparison     ۔۔ۖ۟ Last non-direct click ⌄

## Online store sessions

**1,675**

↗ **152%**

## Online store conversion rate

—

## Average order value

**$109.90**

## Total sales

—

## Sales attributed to marketing

—

## Orders attributed to marketing

—

**Top marketing channels**                    View report

ⓘ Cost, click, and impression metrics are now available for supported marketing apps. Learn more                    ✕

**SAppx.192**



## Orders

| | | Orders | | Items ordered | | Returns | |
|---|---|---|---|---|---|---|---|
| 📅 30 days | | 0 | | 0 | | $0 — | |

| | All | Unfulfilled | Unpaid | Open | Archived | + | | Q ≡ | ⫴ | ↕ |
|---|---|---|---|---|---|---|---|---|---|---|

| ☐ | Order | | Date ↓ | Customer | Channel | Total | Payment status | Fulfillment st |
|---|---|---|---|---|---|---|---|---|
| ☐ | ~~#1002~~ | ⚠ | ~~May 13 at 10:16 am~~ | ~~James Olaleye~~ | ~~Online Store~~ | ~~$0.00~~ | ● Refunded | ○ Unfulfille |
| ☐ | ~~#1001~~ | | ~~Aug 13 at 2:22 pm~~ | ~~R C~~ | ~~Online Store~~ | ~~$0.00~~ | ● Refunded | ○ Unfulfille |

Learn more about orders

# Audio Icon Customers/Website Subscribers/Warehouse Address





**SAppx.194**

# AUDIO ICON TRADEMARK

**For assistance with TSDR**, email **teas@uspto.gov** and include your serial number, the document you are looking for, and a screenshot of any error messages you have received.

STATUS          DOCUMENTS                                                  Back to Search          Print

**Generated on:** This page was generated by TSDR on 2025-07-07 01:34:37 EDT

**Mark:** AUDIO ICON

| | | | |
|---|---|---|---|
| **US Serial Number:** | 98868890 | **Application Filing Date:** | Nov. 22, 2024 |
| **Filed as TEAS Plus:** | Yes | **Currently TEAS Plus:** | Yes |
| **Register:** | Principal | | |
| **Mark Type:** | Trademark | | |

**TM5 Common Status Descriptor:**

LIVE/APPLICATION/Under Examination

The trademark application has been accepted by the Office (has met the minimum filing requirements) and that this application has been assigned to an examiner.

**Status:** A non-final Office action has been sent (issued) to the applicant. This is a letter from the examining attorney requiring additional information and/or making an initial refusal. The applicant must respond to this Office action. To view all documents in this file, click on the Trademark Document Retrieval link at the top of this page.

**Status Date:** Jun. 11, 2025

## Mark Information

## Goods and Services

## Basis Information (Case Level)

## Current Owner(s) Information

## Attorney/Correspondence Information

## Prosecution History

## TM Staff and Location Information

## Assignment Abstract Of Title Information - Click to Load

## Proceedings - Click to Load

**SAppx.195**

# AUDIO ICON DOMAIN REGISTRATION.



# AUDIO ICON WEBSITE

# WWW.AUDIOICON.COM



Free shipping for all U.S. orders! →





# AUDIO ICON



Flex Pro
Interchangeable Pop Filter

Shop Now

# Pop Shield Pro



| Platinum Silver Pop Filter | Acoustic Foam Pop Filter | Classic Black Pop Filter | Olive Green Pop Filter |
|---|---|---|---|
| $24.95 USD | $24.95 USD | $19.95 USD | $19.95 USD |

View all





## Studio Grade Flex

The Flex Pro Aluminum Enclosure
supports 4.75" x 4.75" Pop Shield Filters.
Trusted by creators for clean, consistent sound.



# AUDIO ICON

Instagram · TikTok · X

## Support

Search

Terms of Service

Refund Policy

Privacy Policy

Contact Us

Your privacy choices

Shipping Policy

## Quick Links

Flex Pro

Pop Filters

Designed and Assembled
in the USA 🇺🇸

**SAppx.200**

Case 3:22-cv-00092-CAB-DEB    Document 239    Filed 08/21/25    PageID.6298    Page 91 of 136

Accessories

Blog

Country/region

United States | USD $    ⌄

© 2025, AUDIO ICON    ·    Privacy policy    ·    Terms of service    ·    Shipping policy    ·    Refund policy

·    Contact information

# INDEPENDENT BRAND REFERENCES

(Similarity Between Products)

# www.popaudio.co.uk

(Similarity Between Brand Name)

# www.iconaudio.com

# www.iconproaudio.com

www.popaudio.co.uk/



HOME
**PRODUCTS**
SHOP
REVIEWS
ABOUT
BLOG
CART



THE POP FILTER.
REIMAGINED.

Strong, flexible, adaptable
and uncompromising.









INTER-
CHANGEABLE
FILTERS

HIGHLY FLEXIBLE
ARM

ROCK SOLID
ALUMINIUM
CLAMP

ACOUSTICALLY
TRANSPARENT

## THREE INTERCHANGEABLE FILTERS

Three filters for three different environments. All achieving great acoustic transparency.



FABRIC

The classic dual layer fabric filter. Constructed
from two layers of acoustically transparent
fabric, this filter is perfect for any situation.

METAL

Robust and easy to clean, this filter is perfect for
recording both on the road and in the studio.
Built from two metal disks, each punched with
hundreds of 0.8mm diameter holes, this filter
offers great acoustic transparency whilst being
strong and ready for life on the road.

FOAM

The ultimate solution for the most critical
recording situations. For the purest, most
uncompromised sound, our hydrophobic 20ppi
foam filter provides extreme levels of
transparency whilst preventing air blasts and
moisture from damaging your microphone and
ruining your recordings.

 

### Award Winning Valve Amplifiers

🏠 | Products | Product Reviews | Brands | About | Brochure | Price List | Dealers | Offers | Downloads

## Loudspeakers



### Brand —
☐ Icon Audio

### Preferences —
☐ Hide Discontinued

### Rating —
○ ⭐⭐⭐⭐⭐
○ ⭐⭐⭐⭐ +
○ ⭐⭐⭐ +
○ ⭐⭐ +
○ ⭐ +
◉ All Including Unrated

### Price —
£0 - £0

Results: 1 - 13 (of 13) | Per Page: 30 ⌄   So|

♡

**Stand-mount Loudspeakers - MFV2**

☆☆☆☆☆
(From 0 Reviews)

Enquiry ✉

♡

**Bookshelf Loudspeakers ideal for small room - MFV6**

☆☆☆☆☆
(From 0 Reviews)

Enquiry ✉

♡

**Our best value floor standing Loudspeaker - MFV3 Standard MkIII**

⭐⭐⭐⭐⭐
(From 1 Reviews)

Enquiry ✉

U
MF

♡

**Our New Compact Floorstanding Loudspeaker - MFV4**

☆☆☆☆☆
(From 0 Reviews)

Enquiry ✉

♡

**LS3/5A replica - MFV LS3/5A**

☆☆☆☆☆
(From 0 Reviews)

Enquiry ✉

♡

**Magnificent 15" bass unit with horn pressure drive Loudspeaker - MFV15H**

☆☆☆☆☆
(From 0 Reviews)

Enquiry ✉

st
wit

♡

♡

♡

Cookies ⊗





CONTROL SURFACES | MICROPHONES | INTERFACES | KEYBOARDS | WIRELESS | PROCESSORS | H

### Aurora
MSRP $129.00

Learn More

Buy Now

### Space 103
MSRP $179.00

Learn More

Buy Now

### Dynamic 58
MSRP $69.00

Learn More

Buy Now





### Aurora
MSRP $129.00

Learn More

Buy Now

### DynaMic
MSRP $89.00

Learn More

Buy Now










### Space 251
MSRP $669.00

Learn More

Buy Now

### Shield
MSRP $159.00

Learn More

Buy Now

### Space 67
MSRP $699.00

Learn More

Buy Now

### Space 87
MSRP $449.00

Learn More

Buy Now

SAppx.205

# ICONIC MARS

**(www.iconicmars.com)**

# WEBSITE HOME PAGE

FREE SHIPPING ON ALL U.S. ORDERS! ✕

☐ ☐ ☐ ☐

☐ LOGIN    ☐ 0

# COMET PRO

Search…    ☐

MICROPHONE ISOLATION BOOTH, DESIGNED TO ABSORB AMBIENT NOISE AND BOOST SOUND CLARITY.

SHOP NOW

## BOOST SOUND CLARITY



**INTRODUCING**

# CLUB ICONIC

EXCLUSIVE HAND PAINTED ISOLATION BOOTH FOR YOUR CREATIVE SPACE

ENTER CLUB ICONIC

## BOOST SOUND CLARITY



## COMET PRO

Unlock professional recording quality with the Comet PRO- the ultimate microphone Isolation Vocal Booth. Made from premium high-density foam, it effectively reduces ambient noise for crystal clear recordings. The Comet Pro is the most portable option in its class, yet it features the highest density and largest cavity chamber, providing superior sound isolation. The built-in dual-layer pop filter eliminates all forms of sound reflection, while the ultra-quiet portable booth encapsulates your microphone, providing consistent studio-quality sound every time.

SHOP NOW

**SAppx.208**

## COMET X7B

Experience superior sound quality with the Comet X7B Isolation Booth. This professional audio solution is specifically designed to reduce ambient noise and enhance the quality of your recordings, making it perfect for podcasters, voice-over artists, radio hosts, live broadcasters and more. It's is compatible with most front-address microphone, making it a versatile choice for any audio setup.

SHOP NOW





## COMET

Achieve professional-grade sound with the Comet v2 Isolation Booth. Made from premium high-density foam, it effectively reduces ambient noise for optimal recording quality. The built-in dual-layer pop filter eliminates sound reflection, ensuring clarity in every recording. Upgrade your recording setup with the portable and effective Comet Isolation Booth.

SHOP NOW

## POP FILTERS

### SUBSCRIBE

Sign up to get the latest on sales, new releases and more …

**SAppx.209**

Iconic Mars Microphone Isolation Booth

ICONICMARS

Enter your email address...

SIGN UP

☐ ☐ 0

# ICONIC MARS

☐ ☐ ☐ ☐

## SUPPORT

## DESIGNED IN CALIFORNIA

ICONICMARS

At Iconic Mars, we understand that sound quality is the key to flawless performance. This is why our products are developed by audio professionals and evaluated by audio engineers with extensive real-world experience, to ensure they meet our high standards.

♡ Follow on shop

© 2025 Iconic Mars.

SAppx.210

# Iconic Mars Social Media
# Facebook & Instagram






SAppx.213

**ICONIC MARS LIFETIME GROSS SALES - $487,540
AND
LIFETIME ORDERS – 5,068**



SAppx.214

# ICON MARS TRADEMARK

**For assistance with TSDR**, email **teas@uspto.gov** and include your serial number, the document you are looking for, and a screenshot of any error messages you have received.

STATUS    DOCUMENTS                                      Back to Search         Print

| | |
|---|---|
| **Generated on:** | This page was generated by TSDR on 2025-07-07 01:13:22 EDT |
| **Mark:** | ICONIC MARS |

## ICONIC MARS

| | | | |
|---|---|---|---|
| **US Serial Number:** | 90087809 | **Application Filing Date:** | Aug. 02, 2020 |
| **Filed as TEAS Plus:** | Yes | **Currently TEAS Plus:** | Yes |
| **Register:** | Principal | | |
| **Mark Type:** | Trademark | | |

**TM5 Common Status Descriptor:**

DEAD/APPLICATION/Refused/Dismissed or Invalidated

This trademark application was refused, dismissed, or invalidated by the Office and this application is no longer active.

**Status:** Abandoned because the applicant failed to respond or filed a late response to an Office action. To view all documents in this file, click o the Trademark Document Retrieval link at the top of this page.

**Status Date:** Jun. 13, 2021

**Date Abandoned:** May 30, 2021

## Mark Information

## Goods and Services

## Basis Information (Case Level)

## Current Owner(s) Information

## Attorney/Correspondence Information

## Prosecution History

## TM Staff and Location Information

## Assignment Abstract Of Title Information - Click to Load

## Proceedings - Click to Load

Feedback

# EXHIBIT I

# LIST OF CONTRIBUTIONS INTO ICONIC MARS

| Date | Amount (Personal Contribution) | Description |
|---|---|---|
| December 07, 2021 | $20,000 | Legal fees and litigation settlement |
| December 08, 2021 | $3,000 | Legal fees and litigation settlement |
| December 08, 2021 | $5,000 | Legal fees and operation |
| December 08, 2021 | $9,000 | Legal fees and Product development |
| | | |
| February 01, 2022 | $8,610.75 | In February 2022, I personally injected funds into Iconic Mars to cover inventory purchases made on February 14 and February 18, which total $18,750, as the company did not have sufficient funds to complete the transactions. Sales for that month totaled only $6,350, which was far below what was needed to sustain operations.<br><br>In addition to inventory, Iconic Mars also lacked the funds necessary to cover payroll, advertising (google ads invoice alone was $3,500), and other essential operational expenses. My financial contributions were made to keep the business afloat during a period of significant cash shortfall to prevent shutdown. |
| | | |
| March 28, 2022 | $9,400 | Capital contribution made to cover inventory purchases and operational expenses |
| March 30, 2022 | $7,950 | Capital contribution made to cover inventory purchases and operational expenses |
| | | |
| May 31, 2022 | $6,200 | Legal fees, and operations cost |
| | | |
| June 01, 2022 | $5,000 | Inventory restock |
| June 17, 2022 | $700.00 | Marketing and operational cost |
| June 17, 2022 | $2,853.74 | Marketing and operational cost |
| | | |
| February 15, 2023 | $1,800 | Marketing and operational cost |

**SAppx.217**

| February 16, 2023 | $1,500 | Capital contribution made to cover operational expenses |
|---|---|---|
| February 27, 2023 | $1,800 | Capital contribution made to cover operational expenses |
| | | |
| March 14, 2023 | $1,800 | At this stage, Iconic Mars's sales had dropped by over 90%, primarily due to the ongoing legal dispute and unsellable inventory. In March 2023, our average monthly revenue was just $3,343.54, which was not enough to cover rent, payroll, or essential operational expenses. Google ads invoice alone was $2,494. Warehouse monthly rent was $2,377. To avoid shutting down, I had to make additional capital contributions multiple times to sustain the business. |
| | | |
| July 06, 2023 | $200.00 | Iconic Mars Sales continue to decline to $989.42 in July 2023. The company was unable to cover payroll expense, marketing invoice and warehouse rent which was $2,377. To prevent shutdown, I had to make multiple documented contribution into Iconic Mars. |
| July 17, 2023 | $2,300 | Capital contribution made to cover operational expenses and lease renewal. |
| July 17, 2023 | $2,700 | Capital contribution made to cover operational expenses |
| July 18, 2023 | $2,000 | Capital contribution made to cover operational expenses |
| July 18, 2023 | $350.00 | Capital contribution made to cover operational expenses |
| July 18, 2023 | $1,029 | Capital contribution made to cover operational expenses |
| July 19, 2023 | $5,000 | Capital contribution made to cover operational expenses |
| July 31, 2023 | $2,000 | Capital contribution made to cover operational expenses |
| | | |

**SAppx.218**

| October 20, 2023 | $3,600 | Capital contribution made to cover operational expenses |
| October 23, 2023 | $3,600 | To help cover critical operational expenses such as payroll and rent, I acquired a business loan from my mother and deposited it directly into the company account. |
| October 30, 2023 | $3,500 | To help cover critical operational expenses such as payroll and rent, I acquired a business loan from my mother and deposited it directly into the company account. |
| | | |
| July 08, 2024 | $800.00 | Capital contribution made to cover operational expenses |
| July 08, 2024 | $2500 | Capital contribution made to cover operational expenses |
| July 09, 2024 | $1500 | Capital contribution made to cover operational expenses |
| July 10, 2024 | $2000 | Capital contribution made to cover operational expenses |
| July 17, 2024 | $500.00 | In July 2024, during the final days before closing Iconic Mars' business bank account, I made multiple contributions totaling over $3, 00 to keep the company afloat. These contributions were critical to covering employee payroll, contractor payments, rent, and other operational expenses. The $145 remaining was far less than my total contributions. |



# Statement

**To**

Iconic Mars

LINCOLN ACRES, CA 91950

United States

**Details**

Account ID ........................ ████████████

Payments account ID ............ 3792-5134-5771-1355

Payments profile ID .............. 2██████-4241

Statement issue date ........... Mar 31, 2023

## Google Ads

**Summary for Mar 1, 2023–Mar 31, 2023**

| | |
|---|---:|
| Starting balance | $183.39 |
| Total new activity | $2,494.07 |
| Total fees * | $0.35 |
| Total payments received | -$2,183.39 |
| Ending balance in USD | $494.42 |

*Additional fees (e.g. Regulatory Operating Costs, Digital Services Tax (DST) Fee, etc.) are applicable to your business when ads are displayed in certain countries. Learn more about fees and charges: https://support.google.com/google-ads/answer/9750227

---

**This is not a bill.**

This is a summary of billing activity for the time period stated above.

**SAppx.220**

# Marketing

Mar 1–31, 2023     No comparison     Last non-direct click ˅





**US bank**

ICONIC MARS CORPORATION
███████████-5753

**Business Statement**

Account Number:
████████4340

Statement Period:
Jul 3, 2023
through
Jul 31, 2023

Page 2 of 6



## U.S. BANK SILVER - BUSINESS CHECKING

*Member FDIC*

U.S. Bank National Association

**Account Number** ████████ 4-4340

### Account Summary

| | # Items | | |
|---|---|---|---|
| Beginning Balance on Jul 3 | | $ | 1,492.56 |
| Customer Deposits | 2 | | 7,000.00 |
| Other Deposits | 30 | | 22,493.22 |
| Card Deposits | 2 | | 3,029.30 |
| Card Withdrawals | 22 | | 8,215.15- |
| Other Withdrawals | 34 | | 25,233.13- |
| **Ending Balance on Jul 31, 2023** | | **$** | **566.80** |

Number of Days in Statement Period           31

### Customer Deposits

| Number | Date | Ref Number | Amount | Number | Date | Ref Number | Amount |
|---|---|---|---|---|---|---|---|
| | Jul 18 | 8██694550 | 2,000.00 | | Jul 19 | 8614084192 | 5,000.00 |
| | | | | **Total Customer Deposits** | | **$** | **7,000.00** |

### Other Deposits

| Date | Description of Transaction | | Ref Number | Amount |
|---|---|---|---|---|
| Jul 3 | Electronic Deposit<br>REF=231810127610510N00 | From SHOPPAYINST AFRM<br>9729198000PAYMENTS<br>QNGSN03U1Q3P93J | | $ 121.98 |
| Jul 3 | Electronic Deposit<br>REF=231840040304140N00 | From Iconic Mars Shop<br>1800948598TRANSFER  ST-S8A0P8O8S8Q1 | | 586.52 |
| Jul 5 | Mobile Banking Transfer | From Account ██████83057 | | 200.00 |
| Jul 5 | Electronic Deposit<br>REF=231840105950440N00 | From PAYPAL<br>PAYPALSD11TRANSFER  1027968325657 | | 213.30 |
| Jul 5 | Mobile Banking Transfer | From Account 1████2023 | | 1,000.00 |
| Jul 5 | Mobile Banking Transfer | From Accoun██████2023 | | 3,000.00 |
| Jul 6 | Zelle Instant<br>On 07/06/23 | PMT From OLUSEYI J OLALEYE<br>PMT ID=JPM999ywiph1 | | 200.00 |
| Jul 10 | Electronic Deposit<br>REF=231910082655030N00 | From Iconic Mars Shop<br>1800948598TRANSFER  ST-O6A1Q4Q0Q4D3 | | 395.70 |
| Jul 10 | Electronic Deposit<br>REF=231880115516530N00 | From AMAZON.CQHCNRWOJ<br>3215240102PAYMENTS<br>6VVGY72HN4AS7H7 | | 1,853.62 |
| Jul 11 | Electronic Deposit<br>REF=231910121342380N00 | From AMAZON.CGCFTO04X<br>3215240102PAYMENTS<br>3HMDEELBOGBAV4M | | 34.59 |
| Jul 11 | Electronic Deposit<br>REF=231910155169040N00<br>HSBC BANK USA Toronto | From Amazon.com.ca In<br>2110000247INTL PYMNT785560001UGD<br>ON\ CA M5H 3Y2\ | | 90.50 |
| Jul 11 | Electronic Deposit<br>REF=231910135210110N00 | From PAYPAL<br>PAYPALSD11TRANSFER  1028103617215 | | 179.81 |
| Jul 12 | Electronic Deposit<br>REF=231920054728880N00 | From eBay ComHOUUAAFV<br>1618206000PAYMENTS<br>FNDGC0SGEB90H6C | | 64.74 |
| Jul 13 | Electronic Deposit<br>REF=231930092313300N00 | From SHOPPAYINST AFRM<br>9729198000PAYMENTS<br>EE27MNK4P2C8ASA | | 93.75 |
| Jul 17 | Zelle Instant<br>On 07/15/23 | PMT From OLUSEYI J OLALEYE<br>PMT ID=JPM999zbize9 | | 2,300.00 |
| Jul 17 | Zelle Instant<br>On 07/15/23 | PMT From OLUSEYI J OLALEYE<br>PMT ID=JPM999zbilxe | | 2,700.00 |
| Jul 18 | Electronic Deposit<br>REF=231980160490230N00 | From PAYPAL<br>PAYPALSD11TRANSFER  ████38902361 | | 224.91 |
| Jul 18 | Zelle Instant<br>On 07/18/23 | PMT From OLUSEYI J OLALEYE<br>PMT ID=JPM999zgdeyd | | 350.00 |

**SAppx.222**

# ⊕ Marketing





# REXFORD INDUSTRIAL REALTY
# **STANDARD INDUSTRIAL**
# **MULTI-TENANT LEASE – MODIFIED GROSS**

This Lease (**"Lease"), dated August 11, 2023,** is made by and between RIF V - Arrow Business Center, LLC, a California limited liability company (**"Landlord"**), and the Tenant named below (collectively the **"Parties,"** or individually a **"Party"**).

1.          **BASIC LEASE PROVISIONS**

| | | |
|---|---|---|
| A. | **Tenant:** | Iconic Mars Corporation, a California corporation, and James Olaleye, an Individual, jointly and severally |
| B. | **Premises:** | An approximately 1,120 rentable square foot portion of the building located at the street address of 5220 4th Street, Unit 118, located in the City of Irwindale, County of Los Angeles, State of California, with zip code 91706, as shown on Exhibit "A" attached hereto (**"Premises"**). In addition to Tenant's rights to use and occupy the Premises as hereinafter specified, Tenant shall have non-exclusive rights to any Common Areas (as defined in Section 3.A. below) of the building containing the Premises (**"Building"**) but shall not have any rights to the roof, or exterior walls of the Building or to any other buildings in the Project.  The Premises, the Building, the Common Areas, the land upon which they are located, along with all other buildings and improvements thereon, are here in collectively referred to as the **"Project."** |
| C. | **Parking Spaces:** | Two (2) unreserved vehicle parking spaces. |
| D. | **Commencement Date:** | September 1, 2023 |
| E. | **Lease Term:** | Twenty-Four (24) full calendar months following the Commencement Date and ending on August 31, 2025 (**"Expiration Date"**). |
| F. | **Security Deposit:** | $4,516.30 |
| G. | **Base Rent:** | |

| From | To | Base Rent |
|---|---|---|
| September 01, 2023 | August 31, 2024 | $1,960.00 |
| September 01, 2024 | August 31, 2025 | $2,058.00 |

| | | |
|---|---|---|
| H. | **Tenant's Share**: | 1.61% of the Project |
| I. | **Current estimate of Tenant's Share of estimated monthly Operating Expenses** (excluding current Base Real Property Taxes and the Base Premium for the Base Year) (estimate only and subject to adjustment based on actual costs and expenses according to the provisions of this Lease) | $200.15 |
| J. | **Base Year** | 2023 |
| K. | **Base Rent and other Monies Due Upon Execution by Cashier's Check:** | |

| | |
|---|---|
| Base Rent (09/01/2023 - 09/30/2023) | $1,960.00 |
| Security Deposit | $4,516.30 |
| Estimated Operating Expenses (09/01/2023 - 09/30/2023) | $200.15 |
| Total Amount Due on Lease Execution | $6,676.45 |

| | | |
|---|---|---|
| L. | **Early Possession Date (if applicable):** | Upon mutual Lease execution and subject to the terms of Section 2.E. |
| M. | **Permitted Use:** | Office and warehouse for storage and online sales of musical equipment. |
| N. | **Broker(s):** | Ashwill Associates representing Landlord (**"Landlord's Broker"**). Ashwill Associates representing Tenant (**"Tenant's Broker"**). |
| O. | **Guarantor:** | None. |

INITIALS

**SAppx.224**



ICONIC MARS CORPORATION
1941 F AVE APT 3
NATIONAL CITY CA  91950-5753

**Business Statement**

Account Number:
█████4340

Statement Period:
Jul 1, 2024
through
Jul 31, 2024

Page 2 of 5

## INFORMATION YOU SHOULD KNOW                                    (CONTINUED)

If you have any questions, you can call us at 800-673-3555. Our business bankers are here to help 8 a.m. to 8 p.m. CT Monday through Friday and 8 a.m. to 6:30 p.m. CT on Saturday. We accept relay calls. Our bankers are also available to help at your local branch via appointment.

## U.S. BANK SILVER - BUSINESS CHECKING                            *Member FDIC*

### ACCOUNT CLOSED

U.S. Bank National Association                                   **Account Number** ██████4340

**Account Summary**

|  | # Items |  |  |  |  |
|---|---|---|---|---|---|
| Beginning Balance on Jul 1 |  | $ | 1,087.31 | Number of Days in Statement Period | 18 |
| Other Deposits | 14 |  | 8,746.52 |  |  |
| Card Withdrawals | 21 |  | 3,433.70- |  |  |
| Other Withdrawals | 12 |  | 6,400.13- |  |  |
| **Ending Balance on  Jul 31, 2024** |  | **$** | **0.00** |  |  |

### Other Deposits

| Date |  | Description of Transaction |  | Ref Number |  | Amount |
|---|---|---|---|---|---|---|
| Jul | 1 | Debit Purchase Ret - VISA<br>AMAZON MKTPLACE<br>************4896 | On 062924 Amzn.com/bil WA<br>REF # 74█████4182102131243 US1 | 2102131243 | $ | 15.33 |
| Jul | 1 | Debit Purchase Ret - VISA<br>AMAZON MKTPLACE<br>************4896 | On 062924 Amzn.com/bil WA<br>REF # 74████64182102169461 US1 | 2102169461 |  | 19.18 |
| Jul | 1 | Mobile Banking Transfer | From Account █████3057 |  |  | 400.00 |
| Jul | 3 | Electronic Deposit<br>REF=241840056726070N00 | From eBay ComRWY7FGLC<br>1618206000PAYMENTS<br>KMYWJJSRTICXL6L |  |  | 133.43 |
| Jul | 8 | Mobile Banking Transfer | From Account █████2660 |  |  | 150.00 |
| Jul | 8 | Mobile Banking Transfer | From Account 2████████2660 |  |  | 200.00 |
| Jul | 8 | Zelle Instant<br>On 07/06/24 | PMT From OLUSEYI J OLALEYE<br>PMT ID=JPM99ajx13wm |  |  | 800.00 |
| Jul | 8 | Mobile Banking Transfer | From Account 2███████2660 |  |  | 2,500.00 |
| Jul | 9 | Mobile Banking Transfer | From Account 2█████2660 |  |  | 1,500.00 |
| Jul | 10 | Electronic Deposit<br>REF=241910077663070N00 | From eBay ComIVRTIW0F<br>1618206000PAYMENTS<br>VXKLKWDRPSWJY6F |  |  | 82.79 |
| Jul | 10 | Zelle Instant<br>On 07/10/24 | PMT From OLUSEYI J OLALEYE<br>PMT ID=JPM99ak2l0sy |  |  | 2,000.00 |
| Jul | 12 | Debit Purchase Ret - VISA<br>AMZN Mktp US<br>************4896 | On 071124 Amzn.com/bil WA<br>REF # 74692164193101917398 US1 | 3101917398 |  | 418.94 |
| Jul | 15 | Debit Purchase Ret - VISA<br>AMAZON MKTPLACE<br>************4896 | On 071224 Amzn.com/bil WA<br>REF # 74692164194102835725 US1 | 4102835725 |  | 26.85 |
| Jul | 17 | Mobile Banking Transfer | From Account █████3057 |  |  | 500.00 |
|  |  |  | **Total Other Deposits** |  | **$** | **8,746.52** |

### Card Withdrawals

Card Number: xxxx-xxxx-xxxx-4896

| Date |  | Description of Transaction |  | Ref Number |  | Amount |
|---|---|---|---|---|---|---|
| Jul | 1 | Recurring Debit Purchase<br>THE TOLL ROADS O<br>************4896 | On 062924 949-727-4800 CA<br>REF # 24692164181101917979 US1 | 1101917979 | $ | 0.30- |
| Jul | 1 | Debit Purchase - VISA<br>Amazon.com*RC6YJ<br>************4896 | On 062924 Amzn.com/bil WA<br>REF # 24692164183102958196388 | 3102958196 |  | 132.29- |

## US bank.

ICONIC MARS CORPORATION

91950-5753

**Business Statement**
Account Number:
■■■■■ 4340
Statement Period:
Jul 1, 2024
through
Jul 31, 2024

Page 4 of 5

**U.S. BANK SILVER - BUSINESS CHECKING** **(CONTINUED)**
**ACCOUNT CLOSED**

U.S. Bank National Association
**Card Withdrawals (continued)**

Account Number 1-575-2554-4340

Card Number: xxxx-xxxx-xxxx-4896

| Date | Description of Transaction | | Ref Number | Amount |
|---|---|---|---|---|
| Jul 16 | Debit Purchase - VISA<br>SIAM CASA THAI C<br>************4896 | On 071524 BALDWIN PARK CA<br>REF # 24055234198030221364589 | 8030221364 | 55.49- |
| Jul 17 | Recurring Debit Purchase<br>TMOBILE*AUTO PAY<br>************4896 | On 071624 800-937-8997 WA<br>REF # 24692164198102889633 US1 | 8102889633 | 127.09- |
| | | **Card 4896 Withdrawals Subtotal** | **$** | **3,433.70-** |
| | | **Total Card Withdrawals** | **$** | **3,433.70-** |

**Other Withdrawals**

| Date | Description of Transaction | | Ref Number | Amount |
|---|---|---|---|---|
| Jul 8 | Electronic Withdrawal<br>REF=241900099283950N00 | To Yardi Service Ch<br>9000278329SIGONFILE 4NX4PG | | $ 0.95- |
| Jul 8 | Electronic Withdrawal<br>REF=241870098056200N00 | To ADP PAYROLL FEES<br>9659605001ADP FEES 926233676022 | | 95.08- |
| Jul 8 | Electronic Withdrawal<br>REF=241900099408720N00 | To Rexford Industri<br>9000298053SIGONFILE DLZ4PG | | 2,206.54- |
| Jul 9 | Electronic Withdrawal<br>REF=241900142336910N00 | To SO CAL EDISON CO<br>0088778600DIRECTPAY 700855585918 | | 70.54- |
| Jul 11 | Electronic Withdrawal<br>REF=241920109680900N00 | To ADP PAY-BY-PAY<br>9555555505PAY-BY-PAY944931441366AGG | | 18.95- |
| Jul 11 | Electronic Withdrawal<br>REF=241920108568130N00 | To ADP - TAX<br>9333006057ADP - TAX 564068116132A03 | | 151.12- |
| Jul 11 | Electronic Withdrawal<br>REF=241920108565520N00 | To ADP WAGE PAY<br>9333006057WAGE PAY 944931441365AGG | | 1,802.71- |
| Jul 15 | Analysis Service Charge | | 1500000000 | 89.00- |
| Jul 17 | Mobile Banking Transfer | To ■■■■■■■3057 | | 1,465.24- |
| Jul 18 | Electronic Withdrawal<br>REF=241990093558450N00 | To VENMO<br>3264681992PAYMENT 1035718082000 | | 355.00- |
| Jul 19 | Account Closed | | | 0.00- |
| Jul 19 | Mobile Banking Transfer | To Account ■■■■■783057 | | 145.00- |
| | | **Total Other Withdrawals** | **$** | **6,400.13-** |

**Balance Summary**

| Date | Ending Balance | Date | Ending Balance | Date | Ending Balance |
|---|---|---|---|---|---|
| Jul 1 | 98.16 | Jul 10 | 3,413.42 | Jul 16 | 1,592.33 |
| Jul 2 | 41.28 | Jul 11 | 1,434.65 | Jul 17 | 500.00 |
| Jul 3 | 172.11 | Jul 12 | 1,719.82 | Jul 18 | 145.00 |
| Jul 8 | 625.99 | Jul 15 | 1,647.82 | Jul 19 | 0.00 |
| Jul 9 | 1,609.52 | | | | |

Balances only appear for days reflecting change.

## ANALYSIS SERVICE CHARGE DETAIL

Account Analysis Activity for: June 2024

| | | | |
|---|---|---|---|
| Account Number: | 1-575-2554-4340 | $ | 89.00 |
| Analysis Service Charge assessed to | 1-575-2554-4340 | $ | 89.00 |

[1] Financial institutions are required by the State of Iowa to charge sales taxes on certain service charges related to checking accounts. Any assessed tax has been itemized on your statement.

SAppx.227

# EXHIBIT J

**Tutt Bookkeeping**
7968 Arjons Dr. Ste 105
San Diego, CA 92126
858-688-6167
seantutt@tuttbookkeeping.com

**DECLARATION OF SEAN TUTT IN SUPPORT OF RULE 60 MOTION**

Case No. 3:22-cv-00092-CAB-DEB

I, Sean Tutt, declare:

**1. Professional Background**
I am a professional bookkeeper with an accounting degree and have worked in the field of accounting for over 16 years. I have been engaged by Mr. Oluseyi James Olaleye to review and analyze the financial records of three companies he is associated with: Iconic Mars Corporation, Tido Investment and Audio Icon Inc. The statements below are based on my personal knowledge and professional review of the relevant financial documents. If called as a witness, I could and would testify competently thereto.

**2. Engagement with Iconic Mars and Audio Icon**
I was retained to review, consult, and prepare financial documentation for Iconic Mars Corporation, Tido Investment and, later, for Audio Icon Inc. These are three distinct business entities with no financial or operational overlap based on my professional review.

**3. Business Separation and Funding**
Based on my examination of business bank statements, credit card transactions, and financial records:

- There were no asset or fund transfers from Iconic Mars, or Tido Investment to Audio Icon.
- Audio Icon was funded entirely separately from Iconic Mars, including the use of newly obtained credit established under the Audio Icon business name.
- Iconic Mars was dissolved due to financial hardship and had no remaining assets transferred to Audio Icon.

**4. Personal Contributions by Mr. Olaleye**
I also reviewed records showing that Mr. Olaleye made personal financial contributions to Iconic Mars during its final months to support payroll and cover outstanding obligations, including:

- $1,900 on May 1, 2024
- $2,000 on May 2, 2024
- $300 on May 8, 2024
- $5,000 on May 21, 2024
- $15,000 on June 4, 2024
- $1,500 on June 26, 2024
- $800 on July 8, 2024
- $1,500 on July 09, 2024
- $2,000 on July 10, 2024

**SAppx.228**



**Tutt Bookkeeping**
7968 Arjons Dr. Ste 105
San Diego, CA 92126
858-688-6167
seantutt@tuttbookkeeping.com

## 5. Conclusion

Based on all available financial documents and my professional analysis:

- There was no commingling of funds between Iconic Mars, Tido Investment and Audio Icon.
- Mr. Olaleye made substantial personal financial contributions in an attempt to sustain Iconic Mars.
- Audio Icon launched as a distinct and independently funded business venture.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on 6/24/2025 at San Diego, California:

Sean Tutt
Tutt Bookkeeping, Inc.
7968 Arjons Dr. Ste 105
San Diego, CA 92126
858-688-6167
seantutt@tuttbookkeeping.com

**SAppx.229**

SAppx.230

# EXHIBIT K

 Gmail

James <jazzeyjames@gmail.com>

## Letter to Konrad.

1 message

**James** <jazzeyjames@gmail.com>                                    Fri, Dec 20, 2024 at 10:34 AM
To: Stephen Lobbin <sml@smlavvocati.com>

Hi Stephen,

I will prepare this email as a letter and send it out to Konrad. Let me know if this letter is okay by you...

Dear Konrad,

I am reaching out with the sincere intention of finding a mutually beneficial resolution to our ongoing legal dispute. I believe continuing down this path will only lead to prolonged financial strain, uncertainty, and mounting legal fees for both parties.

Given the complexities of the case and the unpredictable nature of litigation outcomes, I believe it is in both our interests to explore a fair settlement that allows us to focus on building our respective businesses rather than continuing this costly dispute.

While I understand the nature of legal proceedings, I want to be transparent about my perspective. A prolonged fight will only escalate expenses, and even in the event of a judgment, collection could be uncertain and highly challenging. Rather than pursuing an outcome that may not benefit either party, I propose resolving this matter with a structured settlement and exploring potential collaborative opportunities that could generate revenue for both sides.

Specifically, I am prepared to offer a structured settlement totaling $100,000, payable over a reasonable timeframe. In addition, I am open to discussing a licensing arrangement related to the Comet V1 portable isolation booth, potentially generating shared revenue through product sales. This approach could transform a contentious situation into a productive partnership.

I am committed to working toward a resolution grounded in mutual respect, business pragmatism, and future growth. Let's focus our resources on building rather than fighting.

Please let me know a convenient time to discuss this further. This offer is made without prejudice and solely for settlement purposes. I remain hopeful that we can reach an agreement that works for both parties.

Thank you very much for your consideration.

Sincerely,
James Olaleye

SAppx.231

# EVIDENCE OF ICONIC MARS PRODUCT DISCONTINUATION AND DISPOSAL INCLUDING INOVICE

INVOICE

INV0087



# Carlos Garcia

513 Dunsview Ave. La Puente CA 91744

3234404031

leonardoozuna08@icloud.com

DATE

01/28/2025

DUE DATE

01/28/2025

PAYMENT DUE

USD $300.00

BILL TO

## Iconicmars

5220 4th st Irwindale CA

☐  +16198068107

| DESCRIPTION | RATE | QTY | AMOUNT |
| --- | --- | --- | --- |
| Trash dump | $700.00 | 1 | $700.00 |
| | | TOTAL | $700.00 |

**SAppx.233**

| | |
|---|---|
| Payment | -$400.00 |
| Bank Transfer | 01/28/2025 |

| | |
|---|---|
| **PAYMENT DUE** | **USD $300.00** |

**UPCOMING PAYMENTS**

| | |
|---|---|
| **Payment** | $400.00 |
| Due 01/28/2025 | |

| | |
|---|---|
| **BALANCE REMAINING** | **$300.00** |







**August 2024  Statement**

Open Date: 07/24/2024 Closing Date: 08/23/2024

**U.S. Bank Business Triple Cash Rewards Card**

ICONIC MARS CORP.

OLUSEYI OLALEYE (CPN 002244601)

| | |
|---|---|
| **New Balance** | **$28,694.97** |
| **Minimum Payment Due** | **$727.00** |
| **Payment Due Date** | **09/22/2024** |

**Cash Rewards**

| | |
|---|---|
| Earned This Statement | $41.44 |
| Rewards Center Balance | $491.53 |
| as of 08/22/2024 | |
| For details, see your rewards summary. | |

Page 1 of 4

Account: ███████ 1621

**Cardmember Service**    1-866-485-4545

BUS  30  USB           78            15

| Activity Summary | | |
|---|---|---|
| Previous Balance | + | $23,989.94 |
| Payments | - | $585.00CR |
| Other Credits | | $0.00 |
| Purchases | + | $4,143.79 |
| Balance Transfers | | $0.00 |
| Advances | | $0.00 |
| Other Debits | + | $646.00 |
| Fees Charged | + | $56.00 |
| Interest Charged | + | $444.24 |
| **New Balance** | **=** | **$28,694.97** |
| **Past Due** | | **$0.00** |
| **Minimum Payment Due** | | **$727.00** |
| Credit Line | | $30,000.00 |
| Available Credit | | $1,305.03 |
| Days in Billing Period | | 31 |

**Payment Options:**

 Mail payment coupon with a check

 Pay online at usbank.com

 Pay by phone 1-866-485-4545

 Pay at your local U.S. Bank branch

Make a payment online OR Please print out and send this portion of statement with payment to the address listed  *CPN 002244601*



0047985317566216210000█████████694978

| | |
|---|---|
| **Account Number** | ████████ 1621 |
| **Payment Due Date** | 9/22/2024 |
| **New Balance** | $28,694.97 |
| **Minimum Payment Due** | $727.00 |

24-Hour Cardmember Service: 1-866-485-4545

. to pay by phone

. to change your address

000016996 01  SP      000638784385648 E

ICONIC MARS CORP.

OLUSEYI OLALEYE

██████████ CA 91950-5753

**Amount Enclosed**    $_____

**U.S. Bank**

P.O. Box 790408

St. Louis, MO  63179-0408

# EXHIBIT L



# ⌖ Marketing

Year to date    No comparison

⸾⸿⸾ Last non-direct click ⌄

### Online store sessions

**1,419**

↗ 50%

### Online store conversion rate

—

### Average order value

**$109.90**

### Total sales

—

### Sales attributed to marketing

—

### Orders attributed to marketing

—

### Top marketing channels                                    View report

ⓘ Cost, click, and impression metrics are now available for supported marketing apps. Learn more    ✕

**SAppx.240**



# EXHIBIT M







**CERTIFICATE OF SERVICE**

I certify that on August 21, 2025, I served this Notice of Motion and Motion to Set Aside Judgment (Rule 60), on the following and supporting documents registered attorneys of record via email electronic notification:

- Stephen M. Lobbin, SML Avvocati P.C., 888 Prospect Street, Suite 200, La Jolla, CA 92037, sml@smlavvocati.com
- X. Diego Wu Min, Kilpatrick Townsend & Stockton LLP, 12255 El Camino Real, Suite 250, San Diego, CA 92130, dwu@ktslaw.com
- Dario A. Machleidt, Kilpatrick Townsend & Stockton LLP, 1420 Fifth Avenue, Seattle, WA 98101, dmachleidt@ktslaw.com
- Kathleen R. Geyer, Kilpatrick Townsend & Stockton LLP, 1420 Fifth Avenue, Seattle, WA 98101, kgeyer@ktslaw.com
- Kristin M. Adams, Kilpatrick Townsend & Stockton LLP, 1100 Peachtree Street NE, Suite 2800, Atlanta, GA 30309, kmadams@ktslaw.com


/s/ Oluseyi James Olaleye
 Oluseyi James Olaleye 15709
Arrow Hwy, #5 Irwindale, CA
91706 1 (619) 519-3670


**SAppx.246**